C

Feb. 28, 2007



FILED

MAR - 5 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: Andre Anderson, Deputy

Hon. Presiding Judge
Superior Court
State of California
County of Marin
3501 Civic Center Drive
San Rafael, CA
94903

                Re Darryl Lee Goldstein
                    on Habeas Corpus
                    # SC 151759 A

Dear Presiding Judge

Petitioner wishes the Court take
notice of the attached information.

Petitioner was unable to
get copies made, in time, to
include with his Feb 21, 2007
Motion.

The information in the Dennen-
burg article provides the
Court, perhaps with a much

Page Two
Goldstein on Habeas Corpus
Dated 2-28-07.

better understanding of:

    1. The state of Health Care
      in the California Prison
      System

    2. The difficulties even the
      Federal Receiver has
      encounter

Respectfully Submitted

By d. Lee Goldstein
    Darryl Lee Goldstein

Exhibit C

# PRISON
# Legal News

VOL. 18 No. 2

ISSN 1075-7678

*Dedicated to Protecting Human Rights*

February 2007

## alifornia DOC Medical Receiver's Initial On-he-Job Impression: "Conditions Disgraceful"

### by John E. Dannenberg

In his first bi-monthly accounting to his boss (U.S. District Judge Thel-E. Henderson), California's Prison h-care Receiver ("CPR") Bob Sillen luded that the California Depart-of Corrections and Rehabilitation's R) health-care situation was even e than earlier reports indicated and therefore "the remedies [needed] be more dramatic, far-reaching ifficult to achieve than previously oned." The hard-hitting July 2006 ge report is based upon Sillen's nal on-site visits and meetings with rties' attorneys and dozens of state yees, including Governor Schwar-er (whose earlier flip comment of ding federal CDCR takeover, "Let ake it. It's no sweat off my back," erberates in the media). Sillen also th state agency heads, CDCR ex-s, guards, health-care clinicians at sons, prisoner/patients, and union

officials of all major bargaining units involved with CDCR. Additionally, Sillen dug into budget proposals, internal affairs investigations, policies and reports of the court's experts. He has set up offices at 1731 Technology Dr., Suite 700, San Jose, CA 95110 and hired a dozen key staff.

Addressing the "state of the State of California," he described CDCR medical services as "broken beyond repair." ... "Almost every necessary element of a working medical care system either does not exist, or functions in a state of abject disrepair...." He lamented that not only did prisoner/patients often not get care, but when they did, it was not adequate to meet Eighth Amendment standards. While Sillen reported that at his pilot program, San Quentin State Prison (SQ), he had commenced raising the level of medical care [Sillen announced his 17-point 90-day SQ emergency repair plan in June 2006], he reflected on larger systemic hurdles that

urement and distribution was wasting timated $80 million per year.

Funding for the Office of the Receiver o come from the California Legisla-in the form of a $250 million initial et. But the Legislature trimmed this 00 million, which will inexorably Sillen to ask the Court for author-, in effect, raid the state treasury for 's needed funds.

Among initial successes, Sillen listed on-to-be-announced compensation ule for gaining the high level of medical staff needed to carry out the Court's orders. Second, the CPR got CDCR to pay its past due bills to embittered private medical contractors, amounting to over $57 million and up to four years in arrears. Third, the CPR instituted development of health-care oriented policies to govern contract management.

The pharmacy fiasco was a case in point. The report closed with the status and expectations of the SQ 90-day pilot project. See: *Plata v. Schwarzenegger*, U.S.D.C. (N.D. Cal.), Case No. C01-1351-TEH, Receiver's First Bi-Monthly Report (July 5, 2006).

Other source: *Los Angeles Times*.

Prison Legal News

oking at replacing the whole prison stem with a streamlined receivership in der to obtain constitutional medical care. len noted the impossibility of dealing th the California's gridlocked bureau-cy, whose agencies appeared dedicated the perpetuation of the status quo by rally preventing proper management m ever taking place. This he observed budgeting, contracting, labor admin-ation, and even the state Legislature. mates are not the only prisoners in the CR," Sillen reflected, reporting that he nd many staff employees desperate to a good job but stopped by a "culture t dictates inappropriate rewards and ishments. ... Given the realities of the

medical care system is entirely consistent with sound fiscal management." A prime example of waste he found was $2 million worth of gastroenterology (G.I.) imaging equipment delivered to San Quentin four years ago, idly stored because the space designated for its use could not support its weight. The ancillary fluoroscopy unit needed to make the imaging system complete was never even ordered. Another example was that after three years of trying to contract for in-prison dialysis services at Corcoran State Prison's hospital, CDCR still had no contract and was instead expensively transporting each patient to an outside facility, using two guards per prisoner. And the lack of centralized pharmacy

Verification

I, Darryl Lee Goldstein, declare as follows:

I am the petitioner in this action. I have read the foregoing letter/brief, and I declare that the facts stated are true of my own knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed on Feb 28, 2007, at San Quentin, Ca.

D. Lee Goldstein
Declarant

FILED

MAR 0 5 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By MD Murphy, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN RE THE APPLICATION OF DARRYL
GOLDSTEIN, P79097

                Petitioner

FOR A WRIT OF *HABEAS CORPUS*

Case No.: SC 151759A

REQUEST FOR INFORMAL RESPONSE TO
PETITIONER'S APPLICATION FOR A
WRIT OF HABEAS CORPUS

The court has received and read Mr. Goldstein's petition filed January 26, 2007, his five page Addendum communication filed February 23, 2007, with its exhibit A including a February 15, 2007 memorandum from respondents informing petitioner that three of his CDCR 602 appeals had been misplaced.

Petitioner contends that he had not received adequate health care for his podiatry problems and that medical staff refused to answer his administrative appeals requesting health care.

Mr. Goldstein attached a declaration to his petition wherein he contends his medical records provided to respondents at the time he arrived in San Quentin show that he received medical treatment for his foot problems from 2003 up until June 28, 2006 (the date he arrived).

1  His statement reflects that he was seen by medical staff two times in

2  July, 2006, in August, 2006 by respondents' foot doctor.   An

3  accommodation request dated September 26, 2006, reflects that he was

4  unable to walk on right foot and that he needs soft shoe chrono.   He

5  states that his feet are swollen; he is unable to wear shoes; he is

6  diabetic.   A number of records regarding his mobility impairment and

7  need for special shoes are attached to his petition.   He states that

8  his request for treatment and shoes is ignored by respondents.

9        Without further information, based on the totality of the

10  circumstances it appears to this court that petitioner has made a

11  prima facie showing that he is entitled to relief in habeas corpus.

12  As authorized by 15 CCR section 4.551(b)(1), the court requests the

13  Respondents to furnish this court with an informal response to

14  Petitioner's application within fifteen days of the date of the

15  service of this Order.   Petitioner will have 15 days thereafter to

16  reply.

17  Date:   March 5, 2007

Faye D'Opal, Judge

STATE OF CALIFORNIA )
COUNTY OF MARIN        )

IN RE: **DARRYL GOLDSTEIN**

ACTION NO.: SC151759A

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903. ON **March 6, 2007** I SERVED THE WITHIN
***REQUEST FOR INFORMAL RESPONSE TO PETITIONER'S APPLICATION FOR
A WRIT OF HABEAS CORPUS*** IN SAID ACTION TO ALL INTERESTED
PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED
ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED
STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED AS
FOLLOWS:

| | |
|---|---|
| *DARRYL GOLDSTEIN*<br>*CDC# P-79097*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* | *WARDEN*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* |
| *ATTORNEY GENERAL*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102* | |
| *Fax + Mail* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:  3/6/07  _____



**EDMUND G. BROWN JR.**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102-7004

Public: (415) 703-5500
Telephone: (415) 703-5741
Facsimile: (415) 703-5843
E-Mail: Amanda.Murray@doj.ca.gov

March 23, 2007

The Honorable Faye D'Opal
Marin County Superior Court
Hall of Justice
P.O. Box 4988
San Rafael, CA 94913-4988

RE:    INFORMAL RESPONSE
       In re Darryl Goldstein, Case No. SC151759A

Dear Judge D'Opal:

Pursuant to California Rules of Court, Rule 4.551(b) and the Court's March 5, 2007 Order, respondent provides this informal response to the petition for writ of habeas corpus filed by state inmate Darryl Goldstein. Goldstein complains that he has not been provided adequate medical care for a chronic foot problem and that prison officials have refused to answer his administrative appeals. (Petn. at Mem. of Points & Authorities, p. 5.)

