DARRYL LEE GOLDSTEIN
P-79097 1 North 001 Lower
CSP, SAN QUENTIN
San Quentin, Ca.
94964
Petitioner Pro Per

FILED
2007 DEC 20 PM 2: 13

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

DARRYL LEE GOLDSTEIN

    Petitioner

vs.

ROBERT SILLEN, FEDERAL RECEIVER
CALIFORNIA PRISON HEALTHCARE
RECEIVERSHIP, CORP.

Case No: Cv--07- 5958-SBA
Request For Appointment
Of Counsel ; Memorandum oF
Points And Authorities In
And Supporting Exhibits
(18 U.S.C SEC 3006A)

        TO THE HONORABLE SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT COURT JUDGE , NORTHERN DISTRICT OFD CALIFO
RNIA , OAKLAND DIVISION:

    Petitioner DARRYL LEE GOLDSTEIN appearing pro per hereby request appointment of counsel in this action.

    This is a habeas corpus action file bya state prisoner alleging inadequate health care by San Quentin State Prison Officials. This case has significant import to all California State Prisoners as outline by the amicus bfief filed by the Prison Law Office class counsel in **Plata vs Scharzegger** , No C01 -1351-U.S. District Court, Northen California , T.E.H., the class action concerning medical care for prisoners within the California Department of Corrections and Rehabilitation (CDCR) .

(1)

The California Court of Appeal First District, Division Two issued an Order instructing the Petitioner to file a Petition for Writ Habeas Corpus in this court.( See Order By The Hon. Anthony J Kline Presiding Justice , dated October 2, 2007, attached hereto as Exhibit A).

Respondent's ( California Attorney General ) sought to have the Order published which was subsequently denied by the California Supreme Court.

The Prison Law Office's amicus brief is attached hereto as Exhibit B.

The California Superior Courts no denied prisoners habeas corpus relief based on the California attorney General's argument filed with the Marin County Superior Court in Petitioner state court proceedings. See In re Michael Anthony Arron Marin County Superior Court number _____ .

**ARGUMENT**

APPOINTMENT OF COUNSEL IS AUTHORIZED BY

SECTION 3006A BECAUSE WHICH HE CANNOT HIMSELF PRESENT TO

THIS COURT

Under 18 U.S.C Section 3006A , counsel may be appointed in federal court to represent  indigent criminal defendant's Whenever, " the court  determines  that the interest of justice so require . representation  may be provided for any financially eligibel person who... is eeeking relief under 28 U.S.C. Section 2254...of title 28. "

(2)

18 U.S.C Section 3006A (a) (2) (B). Such appointment may be made nunc pro tunc and provides that counsel is entitled to attorneys fees. 18 U.S.C. Section 3006A (b) and Section 3006A(d).
"     The legislative histories of section 3006A (a) (2) (B) and the Habeas corpus Rules cal for a liberal and flexible construction of section 3006A (a0 (2) (B)'s "interest of justice' language and place limitations , enforceable on appeal , on the district court's discretion to deny counsel."  1 J. Liebman , Federal Habeas Corpus  Practice and Procedure  Section 12.3(b) at 384 (2d ed . 1994), footnote omitted . Although  there is no absolute right to counsel , if the circumstances of a particul require  a trained lawyer 's skills , the assistance  of counsel may nevertheless be necessary . **Merritt vs Faulkner , 69 F2d 761, 764 ( 7th Circuit 1983).**

   **Particularly when rights of a constitutional dimension are at stake** , a poor person's access to federal court must not be turned into an exercise in futility." Id., at 764. Nor should problem be compounded by the obvious inequity in  the adversarial process which results when only one side is represent

   Two factors guide the federal courts in determining whether  to appoint counsel; ( 1 ) the liklihood of success on the merits as measured by whether the petitioners has presented colorable legal claims ; and (2)  the petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved [1].

(3)

---

1. Appointment may also be of benefit to this courtbecause

Weygant v Look , 718 F 2d 952, 954 (9th Circuit 1981): see also Merritt vs Faulkner , suprs 697 F2d 761, 764-765; Maclin v. Freake , 658 F 2d 885, 887-888 (7th Cir.1981).

