IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL L. GOLDSTEIN,

    Petitioner,

v.

ROBERT SILLEN, Federal Receiver,

    Respondent.

No. C 07-05958 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    This case was commenced when Petitioner filed a document captioned "Petition For A Writ of Habeas Corpus." Petitioner alleges that he is a diabetic who "suffers from severely calloused feet with a growth inside the right foot little toe." (Pet. at 1.) He states that the prison's podiatrist has not performed a foot surgery that "would relieve the pain and suffering [Petitioner] has to bear." (Id.)

    The petition does not attempt to challenge either the fact of Petitioner's conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement. A federal habeas petition is not the proper way to raise such claims. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because challenges to terms and conditions of confinement must be brought as civil rights complaint).

    A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The difficulty with construing the habeas petition as a civil rights complaint is that the two forms request different information and much of the information necessary for a civil rights complaint is not included on the habeas petition form used by Petitioner.[1] For example, the petition filed by Petitioner may not have listed all the intended defendants, does not link any defendant to the claim, does not include a prayer for relief (e.g., whether he wants damages

---

[1] The habeas versus civil rights distinction is not just a matter of using different pleading forms. A habeas action differs in many ways from a civil rights action. For example, a habeas petitioner may have no right to a jury trial on his claim, the Court may be able to make credibility determinations based on the written submissions of the parties, state court (rather than administrative) remedies would have be exhausted as to the claim, the only respondent would be the warden (who might not be able to provide the desired relief), and damages likely could not be awarded.

**United States District Court**
**For the Northern District of California**

and/or injunctive relief) and was not accompanied by the correct filing fee. Accordingly, the Court directs Petitioner to file a civil rights complaint stating his claims for relief if he wishes to go forward with this action as a civil rights action. The failure to file a completed civil rights complaint as directed below will result in the dismissal of this action without prejudice.

Petitioner must file a civil rights complaint using the attached civil rights complaint form no later than **thirty (30) days** from the date of this Order. Petitioner must write the case number for this action -- Case No. C 07-05958 SBA (PR) -- on the form and complete all sections of the form. Petitioner is particularly directed to list all persons who he wishes to name as defendants. In the statement of his claim, he must link individual defendants to his claim by explaining what each defendant did that caused a violation of Petitioner's constitutional rights so that the Court and defendants can figure out who he proposes to hold liable for what conduct. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). He is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another. Liability under § 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Petitioner also must allege whether he wants damages and/or injunctive relief in this action.

A separate area of concern is the incorrect filing fee. Because this petition is not properly brought in habeas and is being construed as a civil rights action, Petitioner must pay the $350.00 civil filing fee rather than the $5.00 habeas filing fee. Petitioner must pay the $350.00 filing fee or file an application for leave to proceed in forma pauperis, no later than **thirty (30) days** from the date of this Order. The failure to do so will result in the dismissal of this action without prejudice.

The Clerk of the Court shall send Petitioner a blank civil rights form and the Court's prisoner in forma pauperis application form along with his copy of this Order.

IT IS SO ORDERED.

DATED: 6/19/08

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\HC.07\Goldstein5958.DWLA-CR.wpd

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
   FOR THE
2  NORTHERN DISTRICT OF CALIFORNIA

3

4  DARRYL L. GOLDSTEIN,                        Case Number: CV07-05958 SBA

            Plaintiff,
5                                              **CERTIFICATE OF SERVICE**
      v.
6
   ROBERT SILLEN FEDERAL RECEIUCER et
7  al,

8           Defendant.
                                          /
9

10 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
   Court, Northern District of California.
11
   That on June 19, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said
12 copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
13 located in the Clerk's office.

14

15
   Darryl Lee Goldstein
16 101 Hyde Street
   San Francisco, CA 94102
17
   Dated: June 19, 2008
18                                              Richard W. Wieking, Clerk
                                                By: LISA R CLARK, Deputy Clerk
19

20

21

22

23

24

25

26

27

28

P:\PRO-SE\SBA\HC.07\Goldstein5958.DWLA-CR.wpd