| | |
|---|---|
| 1 | **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983** |
| 2 | Name _____GOLDSTEIN  DARRYL  LEE_____ |
| 3 | (Last)                    (First)                    (Initial) |
| 4 | Prisoner Number _____P-79097_____ |
| 5 | Institutional Address ___Home address is 101 Hyde Street, San Francisco, Ca. 94102___ |

**FILED JUL 1 1 2008**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**RECEIVED JUL 1 1 2008**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DARRYL LEE GOLDSTEIN
(Enter the full name of plaintiff in this action.)

vs.

ROBERT SILLEN , FEDERAL RECEIVER ET AL

PLEASE SEE ATTACHED SHEET FOR ALL

NAMED DEFENDANTS

(Enter the full name of the defendant(s) in this action)

Case No. C-07-05958SBA  (PR)
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
Title 42 U.S.C § 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.  Exhaustion of Administrative Remedies.

   [**Note:** You must exhaust your administrative remedies before your claim can go forward.  The court will dismiss any unexhausted claims.]

   A.  Place of present confinement ___PLAINTIFFF WAS CONFINED AT SAN QUENTIN SATE PRISON AT THE TIME OF THE INCINEBTS___

   B.  Is there a grievance procedure in this institution?

       YES ( ) **X**   NO ( )

   C.  Did you present the facts in your complaint for review through the grievance procedure?

       YES (**X**)   NO ( )

   D.  If your answer is YES, list the appeal number and the date and result of the appeal at each level of review.  If you did not pursue a certain level of appeal, explain why.

COMPLAINT                                    - 1 -

1  |   1. Informal appeal ___Appeal was submitted to informal levela___
2  |      and denied
3  |   _____
4  |   2. First formal level ___Submitted and denied___
5  |   _____
6  |   _____
7  |   3. Second formal level ___SUBMITTED AND DENIED___
8  |   _____
9  |   _____
10 |   4. Third formal level ___SUBMITTED AND DENIED___
11 |   _____
12 |   _____
13 |   E.  Is the last level to which you appealed the highest level of appeal available to
14 |       you?
15 |           YES ( X )     NO ( )
16 |   F.  If you did not present your claim for review through the grievance procedure,
17 |   explain why. _____
18 |   _____
19 |   _____
20 | II.  Parties.
21 |   A.  Write your name and your present address. Do the same for additional plaintiffs,
22 |       if any.
23 |   ___DARRYL LEE GOLDSTEIN_____
24 |   _____
25 |   _____
26 |   B.  Write the full name of each defendant, his or her official position, and his or her
27 |       place of employment.
28 | SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

DEPUTY REGIONAL SECRETARY OF CORRECTIONS MEDICAL DIVISION NORTH

COMPLAINT                        - 2 -

| | |
|---|---|
| 1 | DR SAYLOR CHIEF MEDICAL OFFICER SAN QUENTIN<br>Dr Kannon CHIEF MEDICAL OFFICER SAN QUENTIN<br>DR. ELAINE POOTELL CHIEF MEDICAL OFFICER<br>DR GRIFFIN FOOT DOCTOR SAN QUENTIN<br>DR WILSON MEDICAL DOCTOR RECEPTION UNIT<br>ASSOCIATE WARDEN SHELIA PETRIKAS |
| 2 | Dr David   UNIT DOCTOR SAN QUENTIN |
| 3 | ROBERT SILLEN FEDERAL RECEIVER |
| 4 | J. CLARK Kelso Fecedral Receiver      Robert Ayers Warden San Quentin |

5  III.    Statement of Claim.

6       State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.

10          PLEASE SEE ATTACHED IN FULL

23  IV.    Relief.

24       Your complaint cannot go forward unless you request specific relief. State briefly exactly
25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26    PLAINTIFF REQUEST THAT JUDGMENT FOR THE PLAINTIFF BE GRANTED IN THE
27    AMOUNT OF FIVE HUNDRED THOUSAND DOLLARS SEVERELY AND JOINTLY AGAINST
28    THE DEFENDANTS AND THAT THIS CASE BE REFFERED TO MAGISTRATE NANDOR VADAS

FOR  for COURT ORDERED SETTLEMENT PROCCEDINGS.

COMPLAINT                              - 3 -

1
2
3
4

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___11___ day of ___July___, 20_08_

_____
(Plaintiff's signature)

```
1  DARRYL LEE GOLDSTEIN
   101 Hyde Street
2  S. Francisco, Ca
   94102
3
   PLAINTIFF PRO SE
4
```

UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

DARRYL LEE GOLDSTEIN

   Plaintiff

vs.

