DARRYL LEE GOLDSTEI
101 Hyde Street
San Francisco, Ca.
94102
Plaintiff Pro Se

# FILED

JUL 1 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

DARRYL LEE GOLDSTEIN
      Plaintiff

    vs.

ROBERT SILLEN, FEDERAL RECEIVER
      Defendants

CASE NO:  C-0705958 SBA (PR)
PLAINTIFF 'S REQUEST FOR
JUDICIAL NOTICE

Pursuant to Federal Rules of Evidence , Rule 201 , Plaintiff DARRYL LEE GOLDSTEIN request this Court to take Judicial Notice of the existence of and content of the following documents  filed in the United States District Court Northern District of California, Court of Appeal State of California First Appellate District , Superior Court State of California  County of Marin .

These documents are judicially noticeable under federal rules of evidence rule 201 ( b) .Most of these documents contain adjudicative facts  not reasonably disputable  and they are capable  of accurate  and ready determination from a source  whose  accuracy  cannot be be questioned.

(1)

1
2
3
4
5
6     Dated 7/11, 2008
7                                                    DARREL LEE GOLDSTEIN
                                                     PRO SE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27                              (2)
28

DOCUMENTS TO BE JUDICIALLY NOTICED

!. The Original Habeas Corpus filed in this case .

2. All filing in the Marin County Superior Court and the California Court of Appeal , First Appellate District on file with this Court from the prior proceedings of the original habeas corpus petition.

3. All letters from the plaintiff to the defendants in this case attached to the present complaint.

4. All previous submissions of evidence by the plaintiff regarding his foot care treatment filed in the Marin County Superior Court , the Court of Appeal State of California , First Appellate District and the original chabeas corpus pleadings in this court.

EXHIBITS

A. Letterfrom the Division of Correctional Health Care Services verifying that plaintiff brought his foot problems to that agency.

B. Letter from plaintiff to the Federal receivers San Quentin Manager Jayne Russel regarding his foor problems

C. Letter from plaintiff to the San Quentin Supervising R.N. regasrding plaintiff's foot problems

D. Letter from plaintiff to acting Chief medical Officer informing him of plaintiff foot problems and inability to walk long distances.

E. Letter from plaintiff to then San Quentin Chief Medical Officer regarding plaintiff;s foot problems.

F. Letter from plaintiff to then San Quentin Medical Appeals Officer regarding plaintiffs inability to get adequate foot care treatment from the Unit Doctor Dr. Dacid

G. Letter from plaintiff to Chief of Inmate Appeals California Department of Corrections rgearding plaintiffs inability to get adequate foor care treatment from Dr. David

H. Letter from plaintiff to Dr Saylor Chief Medical Officer at San Quentin regarding plaintiff's foot problems

I Letter to plaintiff from Office of Federal receiver acknowleding letters from plaintiff rgearding plaintiff's medical problems and taking no action.

J. Plaintiff memo to the San Quentin Foot Doctor , Dr Groffin regarding plaintiff's foot problems that were never adequately addressed prior plaintiff paroling February 23, 2008.

K. Letterfrom from then Chief Medical Officer Dr Saylor denying

(1)

1  plaintiff's continued request fro appropriate foot care treatment
2  and letter from Chief Inmate Appals likewis
3         L. Plaintiff medical records regarding his foot problems
4         M Letter from plaintiff to San Quentin Warden regarding unanswered
5  appeal regarding plaintiff's foot care .
6         N. Correspondence from Prison Law Office regarding plaintiff's foot
7  care
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25                                    (2)
26
27
28

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

## *DIVISION OF CORRECTIONAL HEALTH CARE SERVICES*

P.O. Box 942883
Sacramento, CA 94283-0001



May 7, 2007


Mr. Darryl Goldstein, P-79097
California State Prison, San Quentin
San Quentin, CA  94964

Dear Mr. Goldstein:

This is in response to your correspondence dated March 27, 2007, to Secretary James Tilton, California Department of Corrections and Rehabilitation (CDCR), and to the Chief Medical Officer, California State Prison, San Quentin (SQ), regarding the medical care and treatment you are receiving while incarcerated at SQ.    Your correspondence was forwarded to the Division of Correctional Health Care Services (DCHCS) for review.  I have been asked to respond to your concerns.

In your correspondence you state you are denied appropriate medical care and treatment at SQ.  You enclosed an appeal (SQ 06-2751) that was denied at the Director's level.  In that appeal you requested proper medical treatment of your right foot and a chrono for soft shoes.  You request immediate intervention on your behalf to address your health care concerns.

DCHCS contacted the SQ medical staff who reviewed your Unit Health Record (UHR) and medical appeals records.  Your UHR indicates you were examined by the podiatrist on November 29, 2006.   The podiatrist provided treatment to your right foot, and suggested you purchase wide shoes through the catalog available at your instituion.  You were seen by your Primary Cary Provider (PCP) on April 4, 2007.  Your PCP requested another appointment with the specialist, and the appointment is pending.  There was no indication in the record that you have been denied medical care and treatment at your institution for the health concerns you raised in your correspondence.

The inmate appeal process described in the California Code of Regulations, Title 15, is an integral part of the administrative remedies available for inmates to resolve issues concerning any departmental decision, action, condition or policy that they can demonstrate has had an adverse effect upon their welfare.  If you are not satisfied with the medical care you are receiving, you are encouraged to address your issues through the inmate appeals process.    The issues are reviewed and responded to carefully and thoroughly.  It is the Department's desire to resolve these issues at the local level if at all possible.  DCHCS was informed you have filed an appeal at SQ to address the issues you

Mr. Darryl Goldstein
Page 2

raised in your correspondence. The appeal was partially granted at the second level, and denied at the Director's level.

If you require further assistance, you may use the "sick call" process by completing a *Health Care Services Request Form*, CDC Form 7362, to request an appointment with a clinician to address your concerns.

I hope this information has been of assistance to you.

Sincerely,

THERESA KIMURA-YIP
Staff Services Manager II
Clinical Operations Support Section
Division of Correctional Health Care Services

cc:    Regional Administrator – North
       Regional Medical Director – North
       Health Care Manager, SQ

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF CORRECTIONAL HEALTH CARE SERVICES**
P.O. Box 942883
Sacramento, CA 94283-0001



August 30, 2007

Mr. Darryl Goldstein, P-79097
San Quentin State Prison
San Quentin, CA 94964

Dear Mr. Goldstein:

This is in response to your correspondence dated July 9, 2007, to the Division of Correctional Health Care Services (DCHCS), California Department of Corrections and Rehabilitation (CDCR), regarding the medical treatment you are receiving while incarcerated at the San Quentin State Prison, (SQ). I have been asked to respond to your concerns.

In your correspondence you state your housing unit physician has failed to respond to your medical appeals in over three months. You contend you are diabetic, have high cholesterol, and foot problems. You state SQ medical staff routinely allow your prescribed medications to expire. You request immediate intervention on your behalf to address your medical concerns in a timely manner.

DCHCS contacted the SQ medical staff who reviewed your Unit Health Record (UHR) and medical appeals history. The UHR indicates your prescribed foot cream and cholesterol medications were renewed and delivered to you on July 27, 2007, and August 16, 2007. Your complaint regarding your housing physician must be addressed through the Health Care Manager at SQ. The record indicates your medical treatment is being addressed by the SQ medical staff.

The inmate appeal process described in the California Code of Regulations, Title 15, is an integral part of the administrative remedies available for inmates to resolve issues concerning any departmental decision, action, condition or policy they can demonstrate has had an adverse effect upon their welfare. If you are not satisfied with the medical treatment you are receiving, you are encouraged to address your issues through the inmate appeals process. The issues are reviewed and responded to carefully and thoroughly. It is the Department's desire to resolve these issues at the local level if at all possible. A review of the appeals record at SQ indicates you have not filed any appeals regarding the medical concerns you raised in your correspondence.