**Factual and Procedural Background.**

From 2003 to present, Goldstein has received treatment in prison for a chronic foot condition. (Declaration of Darryl Lee Goldstein in support of Habeas Corpus Petition, p. 2, ¶4.) When he arrived at San Quentin in June 2006, he received two medical consultations for his foot. (Petn. at Mem. of Points & Authorities, p. 6.)

Dissatisfied with his treatment, Goldstein filed a request on September 25, 2006 for reasonable accommodations or modifications. (Ex. A, Reasonable Modification or Accommodation Request CDC 1824, dated 9/25/06.) In his request, he claimed he has an ingrown corn condition on his right foot requiring periodic removal and making it difficult to walk for longer than 3 to 5 minutes. (Ex. A.) He requested a consultation with an orthopedic surgeon and soft shoes because he was unable to wear the state issued boots. (Ex. A.)

On October 31, 2006, Goldstein's request was partially granted and he was scheduled to visit with podiatrist Dr. Griffith. Goldstein's primary care physician was instructed to follow Dr. Griffith's recommendations. (Ex. A.) He was also informed that San Quentin only issues soft shoes, making his request moot. (*Ibid.*) Goldstein received a copy of the document outlining the

The Honorable Faye D'Opal
March 23, 2007
Page 2

disposition of his appeal on November 2, 2006. (*Ibid.*)

Unhappy, Goldstein appealed to the second level of review on November 16, 2006. (Ex. B, Inmate/Parolee Appeal Form, CDC 602, dated 11/16/06.) On January 8, 2007, K. Saylor, M.D., Health Care Manager of San Quentin, partially granted the appeal, stating that Goldstein saw Dr. Griffith on November 29, 2006 and, thus, his request to see a foot doctor had been granted. (Ex. C, Second Level Appeal Response, dated 1/8/07.) Dr. Saylor denied Goldstein's request to see an orthopedic surgeon, indicating a podiatrist was more appropriate for the requested medical consultation. (*Ibid.*) Further, noting his appeal at the first level, Goldstein was advised that his request for soft shoes continued to be denied because San Quentin routinely issued soft shoes. (*Ibid.*) Goldstein received a copy of the Second Level Appeal Response on January 17, 2007 and was advised that he could appeal to the Director's Level of Review if he continued to be dissatisfied. (*Ibid.*)

However, instead of pursuing his appeal to the Director's level, Goldstein filed this petition on January 26, 2007. (Petn. at p.1.)

1.    **Goldstein failed to exhaust his administrative remedies.**

This Court lacks jurisdiction to resolve Goldstein's petition because he did not meet his burden of proving that he exhausted his administrative remedies. Exhaustion of administrative remedies is a "fundamental rule of procedure . . . binding upon all courts." (*Abelleira v. District Court of Appeal* (1941) 17 Cal. 2d 280, 293.) When a statute provides an administrative remedy, relief must be sought with the administrative body. (*Ibid.* at 292.) Moreover, the court does not have jurisdiction to act on the petition unless the petitioner has exhausted his administrative remedies. (*Ibid.* at p. 293.) It is the petitioner's obligation to establish that he exhausted his administrative remedies. (*People v. Tanner* (1979) 95 Cal. App. 3d 948, 960.) Adherence to the exhaustion principle ensures deference to the expertise and discretion of administrative agencies and prevents unnecessary judicial intervention. (*In re Muszalski* (1975) 52 Cal. App. 3d 500, 505-506, quoting *McKart v. United States* (1969) 395 U.S. 185, 193 - 195.)

Inmates have the opportunity to appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." (Cal. Code Regs., tit. 15, § 3084.1, subd. (a).) This includes any denial of requests for reasonable modifications or accommodations. (*Id.* at § 3085.)

An initial request for reasonable modifications or accommodations constitutes the first level of review but, if the inmate is dissatisfied, he may appeal to the second and third levels of review. (Pen. Code, § 3085, subds. (a), (b) & (c); Cal. Code Regs., tit. 15, § 3084.5, subd. (d).)[1]

---

1. Each request for reasonable modifications or accommodations is screened pursuant to California Code of Regulations, title 15, section 3084.3. If it meets the initial screening criteria, the request is reviewed at the first level. (Cal. Code Regs., tit. 15, § 3085 (a).)

The Honorable Faye D'Opal
March 23, 2007
Page 3

An administrative appeal is exhausted when the Director decides the appeal at the third formal, and final, level of review. (*Id.*, § 3084.5, subds. (e)(2).)

Here, by not appealing to the Director's Level of Review, Goldstein failed to exhaust his administrative remedies and is not entitled to relief by this Court. Therefore, this petition should be denied and this matter should be dismissed.

2.    **Goldstein's petition is without merit – his appeal is largely moot and differences in opinion regarding his medical treatment are insufficient to state a claim.**

Goldstein's petition also fails on the merits. First, Goldstein's appeal is largely moot. Goldstein received his consultation with Dr. Griffith and San Quentin only issues soft shoes -- thus, there is nothing more for the court to decide on these issues. (*In re Hutchinson* (1972) 23 Cal. App. 3d 337, 338 - 339.)

The only remaining issue is whether Goldstein is entitled to consult with an orthopedic surgeon. However, since differences in medical opinion are insufficient to show deliberate indifference to an inmate's medical needs, Goldstein's opinion that he requires a consultation with an orthopedic surgeon also fails to state a claim. (*Sanchez v. Vild* (9th Cir. 1989) 891 F.2d 240, 242.)

**Conclusion.**

Goldstein failed to exhaust his administrative remedies and is not entitled to relief by this Court. Moreover, Goldstein's petition is without merit – his appeal is largely moot and any differences in opinion regarding his medical treatment are insufficient to establish deliberate indifference to his medical needs. Thus, this petition should be denied and this matter dismissed.

Sincerely,

AMANDA MURRAY
Deputy Attorney General
State Bar No. 223829

For    EDMUND G. BROWN JR.
Attorney General

20080501.wpd

March 28, 2007





The Honorable Faye D'Opal
Superior Court Judge
Superior Court Sate ofCalifornia
County ofMarin
P.O. Box 4988
San Rafael, Ca
94903


RE Petitioners Replt o  Respondents
   Informal Response to Request for Writ of
   Habeas Corpus

   Case No SC 171759 A


Dear Judge D'Opal:

Pursuant to this Courts March 5, 2007 Order, petitioner replys to
respondents informal reply  Response  to the request for petition
for writ of habeas corpus.

1. Petitioners re-asserts his argument that he has been denied
adequate medical care for his chronic foot problem andthatSan Quenton
medical staff did not answer his ADA Appeal in a timely fashion (see
footnote 1 below)

Clearly in view of the attached documents from the Chief of Inmate
Appeals for the California department of Corrections and Rehabili
tation , respondent has missinformed this court.

Petitioner has exhausted all of his administrative remedies in this
case.

Respondents entire argument is based on the fact that petitioner did
not exhaust.