This case qualifies for appointment of counsel on both grounds. As set forth in the petiotion , petitioners claims of inadeuqte health care clearly gorunded in the Eighth and Fourteenth Amendments as interpreted by controlling United States Supreme Court authority. Thus the petitioner has clearly presented colorable legal claims . Moreover the California Court of Appeal twice issued Orders toShow Caus ein this case . The Court of Appeal instrucetd that the Petitioner file this instant Petition .

Based on the legal issues involving the Federal Receiver and the California Department of Corrections and Rehabilitation both having legal control of the Petitioners health care and the unresolved issues , Petitioner is unable to present a colorable challenge unaided by counsel. Petitioner is indigent he qualified for appintment of counsel at both the Superior Court and Court of Appeal  habeas corpus proceedings .

Petitioner's claims present mixed questions of law and fact in this case. The federal courts have generally endorsed the appointment of counsel to represnt indigent  and legally unsophis ticated  prisoners in such cases.  See e.g. **Chaney vs Lewis 801 Fed 2d. 1191 , 1196 (9th Cir. 1986); Weygant vs Look, supra, 718 F2d 9952-954.**

fn1 Consequently , petitioner qualifies for appointment of documents filed  by persons who are untrained in the law are often  incoherent and fail to indetify the issues presented... (Citation) People vs Scott 64 Cal App. 4th 550m , 562.

(4)

counsel.

## CONCLUSION

For the foregoing reasons, this court should exercise its discretion in the interest of justice to appoint petitioner counsel to represent him in federal habeas corpus.

Dated December 17, 2007                Respectfully submitted

                                       By _____
                                       Darryl Lee Goldstein
                                       Petitioner, Pro Per.

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

FILED

OCT - 2 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

In re DARRYL LEE GOLDSTEIN,

on Habeas Corpus.

A118925

(Marin County
Super. Ct. No. SC151759A)

BY THE COURT:

Petitioner, an inmate at San Quentin State Prison representing himself in propria persona, has filed this, his second, petition for writ of habeas corpus in a continuing attempt to obtain relief from the failure of custodial authorities to provide a therapeutic shoe required by his medical condition. Petitioner alleges he has a diabetes-related foot problem and is threatened with loss of his right foot if not provided a special shoe designed for him by a specialist at the request of his physician.

By way of background, on August 1, 2007, we issued an order to show cause returnable to the Marin County Superior Court directing it to take evidence and make a determination as to whether petitioner has been provided adequate footwear that is compatible with his medical condition, and if not, to order that such be provided. On August 14, 2007, the superior court appointed the Prison Law Office as counsel for petitioner and set a hearing for October 26, 2007.

On August 21, 2007, the Attorney General on behalf of the California Department of Corrections and Rehabilitation (CDCR) filed a request in the superior court to vacate the order to show cause on the ground that petitioner's medical care is controlled by a federally appointed receiver and not by CDCR. On August 22, 2007, the superior court vacated the order to show cause and denied the petition for writ of habeas corpus. Its order states: "Because the California Department of Corrections and Rehabilitation's

1

Division of Health Care Services is under the management and control of a federal court-appointed receiver,[] this court has no jurisdiction to address the claims asserted [in]the May 9, 2007 petition for writ of habeas corpus filed by petitioner in the above referenced appellate court, case number A117652." The order further states: "Petitioner may present his concerns to the California Prison Health Care Receivership Corp., Office of the Receiver, 1731 Technology Drive, Suite 700, San Jose, CA 95110. Kristina Hector is the Inmate Patient Relations Manager for the Office of the Receiver." However, two form letters petitioner had previously received from Ms. Hector informed him the Office of the Receiver was "unable" to respond to the many letters like his it received from inmates complaining of inadequate medical attention and advised him 'to contact counsel for the inmate class in *Plata v. Schwarzenegger*, the Prison Law Office."

On August 30, 2007, petitioner filed a new petition for writ of habeas corpus and/or writ of mandate in this court setting forth the history of his prior petition and his continuing need for relief. On August 31, 2007, the Prison Law Office filed a letter in connection with this habeas petition, which we ordered filed as a letter amicus brief. The letter was submitted as previously-appointed counsel for petitioner in the superior court and as class counsel in *Plata v. Schwarzenegger*, No. C01-1351 TEH. It states, inter alia:

"The Prison Law Office originally filed the *Plata* case in 2001, alleging that defendants were providing constitutionally inadequate care in all of its state prisons under the cruel and unusual clause of the Eighth Amendment. In 2002, defendants conceded that the care was inadequate and stipulated to an injunction that required them to implement comprehensive new medical policies and procedures at all institutions."