ROBERT SILLEN ET. ALL.,

   Defendants

Case No: C-07-05958 SBA (PR)

COMPLAINT   42 U.S.C Sec 1983
DEMAND FOR JURY TROAL

PRELIMINARY STATEMENT

This is a civil rights filed by DARRYL LEE GOLDSTEIN , a former state prison now on active state parole .for damages , under 42 U.S.C. Section 1982. alleging denial of medical treatment , delay and obstruction of medical care in violation of the Eighth Amendment of the United States Constitution.

The plaintiff also alleges the tort of negligence .

JURISDICTION

!. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. Sections 1331 and 1343.

2. The court has supplement jurisdiction over the plaintiff's state law tort claims under 42 U.S.C. Section 1357.

(1)

PARTIES

3. The plaintiff DARRYL LEE GOLDSTEIN was at all time mentioned herein confined at San Quentin State prison .

4. Defendant Sillen was the Federal Receiver appointed to oversee the Health Care System of the California Prison System, and was responsible to assure adequate medical care and treatment to all prisoners confined within the prison system.

5. Defendant Kelso assumed the duties of defendant Sillen and was the Federal Receiver during the later part of the plaintiff's confinement .

6. James Tilton was at all times the Secretary of Corrections and thus responsible for the health care of all prisoners , and the actions and in-actions of all of his employees.

7. Defendant Deputy Secretary Health Care Section (North) was responsible for assuring that San Quentin State Prison prisoners received appropriate medic medical care  treatment .

8. Robert Ayers was the Warden at San Quentin State Prison and was responsible for assuring that all inmate  at San Quenstin State prison received adequate medical care and treatment.

9. Dr Griffin was the foot doctor at San Quentin State Prison

10 Dr Saylor was the Chief Medical Officer at San Quentin State Prison and was responsible for assuring adequate medical care and treatment to all prisoners confined there .

11. Dr Kanno was a Chief Medical Officer at San Quentin State Prison and was responsible for assuring adequate medical care and treatment to all prisoner confined there.

12. Dr Pootell, was a Chief Medical Officer at San Quentin State Prison and was responsible for assuring adequate medical care and treatment to all prisoners confined there.

(2)

13 Dr Wilson was a Reception Unit doctor at San Quentin State Priosn and was charged with assuring adequate health care to all Reception Unit inmates .

14. Dr David was a Unit doctor at San Quentin and was charged with assuring adequate medical care and treatment toall inmate housed in North Block Unit.

15 Shelia Pertikas was the Associate Warden of the Reception Unit at San Quentin State Prison and was charged with assuring the adequate care and treatment of all inmates in that United

16. Booker Welch was the Associate Warden Health Care section at San Quentin State Prison and was charged with assuring that all inmates received adequate health care and the actions and inactions of staff under his supervision.

All Defendants are sued in both their official and individual capacity

(3)

## BACKGROUND

This case derives from a Petition for Writ of Habeas Corpus in this Court under 2254. On June 19, 2008, this court issued Order Of Dismissal With Leave To Amend. Plaintiff Petitioner was directed to refile this matter as a Civil Rights Complainty under 42 USC Section 1983. Thus follows this instant complaint.

The claims stem from a long period of deliberate indifference to the health care of the Plaintiff by San Quentin State Prison Officials and the Office of Receiver ( Appointed by the Federal District Court (Hon Theldon Henderson.

Medical Records at the Prison indicate that Plaintiff was being seen for his serious foot prolems as far back as 2003. Plaintiff paroled and was returned to custody ( San Quentin State Prison ) in June 2006, and plaintiff alerted medical staff of his foot problems. Despite the plaintiff specifically informing the Reception Center Physician **Dr. Wilson** of his foot problems he was not seen for months.

Plaintiff used the inmate appeal system to seek appropriate treatment.Plaintiff was subsequently housed in Administrative Segregation during which time ( October 06 to March 07) he was denied appropriate foot care treatment . Upon release from Administrative Segregation March 2007, plaintif was seen by Dr Griffin the San Quentin Foot Doctor and told several time that he would most likely need an operation on his right foot litte toe area.

(4)

Plaintiff was never provided the operation although he exhausted his administrative remedies and filed a battery of habeas corpus petition in Marin County Superior Court , Court of Appeal State of California First Appellate District, prior to being instructed by the Court of Appeal to file a Habeas Corpus Petition in this Court.

### CONTENTIONS AND CLAIMS

1. Plaintiff claims that Robert Sillen the former Federal Receiver and his Manager at San Quentin State Prison **Jayne Russell**, were responsible for assuring adequate health care to plaintiff and even after plaintiff wote each of them letters outlining his complaints concerning his foot care problems and other mdeical problems ( **the other medical problems and the illegal confinement are addressed in a separate action to be filed with court.** that they took no action to see that adequate health was provided top the plaintiff .

Plaintiff was released from San Quentin State Prison on February 23 2008, with out having ever received the operation on his foot , plaintiff was     ALSO RELEASED BY San Quentin Officials without **any** medications.