Mr. Darryl Goldstein
Page 2

If you require further assistance, you are encouraged to use the "sick call" process by completing a *Health Care Services Request Form,* CDC Form 7362, to request an appointment with a clinician to address your concerns.

I hope this information has been of assistance to you.

Sincerely,

*Margie Shea, SSM-1 (A)*

for THERESA KIMURA-YIP
Staff Services Manager II
Clinical Operations Support Section
Division of Correctional Health Care Services

cc:    Regional Administrator - North
       Regional Medical Director - North
       Health Care Manager, SQ

August 20,2007


Jayne R. Russell, M.Ed, CCHP-A
Program Manager
Office ofthe Receiver
CSP, San Quentin
San Quentin, Ca
94964.


**RE DARRYL LEE GOLDSTEIN, P-79097**


Dear Ms. Russell:

This letter is to inform you in your official capacity as the
**Receiver's Manager,** of the following problems concerning my
health and  health care treatment.

As my medical records verify I suffer from a number of serious
medical problems including but not limited to mobility concerns
cardiovascular , and a visual impairment.

None of these medical conditions presently impact my placement
at this institution as long as certain treatments are provided.

Based on the population explosion and the California Department
of Corrections need to locate bed space deliberate indiference
is being sopunded to my medical concerns and adequate and
meaningful access to the courts.

On August 15, 2007, I was informed by my Correctional Counselor
that I would be reviewed for placement in H Unit.  While other
issue are present as to why I should not be placed in that Unit
.

The medical issue is that my podiatry problems and other health
concerns will not allow me to travel several times a day from
H Unit to North Block Area to use the inmate law library . I
must use the inmate law library daily.

More than once I've experienced shortness of breath, dizzy spells
and other medical problems just walking to the lower yard.

My contention is that the Department of Corrections is sounding
deliberate indifference to my health in proposing to house me
in H Unit in view of my medical concerns , to accommondate
a over crowded correctional system.

Page  Two Darryl Lee Goldstein, P-79097
August 20, 2007

My understanding  in reading the  **Order Appointing Receiver**  filed
February 14, 2006 , signed by the Honorable  Thelton E. Henderson
United States District Court Judge , that the Office of Receiver has
the **Power and Authority**  to exercise administration , control,
management, operation , and financing of the California Prison System
medical health care system. **(See Order  supra dated 2/14/06 page 4
lines 2-10)**

**Ergo its my understanding that the Office of Receiver can exercise
control** over hosing a prisoner in a situation adverse to his or her
health.

My request is that the Office of Receiver review any action to relocate
me to H Unit . Such a review would avoid the matter of my housing
being litigated in the attached legal action regarding my health in
the Marin County Superior Court. I certainly do plan to request that
my attorneys the  **Priosn Law Office** , bring this issue to the courts
attention.


Thank you kindly for allowing me to bring this matter to your attention
for resolve.



Veryt truly yours,

Darryl Lee Goldstein
/dlg

CC: The Honorable Thelton E. Henderson
    John Hangar , Chief of Staff Office of Receiver
    Court File
    Inmate Litigation Team

August 13, 2007

S. Grove Supervising R.N.
General Population
CSP, San Quentin

**RE GOLDSTEIN, P-79097**

Ms Grove:

Thank you kindly for all of your assistance in taking care of
my eye surgery. I only wish you would have been on staff  years
ago.

Perhaps you could assist me in resolving the attached matter
which relates to my podiatry concerns. The podiatry problem
is more than just having the wshoes , which as your aware I
have now. I think you personally examined my foot last month
in the clinic and explained to me the medical condition as you
saw it. However , the problem is not any better - it will not
heal -the pain is very bad - and the problem is spreading down
my foot . Incidently the last time I saw Dr. Griffin  he asked
why surgery was never done.

On Saturday when I went out to U.C.S.F Medical Center the doctor
looked at my foot ( it was the only area I told them I had
pain in ) , and indicated I should be seen in the foot clinic
there .

Rather then move for an Evidentrtiary hearing **(which is where
the case is presently heading as ordered by the Court of Appeal**

May 21, 2007


Dr Williams
Chief Medical officer (acting)
C.S.P.  SAN QUENTIN
San Quentin, ca
94964


**GOLDSTEIN, p-79097**

Dr Williams :


This letter will serve as my medical request per Inmate request for
medical treatment  CDC Form 7362. Also attached is a copy of the
letter from  **Theresa Kimura -YIP, of the division of  correctional
Health services.**

Please note that the foot care treatment matter has not been
addressed by Dr Griffin, although I have an appointment pending (
I was scheduled for May 9, 2007 this was moved back to May 23,
2007 , even though I worte the doctor complaining of my contimned
foot pain and unable to wear shoes), the same problem will
exist until I am allowed a chrono to buy shoes , or special
shoes are made for me, and the surgery possibility is addressed.

Additionally, please note that my medical appeals have not been
answered some for over thirty days from the due dates. Thisis
something that the superior court questioned and is part of the
claims in the court of Appeal that is pending.

I would also  request that you note the memo from the Prison
Law Office to the Deputy Attorney General handling the Plata
litigation, regarding my foot care treatment.

I also attach a copy of my request for treatment/inmate
appeal that  the Unit Doctor has declined to answer. These
delays and denials form a cumulative example of deliberate in
difference..

I need to be seen by a medical doctor ( I may be having side
effects from the Lipator ) and I do not want to see Dr David
in North block.

I hope that this letter and the attached information sufficiently
gain your knowledge to my situation.


Thank you for your time and anticipated reply,

Page two
Goldstein, P-79097
May 21, 2007


DARRYL   LEE GOLDSTEIN
/dlg


CC Correctional health Care Services Director
   James tilton agency secretary
   Prison Law office
   Robert sillen

May 15, 2007


Dr Williams
Chief medical Officer ( acting)
C.S.P San Quenti
San Quentin, Ca
94964


Re GOLDSTEIN, P-79097 1 North 1 001


Dr Williams :

I received a copy of a  CDC 7140 regarding shoes. Please note
that this action still leaves me in the same situation, the
approved vendors  have no shoes that are medically correct for my
feet .Additionally, inmates must either buy a quarterly package
to get shoes the institution does not allow shoes to come in
separate . I am unable to buy a full quarterly package.

I am still wearing the shower shoes I have and I wear them all
over the instutuion which is a security issue.


My appointment with the foot doctor was moved from May
9, 2007 to May 23, 2007. I am not certain what you can do about
this situation

However, I hope that this letter gains your knowledge to the fact
that I continue to suffer unnecessay pain in my feet and have not
been seen by the foot doctor ,while making continued request ,since
November 2006.

Thank you for your attention to this matter.

Darryl Lee Goldstein
/dlg

                                        Dep Attorney Gen (**PLATA**)
                                        **PRISON LAW OFFICE**
                                        Robert Silen, Receiver

May 21, 2007


Dr Williams
Chief Medical officer (acting)
C.S.P.   SAN QUENTIN
San Quentin, ca
94964


**GOLDSTEIN, p-79097**

Dr Williams :


This letter will serve as my medical request per Inmate request for
medical treatment . CDC Form 7362. Also attached is a copy of the
letter from **Theresa Kimura -YIP, of the division of   correctional
Health services.**

Please note that the foot care treatment matter has not been
addressed by Dr Griffin, although I have an appointment pending (
I was scheduled for May 9, 2007 this was moved back to May 23,
2007 , even though I worte the doctor complaining of my contimned
foot pain and unable to wear shoes ), the same problem will
exist until I am allowed a chrono to buy shoes , or special
shoes are made for me, and the surgery possibility is addressed.