_____

Fn 1 The Ada appeal was due on December 8, 2006, petitioner
received a reply on or about January 27, 2Q07 the reply was dated
January 8, 2007. The reply had been logged into ther appeals office
on January 17, 2007 and indicated that it was returned t the
petitioner on January 18, 2007  See Declaration ofDarryl Lee
Goldstein attached and served herewith.

Page two
IN RE GOLDSTIN ON HABEAS CORPUS    CASE NO: SC 171759 A
March 28, 2007

CONCLUSION

Petitioner has exhausted in this case and this court should
either issue and order to show cause and appoint counsel or grant the
petitioners requestfor habeas corpus.

Respectfully submitted

By _D. Lee Goldstein_
DARRYL LEE GOLDSTEIN
     Petitioner Pro Per

Darryl Lee Goldstein
P-79097 l North 1 Lower
C.S.P. SAN QUENTIN
San Quentin, Ca
93964

Petitioner Pro Per


SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF MARIN


DARRYL LEE GOLDSTEIN                    CASE No SC 171759 A
                                        DECLARATION OF
                                        DARRYL LEE GOLDSTEIN
ON HABEAS CORPUS                        IN SUPPORT OF
                                        PETITIONERS REPLY TO
                                        THE RESPONDENTS
                                        INFORMAL RESPONSE TO
_____           REQUEST FOR WRIT OF
                                        HABEAS CORPUS


    1. I DARRYL LEE GOLDSTEIN, hereby declate and state as

follows;

1. I am the petitioner in the above habeas corpus matter and

have been proceeding pro per while confined to state prison.

2. That I continue to suffer from serious foot

problems that are not receiving appropraite care at San Quentin
State Prison.

3.That on or about January 27, 2007, I received the ADA appeal

back from medical staff .

4. At that time this petition had already been filed in this

court. I proceeded to rquest review from the Directors level

in Sacrament.

5. That on March 16, 2007, I was provided a reply from the

Directors level which exhausted my administrative remedies.

1

6. That I have factual information that when the San Quentin Appeals Coordinator stamps appeals returned to inmates, the inmates do not get the appeal the same day.

7. That there have been times when I did not get the appeal back for over two weeks.

8. That attached as exhibit A and served herewith is a copy of the entire ADA appeal whcih verifies petitioners has exhausted .

9. That my medical problems concerning my foot care treatment remain unresolved.

10. That based on the CC: section of the letter from the Chief of Inmate Appeals , I am informed and bekieve that the San Quentin Appeals Coprdinator and the Medical Appeals Coordinator were aware that the claims had been exhaused and apparently failed to inform respondents counsel of that fact.

11. That I am further informed and believe that the San Quentin Medical Department is in such a disary, that constit utionally mandated medical care andtreatment is not being provided .


I declare underthe penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 28, 2007 atSan Quentin State prison

Declarant

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT

A

STATE OF CALIFORNIA

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

DEPARTMENT OF CORRECTIONS

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY |
|---|---|---|
| SQ | 06-2751 | 18. ADA |

NOTE: THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

4-2-10L
SD33.

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| 2GOLDSTEIN, DARRYL | P-79097 | ABE 111 | 6am 230 pm 2 | H 761 |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

APPELLANT HAS A MOBILITY PROBLEM WHICH HAS BEEN VERIFIED BY SAN

QUENTIN MEDICAL STAFF AND A CDCR 18   issued. appellant has a

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?
APPELLANTS CDCR SAN QUENTIN MEDICAL FILES MEDICAL FILES FROM THE

SAN MATEO JAIL SAN MATEO COUNTY  MEDICAL CENTER, VARIOUS OTHER

MEDICAL FACILITIES CDCR APPEALS (MEDICAL ) OFFICE

RECEIVED FEB 14 2007 INMATE APPEALS BRANCH

DESCRIBE THE PROBLEM:

APPELLANT IS UNABLE TO WALK ON RIGHT FOOT FOR ANY PERIOD OTHER THAN

THREE TO FIVE MINUTES AT A TIME , APPELLANT HAS A INGROWN ( BETEEN

LITTLE TOES ON RIGHT FOOT ) CORN CONDITION WHICH REQUIRES

PERIODIC REMOVAL AND PERHAPS OPERATION; APPELLANT IS ALSO UNABLE

TO WEAR STATE ISSUED BOOKS AND NEEDS SOFT SHOE  CHRONO

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

TO BE PROVIDED WITH AN CONSULT WITH A ORTHPEDIC SURGEON AND SOFT

SHOE CHRONO IN A TIMELY FASHION.

INMATE/PAROLEE'S SIGNATURE

DATE SIGNED 9/26/08

SEP 25 REC'D

ATTACHMENT TO INMATE ADA APPEAL
GOLDSTEIN P-79097
DATED SEPTEMBER 26, 2006


DISABILTY CONTINUED

CORN CONDITION NETWEEN HIS RIGHT FOOT LITTLE TOE, AND ARTHURITIS
AND IS UNABLE TO WALK FOR LONG PERIODS OFTIME WITH THE FOOT CON
DITION LEFT UNTREATED.

JAN 17 2007

☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other

☐ _____ (Complete within ___ working days) Date assigned: _____   Due Date: _____

_____

_____

_____

_____

_____

Division Head _____   Title _____   Date Completed _____
Signature _____   Title _____   Returned
                                       Date to Inmate _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

THAT APPELLANT IS PRESENTLY DISSATISFIED WITH ABOVE

RESPONSE. APPELLANT SUBMITTED THIS APPEAL ON 7/28/06

AND WHICH WAS SEEN BY Dr LOWE ON 10-10-06 as of this

response, still has not been seen by Appart "B"

Signature _____ C. Lee Pendleton    Date Submitted 11-16-__

G. ☐ Granted   ☑ P. Granted   ☐ Denied   **NOV 22 2006**   **DEC 08 2006**

☑ Reviewer's action (Complete within 10 working days) Date assigned:   Due Date:
☐ See attached letter

_____ Browne RN, M.D. (2 Appeals)    Date Completed: 1-8-07

Signature _____   Title _____   **JAN 1 0 2007** Date to Inmate

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

Signature _____ C. Lee Pendleton    Date Submitted 1-30-07

For the Director's Review, submit all documents to the Director of Corrections:
                    P.O. Box 942883
                    Sacramento, CA 94283-0001
                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted   ☐ P. Granted   ☑ Denied   ☐ Other

☐ See attached letter

Date: **MAR 14 2007**

Attachment to Inmate Appeal
Goldstein  P-79097   4-D-8L
November 16, 06

or provided relief from severe foot pain
Appellant is a diabetic and foot problems
are a concern. Since bringing this to the
attention of medical staff in July of this year
the infection/growth in my left foot toe area
has gotten worse and remain very painful

JAN 17 2007

State of California                                                    Department of Corrections

# Memorandum

Date    :    **January 8, 2007**

To      :    **Goldstein, Darryl**
             **P-79097**

From    :    **California State Prison, San Quentin CA 94964**

Subject :    **SECOND LEVEL APPEAL RESPONSE**
             **LOG NO. CSQ-5-06-02751**

**ISSUE:** Your first level appeal indicates that you state that you have a mobility disability that has been verified by San Quentin Medical Staff. You also state that you are unable to walk on your right foot for any period longer than three to five minutes at a time due to a corn condition on your toe.

You requested at the first level of your appeal, to be provided with a consult with an Orthopedic Surgeon and a soft shoe chrono in a timely fashion.

You stated at the second level of your appeal that as of November 16, 2006, that you still had not been seen by a foot doctor.

**INTERVIEWED BY:** K. Harrell, Patient Advocate Registered Nurse on October 31, 2006.

**DECISION:** At the first level your request to be provided with an Orthopedic Surgeon is denied as a physician would determine that a Podiatrist would be more appropriate for this medical service.