"The state officials who were defendants in the *Plata* case agreed that individual lawsuits would *not* be precluded because of the class action. The injunction states [at paragraph 29]: 'Neither the fact of this stipulation nor any statements contained herein may be used in any other case or administrative proceeding, except defendants, CDC, or employees thereof reserve the right to use this Stipulation and the language herein to assert issue preclusion or res judicata in other litigation seeking class or systemic relief.'"

2

According to the Prison Law Office, paragraph 29 of the stipulated injunction was included because the focus of the *Plata* class action was on fixing the medical care *system* in CDCR. Given the approximate 170,000 class action members, it was not practicable, according to the Prison Law Office, for the class action to address their individual immediate needs, and that is why the avenues of state habeas corpus as well as civil rights actions were specifically left available to individual prisoners.

At our invitation, the Attorney General filed an informal response to the Prison Law Office's letter amicus brief and petitioner's new habeas petition. The Attorney General does not dispute the Prison Law Office's claim that the stipulated injunction in *Plata* allows individual actions in state courts. The Attorney General points out, however, that because control over the medical delivery component of CDCR has been taken from CDCR and given to the Receiver, the allowance by the injunction of such individual lawsuits by members of the plaintiff class in *Plata* is illusory, at least insofar as it purports to allow inmates to file state habeas corpus petitions alleging inadequate medical care. The Attorney General is correct.

The order of United States District Court Judge Thelton E. Henderson appointing the Receiver provides in pertinent part: "[T]he Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." *(Plata v. Schwarzenegger,* No. C01-1351, Order Appointing Receiver (Feb. 14, 2006) at p. 2.) The order further states: "The Receiver shall exercise all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the California prison medical health care system. The Secretary's exercise of the above powers is suspended for the duration of the Receivership . . . ." *(Id.* at p. 4) The Receiver's appointment became effective April 17, 2006.

The Receiver's fourth bi-monthly report, submitted in March 2007, described at some length why he "took steps to assume direct management over all aspects of *Plata* related services, removing Peter Farber-Szekrenyl from all responsibility concerning

3

CDCR medical care and announcing the formation of the *Plata* Support Division, a new unit of the CDCR dedicated to prisoner/patient medical care delivery support." The Receiver's reasons for this action were his convictions that: "1. Office of the Receiver staff, now that the assembly of his remedial term nears completion, are more capable of directing daily CDCR medical operations than State officials. [¶] 2. The periodic crises encountered by medical clinicians require timely and adequate responses which are best managed by the Officer of the Receiver. [¶] 3. The remedial processes will be more effective if long term project implementation merges as closely as possible with daily operations. [¶] 4. Providing directions for State employees concerning the daily operation of medical delivery in California's prisons will help ensure the eventual return of the prison medical delivery system to the State." (*Plata v. Schwarzenegger, supra,* Receiver's Fourth Bi-Monthly Report (March 19, 2007) at pp. 50-51.)

In May 2007, the Receiver moved for an order modifying portions of the stipulated injunction. Notably, however, paragraph 29 was *not* included among the provisions that assertedly needed modification and it was not modified. On September 6, 2007, Judge Henderson issued an order granting a number of the requested modifications. In the course of this order, Judge Henderson discussed the procedure for review by the Receiver and medical follow up of complaints his office was receiving from inmates of inadequate medical care. The Court acknowledged that there had been a "few cases in which the Receiver has intervened in an individual matter and determined that there is a serious medical issue," but declared "that responding to individual letters by the Receiver is not part of the systemic remedy that the Receiver has been charged with developing and implementing, *thus monitoring of these actions is not essential.*" (*Plata v. Schwarzenegger, supra,* Order Re Receiver's May 2007 Preliminary Plan of Action, and Motion for Order Modifying Stipulated Judgment (Sept. 6, 2007) at pp. 14-15, italics added.)