Plaintiff contends that both Sillen and Russell knew or should have known from the may letters that teh plaintiff had sent to them, the administraive appeals that plaintiff filed , that plaintiff was not receiving approprite medical care and treatment for his foot claims and that based on his being diabetic his foot problems need appropriate care, they took no such action

Jayne Russell the Receiver's San Quentin Manager also was in charge of the medical staff that released plaintiff without any of his medications for his serious medical needat at the time of his february 23, 2008 parole date.

(5)

2. J. Clark Kelso the present Federal Receiver and who held that position at the time of the plaintiff's release from San Quentin State Prison without adequate foot care treatment or medications , Plaintiff contends that he was in a position of authority to know or should have know that the plaintiff had not received adequate foot care treatment and was responsible for the staff that were in charge of providing release medications to the plaintiff at the time of his February 23, 2008 , parole date.

3. Plaintiff contends that the Agency Secretary James Tilton and the Deputy Secretary of Corrections Health Care Division were in a position of authority to see that the plaintifff received adequate health care for his foot problems and that the plaintiff be released with appropriate medications for his medical problems .

Plaintiff contends that both the Agency Secretary and the Deputy Secretary knew that he was not receiving adequate medical care for his foot problems from the many letters that plaintiff had written to them.

4. Plaintiff further contends the the Warden of San Quentin State Prison Robert Ayers had a duty to see that the plaintiff was provided adequate medical care and treatment for his foot problems and failed to do so eventhough the plaintiff wrote many letter to Warden Ayers regarding his for problems.Warden Ayers is liable for the actions and inactions of the San Quentin Medical Staff and the officers who released the plaintiff from San Quentin State prison without any  of his medications .

Plaintiff contends that Doctors Saylor and Kannon who were Chief Medical Officers from June 206 and up to December 2007, had a responsibilty to assure plaintiff adequate foot care treatment and appropriate medications upon his release on parole , and did not do so.

(6)

6. Plaintiff further contends the Chief Medical Officer Elaine Pootell who was in that position from February 2008 , and remained in that position until the time of the plaintiff's parole on February 23, 2008, had a duty to assure that the plaintiff received adequate foot care treatment prior to his parole date and be provided appropriate medications at the time of his parole date , and failed to do so.
Plaintiff also contends that as the Chief Medical Officer Pootell was responsible for the actions and inactions of all medical staff at San Quentin State Prison and as such failed to assure that those employees provided the plaintiff foot care treatment and medications at the time the plaintiff was paroled.

7. Dr Griffin the foot doctor at San Quentin State Prison was well aware of the plaintiff's need for foot surgery and other appropriate foot care treatment and took no action to see the prison officials provided that treatment to the plaintiff even though the plaintiff wrote many letters to Dr. Griffin regarding his foot pain , his being unable to wear shoes , and his problems sleeping at night based on the extreme foot pain plaintiff suffered.

Plaintiff further contends that Dr Griffin had a responsibility to to adequate supervise the medical staff who failed to provided plaintiff fot doctor appointments , appropriate shoes and other foot care aides.

8. Plaintiff further contends that Shelia Petrakis who was the Associate Warden over the San Quentin Reception Unit in June 2006 , at the time the plaintiff was confined there and sought adequate foot care treatment and took no action to do so .

9. Dr Wilson the Reception Center doctor who saw the plaintiff a number of times while the plaintiff was confined to the Reception Unit knew of the plaintiff foot problems the plaintiff's diabetes and that without adequate care and treatment plaintiff would face medical harm , and took

(7)

no action to see that the care and treatment was provided to the plaintiff.

[10]Doctor David was the Unit doctor in the North Block Unit where the plaintiff was housed from March 07 until February 2008. Even though the plaintiff wrote many letters to Dr. David complaining of his foot pain and need for appropriate shoes , Dr David took no action to see that the plaintiff was provided the treatment . Dr David examined the plaintiff's feet at least several times during that period and was aware that the plaintiff was a diabetic .

Plaintiff contends that these defendants each and every one of them sounded deliberate indifference to his serious medical needs by failing to provided adequate foot care treatment which caused constitutional injury and additional physical harm to the plaintiff.

Plaintiff contends that each and every one of the named defendants wer made aware of his pain and suffering from his foot problems by the inmate appeals and letters to them.

Plaintiff further contends that each and every named defendant participated in an ongoing series of deliberate indifferance to his serious medical needs .

Plaintiff further contends that named defendants who are medical staff knew of his diabetic condition  and that his foot problems should have been adequately addressed and failed to do so.

Plaintiff further contends that the custody/ administrative named defendants were made aware of the plaintiffs need for foot care treatment from his many letters to them and still failed to take action to assure the provision of adequate health care for his foot problems.