Additionally, please note that my medical appeals have not been
answered some for over thirty days from the due dates. Thisis
something that the superior court questioned and is part of the
claims in the court of Appeal that is pending.

I would also  request that you note the memo from the Prison
Law Office to the Deputy Attorney General handling the Plata
litigation, regarding my foot care treatment.

I also attach a copy of my request for treatment/inmate
appeal that  the Unit Doctor has declined to answer. **These
delays and denials form a cumulative example of deliberate in
difference..**

I need to be seen by a medical doctor ( I may be having side
effects from the Lipator ) and I do not want to see Dr David
in North block.

I hope that this letter and the attached information sufficiently
gain your knowledge to my situation.


Thank you for your time and anticipated reply,

Page two
Goldstein, P-79097
May 21, 2007


DARRYL  LEE GOLDSTEIN
/dlg


CC Correctional health Care Services Director
   James tilton agency secretary
   Prison Law office
   Robert sillen

August 20, 2007

Dr Kannon
Chief Medical Officer
CSP, San Quentin

**RE DARRYL LEE GOLDSTEIN -P-79097**
          DELIBERATE INDIFFERENCTO MEDICAL NEEDS

**Dr Kannon:**

This letter is to request your assistance as Chief Medical
Officer to intervene in an attempt to inappropriately house
me.

I received the attached CDCR Chrono from my assigned correctional
counselor. regarding a possible placement in H Unit. Based on
my mobility limitatioins and my present foot problems as
addressed in the attached court order, I will not be able to
walk to distance between H Unit and the law library several
times a day . I must use the law library each day based on the
amount of litigation that I am handling on my own without counsel
in some matters.

I was instructed to have medical staff review any H Unit
placement. I already have mobility limitation chronos , however
I do meet the requirements of any Armstrong . In addition to
those mobility concerns i have a heart murmur and other
cardiovascular problems that would prevent me from being
appropriately housed in H Unit.

Could you please refer this letter to the appropriate person
on your staff to respond.


Thank you kindly,



Inmate Goldstein
P-79097
1 North 001 Lower

May 7, 2007


C David ,Unit Physician


Dr David :

This inmate appeal which concerns your denial of adequate medical and treatment is being submitted to you for informal review .


Thank you


D.L. Goldstein
dlg/


CC DR Williams Chief Surgeon
   File copy

June 1, 2007


Elizabeth Ortega SSA,(acting)
Medical Appeals coordonator
C.S.P. SAN QUENTIN
San Quentin, Ca
94964


### DARRYL LEE GOLDSTEIN,  P-79097


Ms Ortega:

I have received your memo regarding my  medical appeals.

You state that my appeal can not be understood and has to much
attached to it , and has pointless verbitage.

You are incorrect, all the appeal ask is for your ofice to answer
outstanding appeal some of them over 60 days old. All the
appeal address my need for  medical treatment.

There was a letter attached also requesting the Chief Medical
Officer allow me to be seen by a doctor other than the North
Blok Unit Doctor Dr David. After much pleading with Dr David
for adequate medical care and treatment and my rash condition
becomming worse based on her refuing to treat me, I can ot in
continue to be seen by Dr David ,, and **will not** .


Since its apparent you will not file my medical appeals **that
seek adequate medical treatment** , I will seek administrative
review of that denial through the Warden and the Office of
Federal Receiver.


A revised inmate appeal is also attached .


Thank you ,

Daryl Lee Goldstein
/dlg


cc: Health Care Manager
    WARDEN AYERS
    Regional Medical Director —North
     Office of Federal Reciver
    Court Litigation File

May 2, 2007


Chief Inmate Appeals
P.O. Box 942883
Sacramento, Ca
94283 -0001


RE **GOLDSTEIN** ,P-79097   C.S.P. Sabn Quentin


Dear Chief Inmate Appeals:


This letter is to be considered as part of my third level appeal
NO CSQ 07-673.

This appeal was denied at the direction of C David the Unit
doctor here at San Quentin. This is to be seen as yet another
example of delibertate indifference by Dr David to my medical
conditioin.

I have a documented serious medical problem with my feet and lower
extremities. My feet and legs swell. Pillows and blankets are
permitted .

The denial of a pillow to elevate my feet and legs clearly states
a claim of delibertae indifference.

This appears to be ongoing behavior by Dr David and may
sound a case of retaliation based on my exercising

First Amendment rights.


This behavior by a medical doctor is inconsistent with providing
constitutionally mandated medical care and treatment.


Thank you for your  time and assistance in this matter.


Sincerely,

Darryl Lee Goldstein
DLG

March 8, 2007


Doctor Saylor
Chief Medical Officer
C.S.P. San Quentin


RE DARRYL LEE GOLDSTEIN, P-79097 1 N 01 Lower


Dr Saylor :

Again, I would like to address my medical concerns to you
regarding my eye care and foot care .

I am in a lot of pain from my foot problems and have difficulty
walking in any shoes . I did inform the priosn foot dottor
Dr Griffin . He suggested that I seek permission to order shoes
such as brikenstocks or someting taht will not be tight on
my feet. The catalogs for 1/4 packages do not have any type shoes
in it .

My foot problem requires follow up treatment and perhaps
surgery .

I was also seen by Dr Lin at UCSF Medical Center on Feb, 26, 2007
Dr Lin recommended that he do surgery to remove the bad
catracts from my right eye. However your medical staff have
now informed me that it will be up to the prison eyedoctor.

Thus, my eye care treatment ( the surgery has been an ongoing
need since 2003)appears to be again delayed.

Hopefully you can look into these matter.


Thank you kindly,



Darryl Lee Goldstein
/dlg

CC As Needed

**CALIFORNIA**
**PRISON HEALTH CARE**
**RECEIVERSHIP CORP.**

Robert Sillen
Receiver

February 28, 2007

Darryl Goldstein
P79097, J-212-L
SQ
San Quentin, CA 94964

Dear Mr. Goldstein:

Your letter to Judge Thelton Henderson has been referred to the California Prison Health Care Receivership. We appreciate your correspondence. Our office carefully reviews each communication we receive regarding inmate patient health care. All information provided to us is considered in implementing systemic reform.

Due to the high volume of letters we receive, we are unable to immediately respond to all individual cases. If you have not already done so, we recommend that you utilize the 602 appeals process at your institution. You may also wish to contact counsel for the inmate class in *Plata v. Schwarzenegger*, the Prison Law Office. For your records, the address to the Prison Law Office is:

Prison Law Office
General Delivery
San Quentin, CA 94964

The Receiver is committed to creating a system where custody and health care staff together guarantee that access to care and quality of medical services in California prisons meet constitutional standards. An integral part of meeting that goal is hearing from the patients about the treatment they are receiving.

We will achieve improvements in the quality of medical care. However, it is a large and complex problem for which there are no quick fixes, but I assure you that the work has already begun. Thank you for your interest in the remedial process.

Sincerely,

Kristina M. Hector
Inmate Patient Relations Manager

1731 Technology Drive, Suite 700, San Jose, CA 95110
408.436.6800 • Fax 408.453.3025 • e-mail: receiver@cprinc.org • www.cprinc.org

May  23, 2007


To Dr Griffin Foot clinic          GOLDSTEIN ,P-79097


This memo is to request the following treatment during my
clinic visit that is scheduled for today.