Your request to be provided with a soft shoe chrono in a timely fashion is also denied due to the fact that you were told in the interview on 10/31/06 that San Quentin no longer issues soft shoe chrono.

Your request at the second level of your appeal, to be seen by a foot doctor has been granted. You were seen by Doctor Griffith, SQSP Podiatrist on November 29, 2006 with treatment and advice.

Based on the above information, your second level appeal has been **Partially Granted.**

CDC 1617(3/89)                                                                    8202

Goldstein, P-79097
CSQ-5-06-02751


If dissatisfied, you may submit your appeal to the Director's
Level of Review is desired.


K. SAYLOR, M. D.
CMO / Health Care Manager (A)
San Quentin State Prison

JAN 17 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:    **MAR 1 4 2007**

In re:    Goldstein, P-79097
California State Prison, San Quentin
San Quentin, CA 94964

IAB Case No.: 0609481          Local Log No.: SQ 06-2751

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager, I. All submitted documentation and supporting arguments of the parties have been considered.

I    **APPELLANT'S ARGUMENT:** It is the appellant's position that he has mobility problems that have been verified by California State Prison, San Quentin (SQ) Medical Staff. He says he is unable to walk on his right foot for any period of time other than three to five minutes. He says his condition involves a growth on his right foot that requires periodic removal and perhaps an operation. He asks to have a consultation with an orthopedic surgeon and a soft shoe chrono.

II    **SECOND LEVEL'S DECISION:** The reviewer found that the appellant's request for an orthopedic consultation was denied because a podiatry consultation was more appropriate. The appellant saw Dr. Griffith, Podiatrist, on November 29, 2006, and received treatment and advice. SQ no longer issues soft-shoe chronos. The appeal is granted in part at the Second Level of Review.

III    **DIRECTOR'S LEVEL DECISION:** Appeal is denied.

  A.  **FINDINGS:** At the Director's Level of Review (DLR), the appellant states that he is dissatisfied however the examiner is unclear as to what he is dissatisfied with. The appellant has been seen by physicians at SQ and by a podiatrist. He is encouraged to communicate his foot concerns with the medical staff at SQ via the CDC Form 7362, Health Care Services Request process.

The Department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care. Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or prescribe medication and health care treatment for inmates. No other personnel or inmates may do so. After considering the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request.

  B.  **BASIS FOR THE DECISION:**
Armstrong v. Davis Court Ordered Remedial Plan: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3001, 3350, 3354

  C.  **ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SQ
Health Care Manager, SQ
Appeals Coordinator, SQ
Medical Appeals Analyst, SQ

DARRYL LEE GOLDSTEIN
P-79097 .1 North 1 Lower
C.S.P.  SAN QUENTIN
San Quentin, Ca
94964

PETITIONER PRO PER

SUPERIOR COURT STATE OFCALIFORNIA
COUNTY OF MARIN

DARRYL LEE GOLDSTEIN

ON HABEAS CORPUS

_____

CASE No 171759 A
DECLARATION OF RAYNELL
CARMICHEAL IN
SUPPORT OF PETITIONERS
REPLY TO RESPONDENTS
INFORMAL RESPONSE TO
REQUEST FOR
PETITION FOR WRIT
OF HABEAS CORPUS

        I RAYNELL CARMICHAEL, hereby declare and state as

follows:

1. AT this yime I am presently confined to San Quentin

State Prison under prisoner  D-25366.

2. That have serious medical problems that have not been

adequately. cared for by prison officials.

3. I have had ADA appeals returned to me day and at times

weeks later than the dated they were marked returned

to inmate by the appeals coordinator.

4. At the present time I am trying to get a appeal

back from the medical staff so that I can exhaust my

1

administrative remedies.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 28, 2007, at San Quentin State Prison.


*Raynell Carmichael*
DECLARANT

2

# DECLARATION OF SERVICE BY MAIL

I, __RAYNELL CARMICHAEL_____, the undersigned, declare:

                  Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

        CDC No. __D-25366_____    Housing ___2 North 1 Lower____
        San Quentin State Prison
        San Quentin, CA 94974

On __March 28, 2007___, _____, I served the following document(s):
    Month/Day        Year

_____PETITIONER REPLY TORESPONDENTS INFORMAL__
_RESPONSE TO REQUEST FOR PETITION FOR WRIT OF_____
_HABEAS CORPUS_____
_____
_____

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

_OFFICE OF ATTORNEY GENERAL_____
_STATE OF CALIFORNIA_____
_455 AGOLDEN GATE AVENUE Suite 1100_____
_SAN FRANCISCO, CA 94102_____
_____
_____
_____

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this __28__ day of __March_____, 2007___, at San Quentin, CA, County of Marin.

                                   *Raynell Carmichael*
                                   Signature of declarant

FILED

APR 2 3 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: M. Murphy, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN RE THE APPLICATION OF DARRYL
GOLDSTEIN, P79097

        Petitioner

FOR A WRIT OF *HABEAS CORPUS*

Case No.: SC 151759A

ORDER DENYING WRIT OF HABEAS
CORPUS

Following the court's receipt and reading of Mr. Goldstein's
January 26, 2007 petition, his five page Addendum communication filed
February 23, 2007, with its exhibit A including a February 15, 2007
memorandum from respondents informing petitioner that three of his
CDCR 602 appeals had been misplaced, the court also received a March
13, 2007 memorandum and a March 26, 2007 memorandum from petitioner
wherein he renewed his requests regarding adequate health care for his
feet.   Subsequently, the court received and reviewed respondent's
March 27, 2007 Informal Response and Mr. Goldstein's April 2, 2007,
reply to respondent's Informal Response.   Attached to his Reply are
the Second Level Appeal Response of January 8, 2007, and the March 14,
2007 Director's Level Appeal Decision.

1    The record reflects that the Second Level response included
2 granting petitioner's request that a foot doctor examine his foot.
3 Doctor Griffin, a podiatrist, completed that examination; the record
4 does not reflect that he prescribed soft shoes as part of petitioner's
5 treatment.
6    Respondents err in their Informal Response in stating that Mr.
7 Goldstein did not exhaust his administrative remedies.  His receipt of
8 the Director Level Appeal Decision exhausted his administrative relief
9 as to the issue of treatment for his right foot.
10    The record is clear that the petitioner disagrees with the level
11 and type of health care being provided for his foot condition.  Yet
12 the record does not show deliberate indifference to petitioner's
13 medical needs.  Petitioner has failed to substantiate his contention
14 that his foot condition is being neglected by respondents.
15    NOTE:  The record tends to indicate that petitioner's foot
16 condition presents itself differently over time; it is important that
17 petitioner continue to report on the Health Care Services Request Form
18 7362 his specific foot concerns to the San Quentin medical staff. In
19 the future, if petitioner disagrees with the quality of care and foot
20 treatment, petitioner, after exhausting his administrative remedies,
21 may file a new petition for relief in habeas corpus on such issue.
22    Based on the grounds outlined above, the January 26, 2007
23 petition is denied.
24 Date:  April 23, 2007
                                    Faye D Opal, Judge
25

ORDER DENYING WRIT    2

STATE OF CALIFORNIA  )
COUNTY OF MARIN        )

IN RE: **DARRYL LEE GOLDSTEIN**

ACTION NO.: **SC151759A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903.  ON **April 24, 2007** I SERVED THE WITHIN
***ORDER DENYING WRIT OF HABEAS CORPUS*** IN SAID ACTION TO ALL
INTERESTED PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN
A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE
UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED
AS FOLLOWS:

| | |
|---|---|
| *DARRYL LEE GOLDSTEIN*<br>*CDC# P-79097*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* | *WARDEN*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* |
| *ATTORNEY GENERAL*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE*
*STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:    4/24/07    M Murphy

# **DECLARATION OF SERVICE BY MAIL**

I, <u>  LAFAYETTE  TONEY             </u>, the undersigned, declare:
Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not
a party to the cause within.  My residence address is:

> CDC No. <u>  T-99257       </u>     Housing <u>    5N88        </u>
> San Quentin State Prison
> San Quentin, CA 94974

On <u> August 28, 2007       </u>, <u>        </u>, I served the following document(s):
Month/Day                     Year

PETITION FOR WRIT OF MANDATE /HABEAS CORPUS
_____
_____
_____
_____

on the parties and at the addresses described below by placing the pleadings in a
sealed envelope, with postage fully prepaid, and presented said item(s) to
Corrections Department staff for mailing in the United States Mail as per the rules
and regulations governing outgoing legal mail at San Quentin State Prison.