The form letters petitioner has received from the Receiver's Office demonstrate that, as in the case of petitioner, the Receiver is now largely refusing to investigate individual inmate claims of inadequate medical treatment. The Receiver's unwillingness

4

to inquire into inmate complaints of inadequate medical care raises the question why he cannot direct the appropriate state employees he supervises to do so. As we have noted, the Receiver has justified his assumption of direct management over all aspects of *Plata* related services on the grounds he is not only "more capable of directing daily CDCR medical operations than State officials," but also because "[p]roviding directions for State employees concerning the daily operations of medical delivery in California's prisons will help ensure the eventual return of the prison medical delivery system to the State."

In short, in *Catch-22* fashion, the federal receivership designed to *protect* inmates' right to adequate medical care operates not just to divest state correctional authorities of control over the provision of such care, and deprive state courts of the authority to insure delivery of medical care to inmates in need, but also, and perhaps most unconscionably, to allow the Receiver to relieve himself of any duty to address the medical problems of an individual inmate no matter how grave and even life-threatening they may be. We do not believe this unacceptable state of affairs could have been intended by the Federal District Court.

Before the federal Receiver assumed control of the state prison medical system, state courts had the power to grant relief to prison inmates denied essential medical care through writs of habeas corpus. Petitions for writ of habeas corpus "must be directed to the person having custody of or restraining the person on whose behalf the application is made...." (Pen. Code, § 1477.) However, because the Receiver, who has custody of state prison inmates for purposes of the delivery to them of medical care, is not amenable to state judicial process, we could not grant the petition before us even if we determined it has merit. The situation created by the rulings of the Federal District Court create a jurisdictional problem for aggrieved inmates that state courts are powerless to solve.

We are confident that if the effect of Judge Henderson's rulings and the conduct of the Receiver are brought to his attention through the filing in his court of a petition for writ of habeas corpus, he is likely to rectify the problem. We therefore commend that course of action to petitioner.

5

The petition for writ of corpus before us is denied on the ground that the only party that can provide the relief petitioner seeks, the federal Receiver, is neither a party to this proceeding nor subject to state judicial authority.

The Clerk is directed to serve copies of this Order also on United States District Court Judge Thelton E. Henderson, Federal Receiver Robert Sillen, and the Prison Law Office.

Date: OCT - 2 2007

KLINE, P.J.                                P.J.
J. Anthony Kline



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

Director:
Donald Specter

Staff Attorneys:
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

August 30, 2007

First Appellate District
Division Two
Court of Appeal of the State of California
350 McAllister Street
San Francisco, CA 94102

RE:   *In re Darryl Goldstein*, on Habeas Corpus
      California Court of Appeal Case No. A117652

Dear Honorable Justices of the First Appellate District:

    The Prison Law Office is class counsel in *Plata v. Schwarzenegger*, No. C01-1351, U.S. District Court, Northern California, T.E.H., the class action concerning medical care for prisoners within California Department of Corrections and Rehabilitation (CDCR). We were formally appointed counsel to petitioner in the superior court and request to file this letter as amicus. We submit this letter because we believe the outcome of this case may have a significant impact on the ability of individual *Plata* class members to obtain judicial relief for their medical conditions.

    In this case, Mr. Goldstein filed his petition for writ of habeas corpus on January 23, 2007 in Marin Superior Court. The State submitted an informal response on March 26, 2007, claiming that Mr. Goldstein had not exhausted his administrative remedies, and that he failed to state a claim for deliberate indifference. On April 23, 2007, the superior court denied the petition.

    Mr. Goldstein then filed his petition for writ of habeas corpus to the Court of Appeal, First Appellate District, on May 9, 2007. On August 1, 2007, the Court of Appeal ordered the CDCR to show cause before the Marin County Superior Court, on or before August 17, 2007 why the relief prayed for should not be granted. The Court further ordered the traverse be filed on or before August 31, 2007. Finally, the Court ordered the trial court to appoint counsel to represent the petitioner if it determined that petitioner was unable to afford counsel.

    On August 14, the Marin Superior Court ordered the appointment of the Prison Law Office to represent petitioner and scheduled an evidentiary hearing for October 26, 2007. The Court further ordered, on its own motion, authorization for the Prison Law Office to contract with an

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

First Appellate District
August 30, 2007
Page 2

independent podiatrist to evaluate the petitioner's need for footwear.