1. Please state the last time you saw me in the foot clinic


------------------------


2. please update my foot chronos


----------------------


3. -Please trim the hard areas under my feet and corns

4. Please cut out the right little toe growth between the toes

5. Please re-new update my mobility  CDCR 1845

6. Please re-order the foot creme I have been using that has
expired.


Please sign and date this request

State of California                                          Department of Corrections

# Memorandum

Date    :    **January 8, 2007**

To      :    **Goldstein, Darryl**
             **P-79097**

From    :    **California State Prison, San Quentin CA 94964**

Subject :    **SECOND LEVEL APPEAL RESPONSE**
             **LOG NO. CSQ-5-06-02751**

**ISSUE**: Your first level appeal indicates that you state that you
have a mobility disability that has been verified by San Quentin
Medical Staff. You also state that you are unable to walk on
your right foot for any period longer than three to five minutes
at a time due to a corn condition on your toe.

You requested at the first level of your appeal, to be provided
with a consult with an Orthopedic Surgeon and a soft shoe chrono
in a timely fashion.

You stated at the second level of your appeal that as of
November 16, 2006, that you still had not been seen by a foot
doctor.

**INTERVIEWED BY:** K. Harrell, Patient Advocate Registered Nurse on
October 31, 2006.

**DECISION:** At the first level your request to be provided with an
Orthopedic Surgeon is denied as a physician would determine that
a Podiatrist would be more appropriate for this medical service.

Your request to be provided with a soft shoe chrono in a timely
fashion is also denied due to the fact that you were told in the
interview on 10/31/06 that San Quentin no longer issues soft
shoe chrono.

Your request at the second level of your appeal, to be seen by a
foot doctor has been granted. You were seen by Doctor Griffith,
SQSP Podiatrist on November 29, 2006 with treatment and advice.

Based on the above information, your second level appeal has
been **Partially Granted**.

Goldstein, P-79097
CSQ-5-06-02751

If dissatisfied, you may submit your appeal to the Director's
Level of Review is desired.


K. SAYLOR, M. D.
CMO / Health Care Manager (A)
San Quentin State Prison

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:     **MAR 1 4 2007**

In re:     Goldstein, P-79097
           California State Prison, San Quentin
           San Quentin, CA  94964

IAB Case No.: 0609481          Local Log No.: SQ 06-2751

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner  B. Sullivan, Staff Services Manager, I.  All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:**  It is the appellant's position that he has mobility problems that have been verified by California State Prison, San Quentin (SQ) Medical Staff.  He says he is unable to walk on his right foot for any period of time other than three to five minutes.  He says his condition involves a growth on his right foot that requires periodic removal and perhaps an operation.  He asks to have a consultation with an orthopedic surgeon and a soft shoe chrono.

**II   SECOND LEVEL'S DECISION:**  The reviewer found that the appellant's request for an orthopedic consultation was denied because a podiatry consultation was more appropriate.   The appellant saw Dr. Griffith, Podiatrist, on November 29, 2006, and received treatment and advice.  SQ no longer issues soft-shoe chronos.  The appeal is granted in part at the Second Level of Review.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  At the Director's Level of Review (DLR), the appellant states that he is dissatisfied however the examiner is unclear as to what he is dissatisfied with.  The appellant has been seen by physicians at SQ and by a podiatrist.   He is encouraged to communicate his foot concerns with the medical staff at SQ via the CDC Form 7362, Health Care Services Request process.

The Department shall only provide medical services for inmates, which are based on medical necessity and supported by outcome data as effective medical care.  Only facility-employed health care staff, contractors paid to perform health services for the facility, or persons employed as health care consultants shall be permitted, within the scope of their licensure, to diagnose illness or prescribe medication and health care treatment for inmates.  No other personnel or inmates may do so.  After considering the evidence and arguments herein, it has been determined that staff acted appropriately on the appellant's request.

**B.  BASIS FOR THE DECISION:**
Armstrong v. Davis Court Ordered Remedial Plan: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3001, 3350, 3354

**C.  ORDER:**  No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SQ
       Health Care Manager, SQ
       Appeals Coordinator, SQ
       Medical Appeals Analyst, SQ

# REQUEST FOR OUTPATIENT CONSULTATION
## County of San Mateo Correctional Health Services

**This request is good for one visit only. Additional visits must be approved in advance from the Jail Medical Director.** All Drugs prescribed and/or Procedures ordered are reviewed by Correctional Health Staff. Drugs prescribed which are not on the Correctional Health Formulary must be approved in advance. Reimbursement for **ANY** Visits, Procedures, or Supply Items are contingent upon obtaining **PRIOR AUTHORIZATION** from Correctional Health Staff or the Jail Medical Director.

[ ] Maguire Jail – 300 Bradford St., Redwood City, CA 94063, Phone: (650) 599-7340, Fax: (650) 363-1904
[ ] Women's Jail – 1590 Maple St., Redwood City, CA 94063, Phone: (650) 363-4210, Fax: (650) 363-4226

Inmate/Patient Name: __

Jail Identification Number: GOLDSTEIN, DARRYL
ID# 100002

Date of Birth: _____   DOB 12/25/1957   M

Consult to (Clinic or Person): Podiatry

Date and Time (Appointment): 06/16/05 @ 0900

(Court) Release Date: 04/20/05

Authorization Number: 05 1801

MRN Number: 0432547

Allergies: _____

Reason for Referral:
(include past and current History)

Vital Signs: Time ____ T ____ P ____ R ____ BP ____

feet in poor repair
toenail fungus - thick

HTN
glucose impaired
DM glaucoma
ETOH

Current Medications: _____
(we do not use Po Lamisil here)

Consultation Requested by: B Cerny FNP     Date: 4.15.05

EVALUATION:
Thickened keratin
Nail dystrophy

DIAGNOSIS:
Tylons
Onychogryphosis

RECOMMENDATIONS:
Nails + callous debrided today
Pt to apply Lamisin Ointment to feet daily

Consultant's Name: Richard Wood, dpm     Date: 6/16/05
(PLEASE PRINT)

Signature: _____     Phone: 573-2222
2008

San Mateo Medic

A County System of Heal

# CLINIC NOT

DICT.

| DATE | |
|---|---|
| 06/16/05 | B/P: ____/____ R: ____ P: ____<br>T: ____ Wt: ____ Ht: ____<br>Pain: Y / N / NA Intensity: ____/10<br>SIG: ____ |
| | S/ Initial visit from Jail, ? request for Rx care |
| | O/ [illegible] |
| | [illegible] |
| | A/P [illegible] |

# DISABILITY PLACEMENT PROGRAM VERIFICATION (DPPV)
CDC 845 (Rev. 01/04)                                                      CHECK ALL APPLICABLE BOXES

**THIS FORM ONLY VERIFIES OR DISCONFIRMS CLAIMED PHYSICAL DISABILITIES LISTED IN SECTION B**

| INMATE NAME: | CDC NUMBER: | INSTITUTION: | HOUSING ASSIGNMENT: | DATE FORM INITIATED: |
|---|---|---|---|---|
| Goldstein, D. | P79097 | SQ | 1N 73 | 8/16/04 |

*Sections A - B to be completed by licensed medical staff.*

| SECTION A: REASON FOR INITIATION OF FORM | SECTION B: DISABILITY BEING EVALUATED |
|---|---|
| [X] Inmate self-identifies to staff    [ ] Third party evaluation request | [ ] Blind/Vision Impaired    [ ] Speech Impaired |
| [ ] Observation by staff    [ ] Medical documentation or Central File information | [ ] Deaf/Hearing Impaired    [X] Mobility Impaired |

*Sections C - G to be completed by a physician only.*

## SECTION C: PERMANENT DISABILITIES IMPACTING PLACEMENT

1. [ ] **FULL TIME WHEELCHAIR USER - DPW** Requires wheelchair accessible housing and path of travel.
2. [ ] **INTERMITTENT WHEELCHAIR USER - DPO** Requires lower bunk, wheelchair accessible path of travel and *does not require* wheelchair accessible cell.
3. [ ] **MOBILITY IMPAIRMENT - With or Without Assistive Device** (Wheelchairs shall not be prescribed) - **DPM** Orthopedic, neurological or medical condition that substantially limits ambulation (cannot walk 100 yards on a level surface without pause). Requires lower bunk, no triple bunk, and no stairs in path of travel.
4. [ ] **DEAF/HEARING IMPAIRMENT - DPH** Must rely on written communication, lip reading or signing as residual hearing, with assistive devices, will not enable them to hear, understand or localize emergency warnings or public address announcements.
5. [ ] **BLIND/VISION IMPAIRMENT - DPV** Not correctable to central vision acuity of better than 20/200 with corrective lenses in at least one eye (See HOUSING RESTRICTIONS IN SECTION E).
6. [X] **SPEECH IMPAIRMENT - DPS** Does not communicate effectively speaking or in writing.