CLERK OF THE **COURT**
_____
COURT OF APPEAL STATE OF CALIFORNIA
_____
FIRST APPELLATE DISTRICT
_____
350 McAllister Stteet
_____
San Francisco, ca
949102
_____
_____
_____

I swear under penalty of perjury that the foregoing is true of my own personal
knowledge.  Executed on this <u> 28   </u> day of <u> 2007  Aug           </u>, <u>     </u> 2007, at
San Quentin, CA, County of Marin.

Signature of declarant

FILED

AUG 1 4 2007

K.M TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By M. Murphy Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

IN RE DARRYL GOLDSTEIN, P79097

                Petitioner

On WRIT OF *HABEAS CORPUS*

Case No.: SC 151759A
(California Court of Appeal,
First Appellate District,
Division Two No. A117652)

**ORDER APPOINTING COUNSEL AND
CALENDARING MATTER FOR HEARING**
    Date:  October 26, 2007
    Time:  9:00 a.m.
    Place: Courtroom K

   The Order to Show Cause issued by the California Court of Appeal, First Appellate District, Division Two, was received by the Marin Superior Court on August 6, 2007.

   In review of petitioner's August 10, 2007, motion for appointment of counsel and his declaration that he cannot afford counsel, petitioner's motion for appointment of counsel is granted.  The Prison Law Office, General Delivery, San Quentin, CA 94964, is appointed as the legal representative for petitioner.

**EXHIBIT B**

# EXHIBIT C

**EXHIBIT D**

**PETITIONERS OPPOSITION TO INFORMAL RESPONSE**
**RE : HABEAS CORPUS , FIRST DISTRICT COURT OF APPEAL**
**STATE OF CALIFORNIA**

**LETTER BRIEF BY THE PRISON LAW OFFICE FILED FILED WITH T
THE FIRST DISTRICT COURT OF APPEAL STATE OF
CALIFORNIA**



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com



*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

August 30, 2007

First Appellate District
Division Two
Court of Appeal of the State of California
350 McAllister Street
San Francisco, CA 94102

RE:     *In re Darryl Goldstein*, on Habeas Corpus
        California Court of Appeal Case No. A117652

Dear Honorable Justices of the First Appellate District:

The Prison Law Office is class counsel in *Plata v. Schwarzenegger*, No. C01-1351, U.S. District Court, Northern California, T.E.H., the class action concerning medical care for prisoners within California Department of Corrections and Rehabilitation (CDCR). We were formally appointed counsel to petitioner in the superior court and request to file this letter as amicus. We submit this letter because we believe the outcome of this case may have a significant impact on the ability of individual *Plata* class members to obtain judicial relief for their medical conditions.

In this case, Mr. Goldstein filed his petition for writ of habeas corpus on January 23, 2007 in Marin Superior Court. The State submitted an informal response on March 26, 2007, claiming that Mr. Goldstein had not exhausted his administrative remedies, and that he failed to state a claim for deliberate indifference. On April 23, 2007, the superior court denied the petition.

Mr. Goldstein then filed his petition for writ of habeas corpus to the Court of Appeal, First Appellate District, on May 9, 2007. On August 1, 2007, the Court of Appeal ordered the CDCR to show cause before the Marin County Superior Court, on or before August 17, 2007 why the relief prayed for should not be granted. The Court further ordered the traverse be filed on or before August 31, 2007. Finally, the Court ordered the trial court to appoint counsel to represent the petitioner if it determined that petitioner was unable to afford counsel.

On August 14, the Marin Superior Court ordered the appointment of the Prison Law Office to represent petitioner and scheduled an evidentiary hearing for October 26, 2007. The Court further ordered, on its own motion, authorization for the Prison Law Office to contract with an

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

First Appellate District
August 30, 2007
Page 2

independent podiatrist to evaluate the petitioner's need for footwear.

On August 15, 2007, the CDCR requested an extension of time from the Marin Superior Court. The same day, it moved to vacate the First District Court's Order to Show Cause, arguing that by ordering the CDCR medical care system into receivership in *Plata v. Schwarzenegger*, CV-01-01351, the federal court has preempted state court jurisdiction over petitioner's claims.

On August 22, 2007, Marin Superior Court vacated its order appointing counsel and setting the matter for an evidentiary hearing. Additionally, the Marin Superior Court purported to vacate this Court's August 1, 2007 Order to Show Cause. (See Attachment A, August 22, 2007 Order Vacating Order to Show Cause.) The case should be remanded, again, for a decision on the merits.

The Prison Law Office originally filed the *Plata* case in 2001, alleging that defendants were providing constitutionally inadequate care in all of its state prisons under the cruel and unusual clause of the Eighth Amendment. In 2002, defendants conceded that the care was inadequate and stipulated to an injunction that required them to implement comprehensive new medical policies and procedures at all institutions.

The state officials who were defendants in the *Plata* case agreed that individual lawsuits would *not* be precluded because of the class action. The injunction states: "Neither the fact of this stipulation nor any statements contained herein may be used in any other case or administrative proceeding, except defendants, CDC, or employees thereof reserve the right to use this Stipulation and the language herein to assert issue preclusion or res judicata in other litigation seeking class or systemic relief." (*See* Attachment B, Stipulated Injunction at ¶ 29.)

This provision of the stipulated injunction was included because the focus of the *Plata* class action was on fixing the medical care *system* in CDCR. There are approximately 170,000 class members in this action. Many of these individuals are suffering and some may die as a result of the unconstitutional medical care currently being received in CDCR. (*See* Attachment C, *Plata* Court's Findings of Fact and Conclusions of Law, October 3, 2005, at 2.) It was not practicable for the class action to be able to address the instant needs of this number of individuals, and thus, the avenues of state habeas corpus as well as civil rights actions were specifically left available to individual prisoners.

Despite this injunction, close monitoring and additional court orders, medical care in CDCR remains seriously deficient and dangerous. In 2005, Judge Henderson found that defendants' failure to provide constitutionally adequate care resulted in extreme harm to plaintiffs. He found that it was uncontested that a prisoner needlessly dies as a result of this care approximately once a week. He further concluded that the appointment of a Federal Receiver was necessary to bring about the systemic changes required to eliminate the "unconscionable degree of suffering and death" within the system. (Findings of Fact, at 2.) On April 17, 2006, Robert Sillen

First Appellate District
August 30, 2007
Page 3

was appointed as the Receiver. (Order Appointing Receiver, attached to Respondent's Request to Vacate Order to Show Cause, as Exh. A.)

Following the appointment of the Receiver, the injunction remains in place. Defendants, and now the Receiver, remain bound to implement the policies and procedures, and abide by the other provisions of the decree. As respondents point out, the Receiver recently moved to modify the Stipulated Injunction in this case. The Receiver did *not*, however, move to modify the provisions reserving the rights of class members to pursue individual lawsuits regarding inadequate medical care.

Even fifteen months after the appointment of the Receiver, many individual prisoners in CDCR require immediate medical attention, but are unable to receive it. Indeed, in a recent report, the Receiver cites to three deaths that occurred as a result of inadequate medical care, all within a single month in one state prison. (*See* Attachment D, Receiver's Fourth Bi-Monthly Report, at 52-53.) The Receiver cites this as an example of the on-going crises in medical care. (*Id.* at 52.)