On August 15, 2007, the CDCR requested an extension of time from the Marin Superior Court. The same day, it moved to vacate the First District Court's Order to Show Cause, arguing that by ordering the CDCR medical care system into receivership in *Plata v. Schwarzenegger*, CV-01-01351, the federal court has preempted state court jurisdiction over petitioner's claims.

On August 22, 2007, Marin Superior Court vacated its order appointing counsel and setting the matter for an evidentiary hearing. Additionally, the Marin Superior Court purported to vacate this Court's August 1, 2007 Order to Show Cause. (See Attachment A, August 22, 2007 Order Vacating Order to Show Cause.) The case should be remanded, again, for a decision on the merits.

The Prison Law Office originally filed the *Plata* case in 2001, alleging that defendants were providing constitutionally inadequate care in all of its state prisons under the cruel and unusual clause of the Eighth Amendment. In 2002, defendants conceded that the care was inadequate and stipulated to an injunction that required them to implement comprehensive new medical policies and procedures at all institutions.

The state officials who were defendants in the *Plata* case agreed that individual lawsuits would *not* be precluded because of the class action. The injunction states: "Neither the fact of this stipulation nor any statements contained herein may be used in any other case or administrative proceeding, except defendants, CDC, or employees thereof reserve the right to use this Stipulation and the language herein to assert issue preclusion or res judicata in other litigation seeking class or systemic relief." (*See* Attachment B, Stipulated Injunction at ¶ 29.)

This provision of the stipulated injunction was included because the focus of the *Plata* class action was on fixing the medical care *system* in CDCR. There are approximately 170,000 class members in this action. Many of these individuals are suffering and some may die as a result of the unconstitutional medical care currently being received in CDCR. (*See* Attachment C, *Plata* Court's Findings of Fact and Conclusions of Law, October 3, 2005, at 2.) It was not practicable for the class action to be able to address the instant needs of this number of individuals, and thus, the avenues of state habeas corpus as well as civil rights actions were specifically left available to individual prisoners.

Despite this injunction, close monitoring and additional court orders, medical care in CDCR remains seriously deficient and dangerous. In 2005, Judge Henderson found that defendants' failure to provide constitutionally adequate care resulted in extreme harm to plaintiffs. He found that it was uncontested that a prisoner needlessly dies as a result of this care approximately once a week. He further concluded that the appointment of a Federal Receiver was necessary to bring about the systemic changes required to eliminate the "unconscionable degree of suffering and death" within the system. (Findings of Fact, at 2.) On April 17, 2006, Robert Sillen

First Appellate District
August 30, 2007
Page 3

was appointed as the Receiver. (Order Appointing Receiver, attached to Respondent's Request to Vacate Order to Show Cause, as Exh. A.)

Following the appointment of the Receiver, the injunction remains in place. Defendants, and now the Receiver, remain bound to implement the policies and procedures, and abide by the other provisions of the decree. As respondents point out, the Receiver recently moved to modify the Stipulated Injunction in this case. The Receiver did *not*, however, move to modify the provisions reserving the rights of class members to pursue individual lawsuits regarding inadequate medical care.

Even fifteen months after the appointment of the Receiver, many individual prisoners in CDCR require immediate medical attention, but are unable to receive it. Indeed, in a recent report, the Receiver cites to three deaths that occurred as a result of inadequate medical care, all within a single month in one state prison. (*See* Attachment D, Receiver's Fourth Bi-Monthly Report, at 52-53.) The Receiver cites this as an example of the on-going crises in medical care. (*Id.* at 52.)

The superior court stated it has no jurisdiction to address petitioner's claims due to the appointment of the Receiver. The superior court cited no law to support the lack of jurisdiction in this matter. *Plata* is not a shield that eliminates individual actions concerning medical care. Nothing in the receivership prohibits individuals from seeking relief for conditions that may lead to serious injury or death.

If the superior court's ruling were applied statewide the result would be to direct all of the claims made by the 170,000+ class members to the Receiver. It is not possible or practicable for the Receiver, who is charged with bringing the level of care provided to the class up to federal constitutional standards to address the hundreds, and perhaps thousands, of individual claims filed regarding medical treatment. Many individuals who require immediate care would not have their matter resolved timely, if at all. Consequently, some prisoners whose constitutional rights are being violated would continue to suffer, and perhaps die, waiting for their issues to be considered.