## SECTION D: PERMANENT DISABILITIES *NOT* IMPACTING PLACEMENT

1. NO CORRESPONDING CATEGORY
2. NO CORRESPONDING CATEGORY
3. [X] **MOBILITY IMPAIRMENT (Lower Extremities) - DNM** Walks 100 yards without pause with or without assistive devices.
   [ ] No Housing Restrictions    [ ] See HOUSING RESTRICTIONS in Section E
   [ ] Requires relatively level terrain and no obstructions in path of travel. **Do not place at:** CCI, CMC-E, CRC, CTF-C, FSP, SCC I or II, SOL, or SQ. (CDC 128-C:_____)
4. [ ] **HEARING IMPAIRMENT - DNH** With residual hearing at a functional level with hearing aid(s).
5. NO CORRESPONDING CATEGORY
6. [ ] **SPEECH IMPAIRMENT - DNS** Does not communicate effectively speaking, but does when writing.

## SECTION E: ADDITIONAL MEDICAL INFORMATION

**CSR ALERT:**
[ ] Requires relatively level terrain and no obstructions in path of travel
[ ] Complex medical needs affecting placement    [ ] CDC 128-C _____

**HEALTH CARE APPLIANCE / IDENTIFICATION VEST:**
[ ] Cane    [ ] Crutch    [ ] Walker    [ ] Leg/Arm prosthesis    [ ] Vest
[X] Other: Shoes    [X] CDC 128-C(s) dated: 1/3/03

**ASSISTANCE NEEDED WITH ACTIVITIES OF DAILY LIVING:**
[ ] Feeding or Eating    [ ] Bathing    [ ] Grooming    [ ] W/C transferring
[ ] Toileting    [ ] Other: _____    [ ] CDC 128-C(s) dated: _____

**OTHER DPP DESIGNATIONS:**
[ ] NONE

| CODE | DATED | CODE | DATED |
|---|---|---|---|

**HOUSING RESTRICTIONS:**    [ ] Lower bunk    [ ] No stairs    [ ] No triple bunk. CDC 128-C(s) dated: _____

## SECTION F: EXCLUSIONS

[ ] **VERIFICATION OF CLAIMED DISABILITY NOT CONFIRMED:** My physical examination or other objective data DOES NOT SUPPORT *claimed* disability. (Explain in Comments Section and CDC 128-C dated _____).

[ ] **REMOVAL FROM A DPP CODE:** Removal from previous DPP code: _____. (Explain in Comments Section and CDC 128-C dated: _____.)

[ ] **REMOVAL FROM ENTIRE PROGRAM:** Removal from DPP code(s): _____. (Explain in Comments Section and CDC 128-C dated: _____.)

## SECTION G: EFFECTIVE COMMUNICATION FACTORS

[ ] Uses Sign Language Interpreter (SLI)    [ ] Reads Braille    [ ] Communicates with written notes    [ ] Requires large print or magnifier
[ ] Reads lips    [ ] NO "EFFECTIVE COMMUNICATION" ISSUES OBSERVED OR DOCUMENTED IN THE UNIT HEALTH RECORD

**PHYSICIAN'S COMMENTS:** *(Focus on affected systems and functional limitations. No specific diagnosis or other confidential medical information.)*

| PHYSICIAN'S NAME (Print) | PHYSICIAN'S SIGNATURE | DATE SIGNED |
|---|---|---|
| | | 8/17/04 |
| HEALTH CARE MANAGER'S / DESIGNEE'S NAME (Print) | HEALTH CARE MANAGER'S / DESIGNEE'S SIGNATURE | DATE SIGNED |
| | | 8/19/44 |

**NOTE:** After review by the Health Care Manager or Chief Physician & Surgeon, health care staff shall retain green copy for the UHR, send the inmate copy via institutional mail, and route the original and remaining copies to the C&PR/RC CC-III for tracking and further distribution according to the instructions below.

DISTRIBUTION: **Original** - Top General Chrono Section of C-File;    **Green** - Chrono Section, Unit Health Record    **Canary** - C&PR/RC CC-III;    **Pink**-CC-I;    **Gold**-Inmate

April 27, 2007

Robert Ayers Jr.
Warden C.S.P. San Quentin
San Quentin, Ca
94964

RE GOLDSTEIN, P-79097

Dear Warden Ayers:

This letter is ti request your assistance with having my medical
appeal s answered . At the present time there are five overdue
medical appeal . Incidently all of them are at the second level.

This is not an isolated incident its an ongoing action.

I have sent several letters to medical staff regarding this as
well as both the medical appeals coordinator and the San Quentin
Appeals coordinator.

Attached is a inmate appeal with the numbers of the overdue appeals
some over due for a month or more.

Thank you,

Darryl Lee Goldstein

CC Dr Saylor
  Medical appeals



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Truiillo

## MEMORANDUM

To:        Jon Wolff, Supervising Deputy Attorney General
From:      Alison Hardy/SJ
Date:      4/6/2007
Re:        *Plata* 3 – Individual Inmate Exhausted Medical Concern – Request for Review

---

Darryl Goldstein P-79097              SQ              Region 2

   Mr. Goldstein has exhausted his administrative remedies (IAB Case No.: 0609481; Local Log No.: SQ 06-2751). He writes that though he has had a podiatry appointment that he still has constant foot pain. He writes that the only shoes he can wear are shower shoes. He is concerning about receiving adequate treatment for his foot condition because he has diabetes.

Please respond to the following:

   1. What were the diagnosis and recommendations from Mr. Goldstein's 11/29/06 podiatry appointment? Please explain.

   2. Has Mr. Goldstein been evaluated recently concerning the condition of his feet?

   3. What is Mr. Goldstein's pain management plan concerning his foot condition?

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Zoe Schonfeld
E. Ivan Trujillo

## MEMORANDUM

To:       Jon Wolff, Supervising Deputy Attorney General
From:     Alison Hardy/SW
Date:     10/27/2006
Re:       *Plata* 4 – Individual Inmate Possible Urgent Medical Concern – Request for
          Review

---

Darryl Goldstein, P-79097             SQ                    Region 2

Mr. Goldstein may have an urgent medical concern. Mr. Goldstein writes that after being moved to ad-seg on 10/12/06, all of his medications were taken away. He writes that he has been without nitroglycerin, heart medication, blood pressure medication, seizure medication, and oral diabetic medication. Mr. Goldstein writes that as a result, he has been suffering from headaches, dizziness, and vomiting.

Mr. Goldstein also writes that as of 10/24, he had not had a finger stick check since 10/12/06. Mr. Goldstein writes that he has filed several sick call slips and an emergency appeal, but has not received any responses.

Please respond to the following:

1. When did Mr. Goldstein last see a doctor in regards to his headaches, dizziness, and vomiting? What were his or her recommendations?