The superior court stated it has no jurisdiction to address petitioner's claims due to the appointment of the Receiver. The superior court cited no law to support the lack of jurisdiction in this matter. *Plata* is not a shield that eliminates individual actions concerning medical care. Nothing in the receivership prohibits individuals from seeking relief for conditions that may lead to serious injury or death.

If the superior court's ruling were applied statewide the result would be to direct all of the claims made by the 170,000+ class members to the Receiver. It is not possible or practicable for the Receiver, who is charged with bringing the level of care provided to the class up to federal constitutional standards to address the hundreds, and perhaps thousands, of individual claims filed regarding medical treatment. Many individuals who require immediate care would not have their matter resolved timely, if at all. Consequently, some prisoners whose constitutional rights are being violated would continue to suffer, and perhaps die, waiting for their issues to be considered.

In their Request to Vacate, the State supported the superior court's position. First, they argued that CDCR is not the proper respondent because the Secretary's authority over the CDCR's medical system has been suspended. In fact, CDCR still retains authority over the prisoners and their conditions, even while the area of medical care this responsibility is placed with the Receiver. Additionally, the Receiver "stands in the shoes" of the Secretary of CDCR concerning medical care, and vested with the authority of that office. (Order Appointing Receiver, attached to Respondent's Request to Vacate, at 4; *Ledo Financial Corp. v. Summors*, 122 F.3d 825, 829 (9th Cir. 1997)). Thus, the responsibility for medical care is shared between the Receiver and the many state employees who continue to provide direct services and care. The appointment of the Receiver cannot be used as a means for the State to avoid their on-going duty to provide constitutional medical care.

First Appellate District
August 30, 2007
Page 4

Further, as a practical matter, many – and perhaps most – of the orders that result from individual actions regarding medical care are resolved at the prison level. These include orders to have a patient examined by a staff doctor, referred to a specialist, or provided with medication. These are issues often in the control of individual medical staff members. To argue that, because of the Receiver, these issues cannot be addressed by CDCR staff is incorrect. The Receiver may be implementing large policy changes in CDCR, however, the daily care continues to be provided by CDCR staff. Thus, these staff members can be directed to act when and if a state court determines the medical care being rendered to an individual is unconstitutional.

Second, respondents argue that petitioner should present his claim directly to the Receiver. However, as described above, defendants/respondents specifically agreed to not preclude individual habeas petitions for these types of cases. The provision – by which defendants and the Receiver are bound – is on-going and prevents defendants from using the class action to avoid answering individual action.

Finally, neither the superior court, nor respondents, provide an explanation for why the state court cannot direct the warden to act when a court has determined that a prisoner has received treatment that is in violation of the Constitution. (Penal Code § 1477 (warden is appropriate respondent in habeas corpus matters)). In the event that the Receiver believes an order is inappropriate, he can appeal the order or raise the issue directly with Judge Henderson.

We respectfully ask this Court to remand the case to the superior court for a decision on the merits.

Sincerely,

Donald Specter
Director, Prison Law Office
dspecter@prisonlaw.com

October 9, 2007

**Clerk of the Court**
Court of Appeal State of California
Fisrt Appellate District - Division Two
350 Mc Allister Street
San Francisco, Ca.
94102

RE   **DARRYL LEE GOLDSTEIN ON HABEAS CORPUS**
     **Case Number A-118925**
     **Petitioner's Opposition To Informal Response RE: Habeas**
     **Corpus**

  Dear Clerk :

Enclosed please find Petitioner's Opposition. I have included
a Petitioner's cover sheet to be conformed and returned for
my records.

Thank you kindly,

**DARRYL LEE GOLDSTEIN**
**PETITIONER PRO PER**

October 9, 2007


Diana Herbert, Clerk/Administrator
California Court of Appeal

First Appellate District , Division Two
350 McAllister  Street
San Francisco, Ca
94102
RE  **PETITIONER  OPPOSITION TO RESPONDENT'S  INFORMAL RESPONSE**
   **TO PETITION FOR WRIT OF HABEAS CORPUS**
            **In re Darryl Lee Goldstein  A-118925**

Dear Ms Herbert:

     Petitioner submits this letter brief pursuant to the Court's
August 31, 2007 Order. Respondent has filed a Informal Response
dated September 25, 2007. Although Petitioner  specifically
named Robert Sillen , the Federal Receiver , there has been
no appearance for that Party to this action.

     Petitioner who suffers from seriuos medical problems in

addition to those before the Court in the action  continues

to suffer while the State of California , who has custody of

Petitioner, and is the responsible party for petitioner's health

care seeks to avoid responsiblity . In fact the State of

California over the years has failed to provide constitutionally

adequate health care to its prisoners .

     In 2001, the prison Law Office filed a class action lawsuit

on the behalf of all California State prisoner.The  case that

advocates for adequate medical care and treatment is commonly

known a **Plata** .  Plata leadto the state correctional ageny(

hereinafter CDCR ) conceding that they were providing inadequate

health to prisoners..

**Page Two In Re darryl Lee Goldstein On Haneas Corpus**

**Case Num,ber A-118925** Dated October 9, 2007

In fact the state stipulated to an injunction that required them to implement comprehensive new medical polices and procedures.

However, despite injunctions, the appointment of a federal receiver health care for prisoners continues to be seriously deficient  **such as in the case of petitioner.**

The constitutionally inadequate health care provided to the petitioner as detailed in various documents filed with this Court and the Marin County Superior Court, have caused further significant injury to the petitioner's health .  **However teh state of California continues to seek shield from its constitutional responsibility .**

**In this case the Marin County Superior Court has not cited any case  law**  to support  the lack of jurisdiction.

The Plata case is not a shied that eliminates individual prisoners from seeking judicial  relief from inadequate medical care and treatment in conditions such as the petitioner's , tat could lead to death - loss of limb  and that have already caused  significant injury .

The Receiver stands along side of the California Secretary of Adults Corrections, concerning medical care,and  vested with the authority of that office( **see Order Appointing Receiver,**

Petitioner did name the Receiver in the Caption of this Petition for Writ of Habeas Corpus. See Also Ltr To Justice  Kilne file with the Clerk of this Court.

**PAGE THREE In Re Darryl Lee Goldstein On Habeas Corpus**

**Case Number A-118925**

**Dated October 9, 2007**


Attached to the Respondent's Request To Vacate , at 4; Ledo

Finanical Corp. V Summors , 122 F 3d 825 , (9th Cir 1977).

**Thus the responsibilty for medical care of California's prisoners**

 is shared  between the Receiver and hundreds of state  employees

who provide  direct medical services.

    The state of California has an on-going duty to provide

constitutionally adequate medical care and treatment to prisoners.


    Thus, this court should remand this  case to the Marin County

Superior Court for a decision on the merits .




Respectfully submitted

By _____

  Darryl Lee Goldstein
  Petitioner Pro Per

DARRYL LEE GOLDSTEIN
P-79097 1 North 001 Lower
CSP, San Quentin
San Quentin, ca
94964

Petitioner Pro Per


IN THE COURT OF APPEAL STATE OF CALIFORNIA
FIRST APPELLATE DISTRICT
DIVISION TWO


In re Darryl Lee Goldstein

Case Number A-118925

DECLARATION OF DARRYLE
LEE GOLDSTEIN IN SUPPORT
On Habeas Corpus                          PETITIONER'S OPPOSITION
TO RESPONDENT'S INFORMAL
RESPONSE TO PETITION
WRIT OF HABEAS CORPUS


            I, DARRYL LEE GOLDSTEIN , hereby declare and state
as follows:

1. I am the petitioner in this action and as such am readily
familiar with the pleadings in this case and the documents
atttached to this declaration, and thus know that they are a
true and correct copy of what they purport to be.