In their Request to Vacate, the State supported the superior court's position. First, they argued that CDCR is not the proper respondent because the Secretary's authority over the CDCR's medical system has been suspended. In fact, CDCR still retains authority over the prisoners and their conditions, even while the area of medical care this responsibility is placed with the Receiver. Additionally, the Receiver "stands in the shoes" of the Secretary of CDCR concerning medical care, and vested with the authority of that office. (Order Appointing Receiver, attached to Respondent's Request to Vacate, at 4; *Ledo Financial Corp. v. Summors*, 122 F.3d 825, 829 (9th Cir. 1997)). Thus, the responsibility for medical care is shared between the Receiver and the many state employees who continue to provide direct services and care. The appointment of the Receiver cannot be used as a means for the State to avoid their on-going duty to provide constitutional medical care.

First Appellate District
August 30, 2007
Page 4

    Further, as a practical matter, many – and perhaps most – of the orders that result from individual actions regarding medical care are resolved at the prison level. These include orders to have a patient examined by a staff doctor, referred to a specialist, or provided with medication. These are issues often in the control of individual medical staff members. To argue that, because of the Receiver, these issues cannot be addressed by CDCR staff is incorrect. The Receiver may be implementing large policy changes in CDCR, however, the daily care continues to be provided by CDCR staff. Thus, these staff members can be directed to act when and if a state court determines the medical care being rendered to an individual is unconstitutional.

    Second, respondents argue that petitioner should present his claim directly to the Receiver. However, as described above, defendants/respondents specifically agreed to not preclude individual habeas petitions for these types of cases. The provision – by which defendants and the Receiver are bound – is on-going and prevents defendants from using the class action to avoid answering individual action.

    Finally, neither the superior court, nor respondents, provide an explanation for why the state court cannot direct the warden to act when a court has determined that a prisoner has received treatment that is in violation of the Constitution. (Penal Code § 1477 (warden is appropriate respondent in habeas corpus matters)). In the event that the Receiver believes an order is inappropriate, he can appeal the order or raise the issue directly with Judge Henderson.

    We respectfully ask this Court to remand the case to the superior court for a decision on the merits.

                                     Sincerely,

                                     Donald Specter
                                   Director, Prison Law Office
                                   dspecter@prisonlaw.com




STATE OF CALIFORNIA

# Court of Appeal

FIRST APPELLATE DISTRICT
DIVISION TWO
350 McALLISTER STREET
SAN FRANCISCO, CA 94102-4712

J. ANTHONY KLINE
PRESIDING JUSTICE

TELEPHONE
(415) 865-7370
anthony.kline@jud.ca.gov

October 19, 2007

California Supreme Court
350 McAllister Street
San Francisco, CA 94102

RE: Publication request ~~In re Darryl Goldstein~~, A118925

Dear Justices:

Pursuant to rule 8.1120(b), we are forwarding a publication request from the Attorney General regarding the order we filed on October 2, 2007, along with a copy of the order in ~~In re Darryl Goldstein, A118925, because~~ we no longer have jurisdiction over the matter. Rule 8.1100 et seq. of the California Rules of Court pertaining to publication of appellate opinions refers only to publication of opinions and not orders. Accordingly, we recommend against publication of the order.

Sincerely,

KLINE, P.J.

J. Anthony Kline, Presiding Justice
Division Two, First Appellate District

Copies to all parties

*Prison Medical Appeal Issue*
*Receiver Issues*

# DECLARATION OF SERVICE BY MAIL

I, __2007  Jeremy Harper__, the undersigned, declare:
_Printed Name of Declarant_

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No. __F-28848__    Housing __2 H 89 Low__
San Quentin State Prison
San Quentin, CA 94974

On __December 18, 2007__, I served the following document(s):
_Month/Day_   _Year_

__REQUEST FOR APPOINTMENT OF COUNSEL__

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF CALIFORNIA
1301#)! Clay Street 400 South tower

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed at Oakland, ca 94 on this 18 day of December, 2007, at San Quentin, CA, County of Marin.

_Signature of declarant_