2. Does Mr. Goldstein's MAR reflect lapses in the administration of his prescribed medications? Please explain.

3. When did Mr. Goldstein last have a finger stick check? Does his UHR reflect lapses in finger stick checks?

Board of Directors
Marshal Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



Director:
Donald Specter

Staff Attorneys:
Susan Christian
Steven Fama
Alison Hardy
Zachary Katznelson
Heather MacKay
Anne Mania
Millard Murphy
Sara Norman
Keith Wattley

# PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

## MEMORANDUM

To: John W. Riches, II, Deputy Attorney General
From: Alison Hardy
Date: April 15, 2003
Re: *Plata* – Individual Inmate Urgent or Exhausted 602 Medical
    Concern – Request for Review



---

GOLDSTEIN, P-79097     CSQ

Mr. Goldstein has effectively exhausted his appeals because he submitted his Second Level Appeal to the Third Level in February, 2003, more than 30 days ago. In addition, his medical concern may be urgent. Mr. Goldstein was referred to a Neuro-Ophthalmologist in December, while in county jail, and again in February, 2003 at San Quentin, because he has glaucoma and ocular nerve damage. The referral is to determine whether his limited remaining vision can be protected. Further delay may result in irremediable vision loss.

Mr. Goldstein received an April 3, 2003 letter from Frederick Holbrook of HCSD advising him that UCSF was not able to provide an appointment with the Neuro-Ophthalmologist and that SQ medical staff was attempting to get him a "second opinion." His most recent eye clinic appointment, on 4/10 or 4/11 was cancelled.

Please respond to the following:

1. Is Mr. Goldstein on a waiting list to see the N.O. at UCSF?
2. If not, can the patient have an N.O. consult at a different medical institution? What is being done to arrange a consult?
3. What is Mr. Goldstein's current treatment plan?

Board of Directors
Marshall Krause, President • Michele WalkinHawk, Vice President
Penelope Cooper • Felecia Gaston • Christiane Hipps • Margaret Johns

State of California | | Department of Corrections

# Memorandum

Date : April 28, 2003

To : John Riches, II
Deputy Attorney General
State of California Department of Justice

Subject: **PRISON LAW OFFICE REQUESTS FOR REVIEW OF *PLATA* INMATE CONCERNS RELATING TO INMATE GOLDSTEIN, P79097**

The Health Care Manager at California State Prison — San Quentin reviewed the unit health records of Mr. Goldstein and provided the following information in response to the specific questions asked by Alison Hardy of the Prison Law Office.

1. Is Mr. Goldstein on a waiting list to see the N.O. at UCSF? Mr. Goldstein was referred to UCSF for ophthalmalogic evaluation. UCSF was unable to provide a consultation for three months.
2. If not, can the patient have an N.O. consult at a different medical institution? What is being done to arrange a consult? Mr. Goldstein was seen by an ophthalmologist at San Quentin on April 3, 2003, and in follow-up on April 17, 2003. Mr. Goldstein was scheduled to see a ophthalmologist last week. At this time, consultation with a neuro-ophthalmologist is not indicated.
3. What is Mr. Goldstein's current treatment plan? Mr. Goldstein is currently being treated for glaucoma and orbital myositis.

Thank you for your assistance in this matter. Please don't hesitate to contact me if you have any questions.

*Laurie Weaver*

LAURIE WEAVER
Plata Implementation Manager
Health Care Services Division

cc: Dennis Beaty, Senior Legal Counsel, Legal Affairs Division
Ronald Shansky, M.D., Health Care Services Division Consultant





PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

Director:
Donald Specter

Staff Attorneys:
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

August 30, 2007

First Appellate District
Division Two
Court of Appeal of the State of California
350 McAllister Street
San Francisco, CA 94102

RE:   *In re Darryl Goldstein*, on Habeas Corpus
      California Court of Appeal Case No. A117652

Dear Honorable Justices of the First Appellate District:

The Prison Law Office is class counsel in *Plata v. Schwarzenegger*, No. C01-1351, U.S. District Court, Northern California, T.E.H., the class action concerning medical care for prisoners within California Department of Corrections and Rehabilitation (CDCR). We were formally appointed counsel to petitioner in the superior court and request to file this letter as amicus. We submit this letter because we believe the outcome of this case may have a significant impact on the ability of individual *Plata* class members to obtain judicial relief for their medical conditions.

In this case, Mr. Goldstein filed his petition for writ of habeas corpus on January 23, 2007 in Marin Superior Court. The State submitted an informal response on March 26, 2007, claiming that Mr. Goldstein had not exhausted his administrative remedies, and that he failed to state a claim for deliberate indifference. On April 23, 2007, the superior court denied the petition.

Mr. Goldstein then filed his petition for writ of habeas corpus to the Court of Appeal, First Appellate District, on May 9, 2007. On August 1, 2007, the Court of Appeal ordered the CDCR to show cause before the Marin County Superior Court, on or before August 17, 2007 why the relief prayed for should not be granted. The Court further ordered the traverse be filed on or before August 31, 2007. Finally, the Court ordered the trial court to appoint counsel to represent the petitioner if it determined that petitioner was unable to afford counsel.

On August 14, the Marin Superior Court ordered the appointment of the Prison Law Office to represent petitioner and scheduled an evidentiary hearing for October 26, 2007. The Court further ordered, on its own motion, authorization for the Prison Law Office to contract with an

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

First Appellate District
August 30, 2007
Page 2

independent podiatrist to evaluate the petitioner's need for footwear.

On August 15, 2007, the CDCR requested an extension of time from the Marin Superior Court. The same day, it moved to vacate the First District Court's Order to Show Cause, arguing that by ordering the CDCR medical care system into receivership in *Plata v. Schwarzenegger*, CV-01-01351, the federal court has preempted state court jurisdiction over petitioner's claims.

On August 22, 2007, Marin Superior Court vacated its order appointing counsel and setting the matter for an evidentiary hearing. Additionally, the Marin Superior Court purported to vacate this Court's August 1, 2007 Order to Show Cause. (*See* Attachment A, August 22, 2007 Order Vacating Order to Show Cause.) The case should be remanded, again, for a decision on the merits.

The Prison Law Office originally filed the *Plata* case in 2001, alleging that defendants were providing constitutionally inadequate care in all of its state prisons under the cruel and unusual clause of the Eighth Amendment. In 2002, defendants conceded that the care was inadequate and stipulated to an injunction that required them to implement comprehensive new medical policies and procedures at all institutions.

The state officials who were defendants in the *Plata* case agreed that individual lawsuits would *not* be precluded because of the class action. The injunction states: "Neither the fact of this stipulation nor any statements contained herein may be used in any other case or administrative proceeding, except defendants, CDC, or employees thereof reserve the right to use this Stipulation and the language herein to assert issue preclusion or res judicata in other litigation seeking class or systemic relief." (*See* Attachment B, Stipulated Injunction at ¶ 29.)

This provision of the stipulated injunction was included because the focus of the *Plata* class action was on fixing the medical care *system* in CDCR. There are approximately 170,000 class members in this action. Many of these individuals are suffering and some may die as a result of the unconstitutional medical care currently being received in CDCR. (*See* Attachment C, *Plata* Court's Findings of Fact and Conclusions of Law, October 3, 2005, at 2.) It was not practicable for the class action to be able to address the instant needs of this number of individuals, and thus, the avenues of state habeas corpus as well as civil rights actions were specifically left available to individual prisoners.

Despite this injunction, close monitoring and additional court orders, medical care in CDCR remains seriously deficient and dangerous. In 2005, Judge Henderson found that defendants' failure to provide constitutionally adequate care resulted in extreme harm to plaintiffs. He found that it was uncontested that a prisoner needlessly dies as a result of this care approximately once a week. He further concluded that the appointment of a Federal Receiver was necessary to bring about the systemic changes required to eliminate the "unconscionable degree of suffering and death" within the system. (Findings of Fact, at 2.) On April 17, 2006, Robert Sillen

First Appellate District
August 30, 2007
Page 3

was appointed as the Receiver.  (Order Appointing Receiver, attached to Respondent's Request to
Vacate Order to Show Cause, as Exh. A.)