2. I suffer from a litant of serious medical problems including
but not limited to the ones addressed by this action.

3. Adequte medical care for my serious podiatry problems  has
been delayed and obstructed by officials of the state of
California on a ongoing basis.

4. That I have twice exhausted any administrative remedies
through the level of the Director of Correctiosn concerning
my foot- care treament.

                              (1)

5. The present condition of my feet ( i.e. severely calloused infected , and a growth inside my right fott little toe which acuse at most times severe pain and suffering ), prevent me from wearing regukar shoes except for shower shoes , at all times.

6. I ama diabetic and my foot problems are not being appropriately cared for in view of that condition.

7. That attached to this Declaration is yet another administrative appeal seeking foot care treatment that has been refused by the Director of Corrections although the San Quentin Program Manager for the Office of the Receiver instructed me to send it to the Director Level for Review.

8. That based on the Chief of Inmate Appeals for the California Department of Corrections and Rehabilitation  over- ruling the Program Manager for the Receiver , it appears that the CDCR have ultimate control of inmates medical care and treatment.

9. That I was recently scheduled for eye  surgery at the San Francisco Campus of the the University of California ,that eye surgery was postponed at the request of San Quentin  custody staff twice , thus indicating that the correctional agency has day to day control of medical care and treatment provided to inmates.

10. That based prior experiences with the respondent's Iam

informed and believe that without intervention by this Court
I will never get the medical treatment for my feet and risk
serious irreparable injury based on being diabetic.

11.  In October of 2006, ( October 12) I was placed in Administrative Segregation by custody staff . That custody staff without  consulting with the medical staff took it upon themselves to decide what medications I could have while in Administrative Segregation.

12. San Quentin Custody Staff under the direction of the Director of Corrections and ultimately the state of California made the decision that I could not have most of my medications and apparently destroyed them.

13. That after almost a year of waiting for an answer on an administrative appeal answer  Supervising Correctional Staff ( **Sgt D. Kilmer** ) and the Receiver's San Quentin Program Manager admitted that policy and procedure were violated.

14. That Policy and procedure was in effect the state of California through its employees having contraol of my medical treatment.

15. Several times in the last couple of moths and specifically on October 8, 2007, based on there not being ample custody staff to monitor inmate movement , my diabetic finger stick procedures and early release for breakfast have  been impeded by state sate of California through its prison staff .

16. On October 8, 2007, I was waiting at my cell door at 5: 30 A.M. the regular time I am released for diabetic  procedures and early breakfast , the Correctional Officer working the tier informed me there was no coverage for diabetic release .

17. About  6:07 A.M. the correctional officer came back to release me from my cell for diabetic procedures and was instructed by her Supervisor that we could wait and be released with the regaulr mainline breakfast release , thus the state of California made a judgment call regarding my medical treatment, which they do on a daily basis.

(3)

18. That my medical care and treatment has been controlled by the
state in other significant areas as well. I have a mobility impair
ment and suffer from glaucoma and epileptic seizures . All of these
conditions require that I have a bottom bunk on a bottom tier.
19. I was recently informed that I would be moved to an upper tier
in a upper bunk based on the need for my cell to house priosners
on C Status ( C Status are program failures who must be locked up
except for meals and two hour a day exercise ).
20. While I was not moved afet intervention of the Associate Warden
in Charge of Disability inmates, this demonstrates the control the
state has over prisoners medical concerns.
21. That recently I was pre-opted by the medical staff at U.C. Medical
Center San Francisco Campus . Those pre-op procedures instructed
that I stop taking certain medications at least five (5) days prior
to the scheduled opesration. However , based on the sate of California
through its correctional agency , not wanting me to know the exact
date of the planned operation I was not taken off the medication
in a timely fashion thus causing the eye surgeon to alter his planned
operating procedures and subjecting me to a more onerous procedure
22. I am informed and believe that the incident describe in paragraph
21, demonstrates the state of California has daily control over
medical care and treatment of its prisoners.


I declare under the penalty of perjury that theforegoing is true
and correct that this Declaration was executed at San Quentin State
Prison on October 9, 2007

_____
Declarant                                    (4)

**EXHIBIT A**
**PETITIONERS ATTEMPTS TO CONTACT FEDERAL RECEIVER**

AUGUST 24, 2007

Martin H Dodd
Attoreny at Law
Futterman and Dupree
160 Sansome Street  17th Floor
San Franciusc , Ca 94104

RE DARRYL LEE GOLDSTEIN ON HANEAS CORPUS
    Marin County Superior court Habeas corpus No 151759A

Dear Mr Dodd;

Enclosed please find information regarding the above Habeas Corpus
matter in which I am the Petitioner. The Attorney General just
filed a brief that directs me to direct my concerns to the
Receiver , in this case your client .

Please inform me if your office or the Receiver is not the
appropiate  places to direcr my medical claims.

Additionally, please find information regarding my additional
request fro medical care and treatment from the San Quentin
Medical Staff.

Very truly your ,

Darryl Lee Goldstein
/dlg


CC as Needed

**EXHIBIT B**
verification that cdcr staff have control over prisoners
medical care and treatment

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.                    Category

1. _____ SQ _____     1. 07-01397 _____          5

2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| GOLDSTEIN | P-79097 | N/A | 1N1Lower |

**A.** Describe Problem:     THIS APPEAL WAS ORGINALLY SENT FOR FILING ON FEBRUARY

2, 2007, I WAS INSTRUCTED TO SEND IT TO THE H UNIT SGT WHO NEVER

ANSWERED OR RETURNED THE APPEAL A SUBSEQUENT APPEAL WAS FILED ( SENT

FOR FILING NOT LOGGED IN ON MARCH 5, 2007, I WAS AGAIN

INSTRUCTED TO SENT IT TO THE H UNIT SGT FOR REPLY , APPELLANT

THEN SENT THE ORIGINAL APPEAL AND ATTACHMENTS TO THE PRISON LITIGATION

DENISE DULL .  APPELLANT NOW SUBMITS YET ANOTHER APPEAL TO EXHAUST

THIS ISSUE.

If you need more space, attach one additional sheet.

**B.** Action Requested:     APPELLANT REQUEST TO BE INFORMED IN DETAIL WHAT H UNIT STAFF

DONE WITH HIS MEDICATIONS AND WHAY  HIS LEGAL BOOKS WERE MISSING

FROM HIS PROPERTY

Inmate/Parolee Signature: _____     MAR 3 0 REC'D  APR 0 4 REC'D  Date Submitted: 3/22/07

**C.** INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Bypass

Staff Signature: _____          Date Returned to Inmate: _____

**D.** FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Bypass

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed     CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

3-30-7
1N1

MAY 3 0 REC'D

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other

E.  REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __APR 0 4 2007__    Due Date: __MAY 16 2007__

Interviewed by: _Sgt. D. Kilmer,_    _See Attached_

_____

_____

_____

_____

_____

Staff Signature: _Sgt D._    Title: _Sgt._    Date Completed: _MAY 9, 2007_

Division Head Approved:
Signature: _RWilliams_    Title: _AW(A)__MAY 11 REC'D___ Date returned    Date to Inmate: _5-10-07_

F.  If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

~~THIS APPEAL IS SUBMITTED TO THE SECOND LEVEL TO EXHAUST Y THE~~
~~CLAIM THAT APPELLANT WAS DENIED HIS MEDICATION BY BOTH THE~~
~~CUSTODY STAFF AND THE MEDICAL STAFF  FROM 10-12-06 to at least~~
~~two weks later and  and explanation why medical staff took so~~
~~long to provide the medications.~~