    Following the appointment of the Receiver, the injunction remains in place.  Defendants,
and now the Receiver, remain bound to implement the policies and procedures, and abide by the
other provisions of the decree.  As respondents point out, the Receiver recently moved to modify
the Stipulated Injunction in this case.  The Receiver did *not*, however, move to modify the
provisions reserving the rights of class members to pursue individual lawsuits regarding
inadequate medical care.

    Even fifteen months after the appointment of the Receiver, many individual prisoners in
CDCR require immediate medical attention, but are unable to receive it.  Indeed, in a recent
report, the Receiver cites to three deaths that occurred as a result of inadequate medical care, all
within a single month in one state prison.  (*See* Attachment D, Receiver's Fourth Bi-Monthly
Report, at 52-53.)  The Receiver cites this as an example of the on-going crises in medical care.
(*Id.* at 52.)

    The superior court stated it has no jurisdiction to address petitioner's claims due to the
appointment of the Receiver.  The superior court cited no law to support the lack of jurisdiction in
this matter.  *Plata* is not a shield that eliminates individual actions concerning medical care.
Nothing in the receivership prohibits individuals from seeking relief for conditions that may lead
to serious injury or death.

    If the superior court's ruling were applied statewide the result would be to direct all of the
claims made by the 170,000+ class members to the Receiver.  It is not possible or practicable for
the Receiver, who is charged with bringing the level of care provided to the class up to federal
constitutional standards to address the hundreds, and perhaps thousands, of individual claims filed
regarding medical treatment.  Many individuals who require immediate care would not have their
matter resolved timely, if at all.  Consequently, some prisoners whose constitutional rights are
being violated would continue to suffer, and perhaps die, waiting for their issues to be considered.

    In their Request to Vacate, the State supported the superior court's position.  First, they
argued that CDCR is not the proper respondent because the Secretary's authority over the
CDCR's medical system has been suspended.  In fact, CDCR still retains authority over the
prisoners and their conditions, even while the area of medical care this responsibility is placed
with the Receiver.  Additionally, the Receiver "stands in the shoes" of the Secretary of CDCR
concerning medical care, and vested with the authority of that office.  (Order Appointing
Receiver, attached to Respondent's Request to Vacate, at 4; *Ledo Financial Corp. v. Summors*,
122 F.3d 825, 829 (9th Cir. 1997)).  Thus, the responsibility for medical care is shared between
the Receiver and the many state employees who continue to provide direct services and care.  The
appointment of the Receiver cannot be used as a means for the State to avoid their on-going duty
to provide constitutional medical care.

First Appellate District
August 30, 2007
Page 4

Further, as a practical matter, many – and perhaps most – of the orders that result from individual actions regarding medical care are resolved at the prison level. These include orders to have a patient examined by a staff doctor, referred to a specialist, or provided with medication. These are issues often in the control of individual medical staff members. To argue that, because of the Receiver, these issues cannot be addressed by CDCR staff is incorrect. The Receiver may be implementing large policy changes in CDCR, however, the daily care continues to be provided by CDCR staff. Thus, these staff members can be directed to act when and if a state court determines the medical care being rendered to an individual is unconstitutional.

Second, respondents argue that petitioner should present his claim directly to the Receiver. However, as described above, defendants/respondents specifically agreed to not preclude individual habeas petitions for these types of cases. The provision – by which defendants and the Receiver are bound – is on-going and prevents defendants from using the class action to avoid answering individual action.

Finally, neither the superior court, nor respondents, provide an explanation for why the state court cannot direct the warden to act when a court has determined that a prisoner has received treatment that is in violation of the Constitution. (Penal Code § 1477 (warden is appropriate respondent in habeas corpus matters)). In the event that the Receiver believes an order is inappropriate, he can appeal the order or raise the issue directly with Judge Henderson.

We respectfully ask this Court to remand the case to the superior court for a decision on the merits.

Sincerely,

Donald Specter
Director, Prison Law Office
dspecter@prisonlaw.com



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

**FILED**

OCT - 2 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
                    DEPUTY

In re DARRYL LEE GOLDSTEIN,

on Habeas Corpus.

A118925

(Marin County
Super. Ct. No. SC151759A)

BY THE COURT:

Petitioner, an inmate at San Quentin State Prison representing himself in propria persona, has filed this, his second, petition for writ of habeas corpus in a continuing attempt to obtain relief from the failure of custodial authorities to provide a therapeutic shoe required by his medical condition. Petitioner alleges he has a diabetes-related foot problem and is threatened with loss of his right foot if not provided a special shoe designed for him by a specialist at the request of his physician.

By way of background, on August 1, 2007, we issued an order to show cause returnable to the Marin County Superior Court directing it to take evidence and make a determination as to whether petitioner has been provided adequate footwear that is compatible with his medical condition, and if not, to order that such be provided. On August 14, 2007, the superior court appointed the Prison Law Office as counsel for petitioner and set a hearing for October 26, 2007.

On August 21, 2007, the Attorney General on behalf of the California Department of Corrections and Rehabilitation (CDCR) filed a request in the superior court to vacate the order to show cause on the ground that petitioner's medical care is controlled by a federally appointed receiver and not by CDCR. On August 22, 2007, the superior court vacated the order to show cause and denied the petition for writ of habeas corpus. Its order states: "Because the California Department of Corrections and Rehabilitation's

1

Division of Health Care Services is under the management and control of a federal court-appointed receiver,[] this court has no jurisdiction to address the claims asserted [in]the May 9, 2007 petition for writ of habeas corpus filed by petitioner in the above referenced appellate court, case number A117652." The order further states: "Petitioner may present his concerns to the California Prison Health Care Receivership Corp., Office of the Receiver, 1731 Technology Drive, Suite 700, San Jose, CA 95110. Kristina Hector is the Inmate Patient Relations Manager for the Office of the Receiver." However, two form letters petitioner had previously received from Ms. Hector informed him the Office of the Receiver was "unable" to respond to the many letters like his it received from inmates complaining of inadequate medical attention and advised him 'to contact counsel for the inmate class in *Plata v. Schwarzenegger*, the Prison Law Office."

On August 30, 2007, petitioner filed a new petition for writ of habeas corpus and/or writ of mandate in this court setting forth the history of his prior petition and his continuing need for relief. On August 31, 2007, the Prison Law Office filed a letter in connection with this habeas petition, which we ordered filed as a letter amicus brief. The letter was submitted as previously-appointed counsel for petitioner in the superior court and as class counsel in *Plata v. Schwarzenegger,* No. C01-1351 TEH. It states, inter alia:

"The Prison Law Office originally filed the *Plata* case in 2001, alleging that defendants were providing constitutionally inadequate care in all of its state prisons under the cruel and unusual clause of the Eighth Amendment. In 2002, defendants conceded that the care was inadequate and stipulated to an injunction that required them to implement comprehensive new medical policies and procedures at all institutions."

"The state officials who were defendants in the *Plata* case agreed that individual lawsuits would *not* be precluded because of the class action. The injunction states [at paragraph 29]: 'Neither the fact of this stipulation nor any statements contained herein may be used in any other case or administrative proceeding, except defendants, CDC, or employees thereof reserve the right to use this Stipulation and the language herein to assert issue preclusion or res judicata in other litigation seeking class or systemic relief.' "

2

According to the Prison Law Office, paragraph 29 of the stipulated injunction was included because the focus of the *Plata* class action was on fixing the medical care *system* in CDCR. Given the approximate 170,000 class action members, it was not practicable, according to the Prison Law Office, for the class action to address their individual immediate needs, and that is why the avenues of state habeas corpus as well as civil rights actions were specifically left available to individual prisoners.