Signature: _____    __MAY 24 REC'D__ Date Submitted: 5/18/07    __MAY 2 3 REC'D__

_MAY 3 0 REC'D_

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other    __MAY 24 2007__

G.  REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____    Due Date: __JUN 25 2007__

☒ See Attached Letter

Signature: _Moore SRJII  8/22/7_    __AUG 30 2007__ Date Completed: _____

Warden/Superintendent Signature: _Joan Russell_    __AUG 3 0 REC'D__ Date Returned to Inmate: _8/28/07_

H.  If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

APPELLANTS SUBMITS FOR DIRECTORS LEVEL REVIEW BASED ON THE
VIOLATION OF DEPARTMENTAL POLICY AND PROCEDURES BY H UNIT CUSTODY STAFF
UNDER THE SUPERVISION  OF SGT TILLOTAN H UNIT YARD SGT ON 10-12-06

_____

_____

_____

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

----------------------------------------------------------------

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
Date: _____

CDC 602 (12/87)

State of California                                    Department of Corrections

# M E M O R A N D U M

**Date:**      **May 9, 2007**

**To:**        **INMATE GOLDSTIEN, P-79097**

**From:**      **California State Prison, San Quentin, Ca 94964**

**Subject:**   **FIRST LEVEL RESPONSE TO CDC-602, LOG #CSQ-3-07-01397**

Your 602 filed at the first level, has been forwarded to my office by Mr. J. ALLEN, Associate Warden, Unit III, to investigate and respond to your appeal concerns.

In your appeal, you state that when you were placed in Administrative Segregation, your medication was not placed in your property nor were your personal law books. You are requesting that your law books be found and delivered and a reason given that your medications did not accompany you.

A thorough investigation of your appeal was conducted, which included a review of all appropriate documents and an interview with you. On 5-6-07, you were interviewed concerning your appeal at which time you were given the opportunity to add or detract from your written appeal. During the interview, you stated that some of your law books were returned to you when you were released from Ad-Seg. You also stated that there were other inmates that had given you information as to the whereabouts of your remaining six missing law books. The following day, based on the information you supplied, four of your law books were found in Dorm #3, in H-Unit and were returned to you.

A review of your property inventory sheet determined that your medications were not placed in your property. There were no other documents or interviews, that would indicate otherwise.

I find that there is substantive information to indicate your appeal has merit. I find, based on the information you provided, the interviews conducted and the documents reviewed, there may have been a violation of policy or procedure.

**APPEAL: PARTIALLY GRANTED**

D. Kilmer
Program Sergeant
3rd Watch, Unit III

MAY 3 0 REC'D

State of California                                   Department of Corrections and Rehabilitation

# Memorandum

'Date:     August 22, 2007

To:       Goldstein P79097

From:     San Quentin State Prison (SQ)

Subject:  SECOND LEVEL APPEAL RESPONSE
          LOG NO. CSQ-3-07-01397

**ISSUE:** You state that *"THIS APPEAL WAS ORGINALLY SENT FOR FILING ON FEBRUARY 20 2007, I WAS INSTRUCTED TO SEND IT TO HE H UNIT SGT WHO NEVER ANSWERED OR RETURNED THE APPEAL A SUBSEQUENT APPEAL WAS FILED ( SENT FOR FILING NOT LOGGED IN ON MARCH 5, 2007, I WAS AGAIN INSTRUCTED TO SENT IT TO THE H UNIT SGT FOR REPLY , APPELLANT THEN SENT THE ORIGINAL APPEAL AND ATTACHMENTS TO THE PRISON LITIGATION DENISE DULL . APPELLANT NOW SUBMITS YET ANOTHER APPEAL TO EXHAUST THIS ISSUE."*

You request that *"APPELLANT REQUEST TO BE INFORMED IN DETAIL WHAT H UNIT STAFF DONE WITH HIS MEDICATIONS AND WHAY HIS LEGAL BOOKS WERE MISSING FROM HIS PROPERTY"*

INTERVIEWED BY: Sgt. D. Kilmer, S. Grove, SRN II

Your Unit Health Record (UHR) and all submitted documentation and supporting information has been considered, including the interview at the First Level of Review (FLR).

Your appeal was PARTIALLY GRANTED at the FLR and the response by Sergeant Kilmer, at the FLR is as follows: "Your 602 filed at the first level, has been forwarded to my office by Mr. J. ALLEN, Associate Warden, Unit III, to investigate and respond to your appeal concerns.

In your appeal, you state that when you were placed in Administrative Segregation, your medication was not placed in your property nor were your personal law books. You are requesting that your law books be found and delivered and a reason given that your medications did not accompany you.

A thorough investigation of your appeal was conducted, which included a review of all appropriate documents and an interview with you on 5-6-07, you were interviewed concerning your appeal at which time you were given the opportunity to add or detract from your written appeal. During the interview, you stated that some of your law books were retuned to you when you were released from Ad-Seg. You also stated that there were other inmates that had given you information to the whereabouts of your remaining six missing law books. The following day, based on the information you supplied, four of your law books were found in Dorm #3, in H-Unit and were retuned to you.

A review of your property inventory sheet determined that your medications were not placed in your property. There were no other documents or interviews that would indicate otherwise.

I find that there is substantive information to indicate your appeal has merit. I find, based on the information you provided, the interviews conducted and the documents reviewed, there may have been a violation of policy or procedure."

In requesting a Second Level Review, you state *"THIS APPEAL IS SUBMITTED TO THE SENCOND LEVEL TO EXHAUST Y THE CLAIM THAT APPELLANT WAS DENIED HAIS MEDICATION BY BOTH THE CUSTODY STAFF AND THE MEDICAL STAFF FROM 10-12-06 to at least two weks later and and explanation why medical staff took so long to provide the medications."*

San Quentin State Prison
Appeal CSQ-3-07-01397
Goldstein P79097
Page 2

**SECOND LEVEL RESPONSE:**  Upon review of your Unit Health Record it was noted that according to your pharmacy profile, the pharmacy dispensed your bulk medications on October 10, 2006.  You stated that on October 12, 2006 your medications were confiscated when you were housed in administrative segregation.  Due to the medications you are referring to being bulk medications which are delivered monthly, we are unable to determine what happened to the medications once they were delivered to you. Therefore, Medical Appeals is unable to give you an explanation as to why your medications were confiscated.

In an interview with SRN II Grove, you were informed that we would be unable to determine what happened with your medications.

**DECISION:**  For the reasons cited above, your appeal is PARTIALLY GRANTED.  An inquiry has been made into your appeal. Custody PARTIALLY GRANTED at the First Level.

You are encouraged to use the sick call process by completing a Request for Health Services (CDC 7362) to request an appointment with a clinician to address your concerns.  These forms are available from medical staff.  If you are not satisfied with the medical care you are provided at California State Prison – San Quentin, you are encouraged to utilize the inmate appeals process, which is described in the California Code of Regulations, Title 15. This process is an integral part of the administrative remedies available for the inmates to resolve issues concerning any departmental decision, action, condition, or policy that they can demonstrate has had an adverse effect upon their welfare.

You are advised that this issue may be submitted for a Director's Level of Review if desired.

*Jayne Russell*

Jayne R. Russell, M.Ed., CCHP-A
Program Manager
Office of the Receiver

JR:sg

cc:  Appeal File
      Central File

REGULATIONS:  The rules governing this issue are:

**California Code of Regulations, Title 15, Section (CCR) 3350.   Provision of Medical Care and Definitions.**
       (a) The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might otherwise be excluded may be allowed pursuant to section 3350.1(d).
       (b) For the purposes of this article, the following definitions apply:
       (1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care.

**CCR 3354.  Health Care Responsibilities and Limitations.**
       (a) Authorized Staff. Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or, prescribe medication and health care treatment for inmates. No other personnel or inmates may do so.