At our invitation, the Attorney General filed an informal response to the Prison Law Office's letter amicus brief and petitioner's new habeas petition. The Attorney General does not dispute the Prison Law Office's claim that the stipulated injunction in *Plata* allows individual actions in state courts. The Attorney General points out, however, that because control over the medical delivery component of CDCR has been taken from CDCR and given to the Receiver, the allowance by the injunction of such individual lawsuits by members of the plaintiff class in *Plata* is illusory, at least insofar as it purports to allow inmates to file state habeas corpus petitions alleging inadequate medical care. The Attorney General is correct.

The order of United States District Court Judge Thelton E. Henderson appointing the Receiver provides in pertinent part: "[T]he Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." *(Plata v. Schwarzenegger,* No. C01-1351, Order Appointing Receiver (Feb. 14, 2006) at p. 2.) The order further states: "The Receiver shall exercise all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the California prison medical health care system. The Secretary's exercise of the above powers is suspended for the duration of the Receivership . . . ." *(Id.* at p. 4) The Receiver's appointment became effective April 17, 2006.

The Receiver's fourth bi-monthly report, submitted in March 2007, described at some length why he "took steps to assume direct management over all aspects of *Plata* related services, removing Peter Farber-Szekrenyl from all responsibility concerning

CDCR medical care and announcing the formation of the *Plata* Support Division, a new unit of the CDCR dedicated to prisoner/patient medical care delivery support." The Receiver's reasons for this action were his convictions that: "1. Office of the Receiver staff, now that the assembly of his remedial term nears completion, are more capable of directing daily CDCR medical operations than State officials. [¶] 2. The periodic crises encountered by medical clinicians require timely and adequate responses which are best managed by the Officer of the Receiver. [¶] 3. The remedial processes will be more effective if long term project implementation merges as closely as possible with daily operations. [¶] 4. Providing directions for State employees concerning the daily operation of medical delivery in California's prisons will help ensure the eventual return of the prison medical delivery system to the State." (*Plata v. Schwarzenegger, supra,* Receiver's Fourth Bi-Monthly Report (March 19, 2007) at pp. 50-51.)

In May 2007, the Receiver moved for an order modifying portions of the stipulated injunction. Notably, however, paragraph 29 was *not* included among the provisions that assertedly needed modification and it was not modified. On September 6, 2007, Judge Henderson issued an order granting a number of the requested modifications. In the course of this order, Judge Henderson discussed the procedure for review by the Receiver and medical follow up of complaints his office was receiving from inmates of inadequate medical care. The Court acknowledged that there had been a "few cases in which the Receiver has intervened in an individual matter and determined that there is a serious medical issue," but declared "that responding to individual letters by the Receiver is not part of the systemic remedy that the Receiver has been charged with developing and implementing, *thus monitoring of these actions is not essential.*" (*Plata v. Schwarzenegger, supra,* Order Re Receiver's May 2007 Preliminary Plan of Action, and Motion for Order Modifying Stipulated Judgment (Sept. 6, 2007) at pp. 14-15, italics added.)

The form letters petitioner has received from the Receiver's Office demonstrate that, as in the case of petitioner, the Receiver is now largely refusing to investigate individual inmate claims of inadequate medical treatment. The Receiver's unwillingness

4

to inquire into inmate complaints of inadequate medical care raises the question why he cannot direct the appropriate state employees he supervises to do so. As we have noted, the Receiver has justified his assumption of direct management over all aspects of *Plata* related services on the grounds he is not only "more capable of directing daily CDCR medical operations than State officials," but also because "[p]roviding directions for State employees concerning the daily operations of medical delivery in California's prisons will help ensure the eventual return of the prison medical delivery system to the State."

In short, in *Catch-22* fashion, the federal receivership designed to *protect* inmates' right to adequate medical care operates not just to divest state correctional authorities of control over the provision of such care, and deprive state courts of the authority to insure delivery of medical care to inmates in need, but also, and perhaps most unconscionably, to allow the Receiver to relieve himself of any duty to address the medical problems of an individual inmate no matter how grave and even life-threatening they may be. We do not believe this unacceptable state of affairs could have been intended by the Federal District Court.

Before the federal Receiver assumed control of the state prison medical system, state courts had the power to grant relief to prison inmates denied essential medical care through writs of habeas corpus. Petitions for writ of habeas corpus "must be directed to the person having custody of or restraining the person on whose behalf the application is made...." (Pen. Code, § 1477.) However, because the Receiver, who has custody of state prison inmates for purposes of the delivery to them of medical care, is not amenable to state judicial process, we could not grant the petition before us even if we determined it has merit. The situation created by the rulings of the Federal District Court create a jurisdictional problem for aggrieved inmates that state courts are powerless to solve.

We are confident that if the effect of Judge Henderson's rulings and the conduct of the Receiver are brought to his attention through the filing in his court of a petition for writ of habeas corpus, he is likely to rectify the problem. We therefore commend that course of action to petitioner.

5

The petition for writ of corpus before us is denied on the ground that the only party that can provide the relief petitioner seeks, the federal Receiver, is neither a party to this proceeding nor subject to state judicial authority.

The Clerk is directed to serve copies of this Order also on United States District Court Judge Thelton E. Henderson, Federal Receiver Robert Sillen, and the Prison Law Office.

Date:    OCT - 2 2007                    KLINE P.J.                P.J.
                                         J. Anthony Kline

6

CALIFORNIA
PRISON HEALTH CARE
RECEIVERSHIP CORP.

Robert Sillen
Receiver

May 29, 2007


Darryl Goldstein
San Quentin State Prison (SQ)
P79097, 1N-01-Low
San Quentin, CA 94964

Dear Mr. Goldstein:

The California Prison Health Care Receivership has received your letter.  We appreciate your correspondence.  Our office carefully reviews each communication we receive regarding inmate patient health care.  All information provided to us is considered in implementing systemic reform.

Due to the high volume of letters we receive, we are unable to immediately respond to all individual cases.  You may wish to contact counsel for the inmate class in *Plata v. Schwarzenegger*, the Prison Law Office.  For your records, the address to the Prison Law Office is:

Prison Law Office
General Delivery
San Quentin, CA 94549

The Receiver is committed to creating a system where custody and health care staff together guarantee that access to care and quality of medical services in California prisons meet constitutional standards.  An integral part of meeting that goal is hearing from the patients about the treatment they are receiving.

We will achieve improvements in the quality of medical care.  However, it is a large and complex problem for which there are no quick fixes, but I assure you that the work has already begun.  Thank you for your interest in the remedial process.

Sincerely,

Kristina Hector
Inmate Patient Relations Manager

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFICATION


    I DARRYL LEE GOLDSTEIN , declare as follows;

    I am the plaintiff in this action . I have read the following
complaint , and declare that  the facts stated in the complaint are true
and correct of my own knowledge .

    I declare under penalty of perjury that the foregoing is true and
correct and that . Executed on July  //  , 2008 at San Francisco, Ca.


_____
DECLARANT

PROOF OF SERVICE


I DARRYL LEE GOLDSTEIN HEREBY DECLARE AS FOLLOWS:

I am over the age of 18 years of age and a citizen of the United States.

That on July __11__, 2008, I served the following documents (1) Complaint (2) Motion for Judicial Notice , on the parties listed below, by making personal service with the Clerk of the Court United States District Court Northern District of California at 450 Golden Gate Avenue , San Francisco, Ca.

I declare under the penalty of perjury that the foregoing is true and correct.



Darted July _11_, 2008

Declarant