| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE NORTHERN DISTRICT OF CALIFORNIA | |

DARRYL L. GOLDSTEIN,

    Plaintiff,

v.

ROBERT SILLEN, Federal Receiver,

    Defendants.

No. C 07-05958 SBA (PR)

**ORDER GRANTING IN FORMA PAUPERIS STATUS; SERVING COGNIZABLE CLAIMS; REFERRING CASE TO PRO SE PRISONER SETTLEMENT PROGRAM; AND ADDRESSING PENDING MOTIONS**

    The instant case was commenced when Plaintiff Darryl L. Goldstein, who is currently incarcerated at the San Mateo County Jail, filed a document captioned "Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody." In his petition, Petitioner alleged that he is a diabetic who "suffers from severely calloused feet with a growth inside the right foot little toe." (Pet. at 1.) He claimed that the prison's podiatrist has not performed a foot surgery that "would relieve the pain and suffering [Petitioner] has to bear." (Id.)

    In an Order dated June 19, 2008, the Court conducted a preliminary review of the petition and determined that the petition did not attempt to challenge either the fact of Plaintiff's conviction or the length of his sentence. Rather, it was based entirely on the conditions of his confinement. Because the Court found that a federal habeas petition was not the proper way to raise such claims, Petitioner was directed to file a civil rights complaint stating his claims for relief with specificity if he wished to go forward with this action as a civil rights action. The Court granted Plaintiff leave to file a civil rights complaint within thirty days from the date of the Order and informed him that if he failed to do so this action would be dismissed without prejudice. The Court also stated that because the petition was not properly brought in habeas and was being construed as a civil rights action, Plaintiff must pay the $350.00 civil filing fee rather than the $5.00 habeas filing fee. The Court directed Plaintiff to pay the $350.00 filing fee or file an application for leave to proceed in forma pauperis (IFP), no later than thirty days from the date of the Order and informed him that if his failure to do so will result in the dismissal of this action without prejudice.

Thereafter, Plaintiff filed the present pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials at San Quentin State Prison (SQSP) were deliberately indifferent to his serious medical needs while he was incarcerated there from 2007 through 2008. Plaintiff also raises a state law claim of negligence. Plaintiff also filed an application for leave to proceed IFP.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SQSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: Federal Receivers Robert Sillen and J. Clark Kelso; former SQSP Warden Robert Ayers; SQSP Associate Warden Shelia Petrikas; SQSP Chief Medical Officers Elaine Pootell, Saylor and Kannon, SQSP "Foot Doctor" or Physician Griffin; and SQSP Physicians Griffin, Wilson and David. While Plaintiff has not listed the following Defendants on page three of his complaint, the Court construes them as named Defendants because they were named in the complaint: James E. Tilton as the secretary of the California Department of Corrections and Rehabilitation (CDCR); Doe Defendant as the deputy secretary of the CDCR; and Federal Receiver Sillen's SQSP Manager Jayne Russell.

The Court now reviews the allegations in the complaint.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claims

### A. Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's alleges that he has been suffering from "serious foot problems as far back as 2003." (Compl. at 4.) He further alleges that he informed the SQSP medical staff of his "foot problems" when he arrived in June, 2006. Plaintiff's allegations supports an inference that he has serious medical needs. Plaintiff claims that from the time he arrived in 2006 until the date he was paroled on February 23, 2008, Defendants failed to provide him with "appropriate foot care treatment," including an "operation on his right foot litte [sic] toe area." (Id.) He alleges that Defendants were "aware of his pain and suffering from his foot problems." (Id. at 8.) Finally, he alleges that he was released on parole on February 23, 2008 "with out [sic] having ever received the operation on his foot" and "without any medications." (Id. at 5.) Liberally construed, Plaintiff's allegations that the SQSP medical staff failed to provide adequate medical treatment for his "foot problems" state a cognizable deliberate indifference claim against Defendants Physicians Griffin, Wilson and David.

### B. Supervisory Liability

Plaintiff claims the following Defendants are liable as supervisors: Defendants Tilton,

Kelso, Sillen, and Doe Defendant (deputy secretary) from the CDCR, as well as Defendants Ayers, Petrikas, Saylor, Kannon, and Pootell from SQSP. Plaintiff must allege that each defendant, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. Plaintiff claims that he wrote letters "outlining his complaints concerning his foot care problems and other mdeical [sic] problems" to Defendants Sillen and Russell. (Compl. at 5.) Plaintiff also claims Defendant Tilton and Doe Defendant (deputy secretary) "knew that [Plaintiff] was not receiving adequate medical care for his foot problems from the many letters that Plaintiff had written to them." (Id. at 6.) However, he has not made such a claim as to the remaining supervisors. Accordingly, Plaintiff has stated cognizable supervisory liability claims against Defendants Sillen, Russell and Tilton. Plaintiff's supervisory liability claims against Defendants Kelso, Ayers, Petrikas, Saylor, Kannon, and Pootell are DISMISSED with leave to amend. Plaintiff's supervisory claim against Doe Defendant (deputy secretary) will be handled below.

**C.     Claim Against Doe Defendant**

Plaintiff identifies Doe Defendant (deputy secretary) whose name he intends to learn through discovery. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claim against Doe Defendant (deputy secretary) is DISMISSED from this action without prejudice. Should Plaintiff learn Doe Defendant's identity through discovery, he may move to file an amended complaint to add him/her as a named defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**D.     State Law Claim**

Plaintiff alleges that Defendants' deliberate indifference to his serious medical needs violates the California tort law of negligence. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims

4

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Plaintiff asserts the supplementary state law claim that the actions of Defendants were negligent. Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claim of negligence.

### III. Pro Se Prisoner Settlement Program

Plaintiff has filed a request for a referral to a magistrate judge for settlement proceedings (docket no. 17).

The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings. The proceedings will consist of one or more conferences as determined by Magistrate Judge Nandor Vadas. The conferences shall be conducted at San Quentin State Prison with Defendants and/or the representative for Defendants attending by videoconferencing if they so choose.

Good cause appearing, Plaintiff's request (docket no. 17) is GRANTED. The present case will be REFERRED to Magistrate Judge Vadas for settlement proceedings pursuant to the Pro Se Prisoner Settlement Program. The proceedings shall take place within ninety (90) days after the date of this Order; or as soon thereafter as is convenient to the magistrate judge's calendar. Magistrate Judge Vadas shall coordinate a time and date for a settlement proceeding with all interested parties and/or their representatives and, within ten (10) days after the conclusion of the settlement proceedings, file with the Court a report regarding the settlement proceedings.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's application for IFP status (docket no. 12) is GRANTED. The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is $0.00. A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

2. Plaintiff's allegations that the SQSP medical staff failed to provide adequate medical

treatment for his "foot problems" state a cognizable deliberate indifference claim against Defendants Physicians Griffin, Wilson and David.

3. Plaintiff has stated cognizable supervisory liability claims against Defendants Sillen, Russell and Tilton.

4. Plaintiff's supervisory liability claims against Defendants Kelso, Ayers, Petrikas, Saylor, Kannon, and Pootell are DISMISSED WITH LEAVE TO AMEND as indicated above. Within **thirty (30) days** of the date of this Order Plaintiff may file amended supervisory liability claims against these Defendants (Plaintiff shall resubmit only that claim and not the entire complaint) as set forth above in Section II(B) of this Order. The failure to do so will result in the dismissal without prejudice of the supervisory liability claims against Defendants Kelso, Ayers, Petrikas, Saylor, Kannon, and Pootell.

5. Plaintiff's claim against Doe Defendant (deputy secretary) is DISMISSED from this action without prejudice.

6. The Court will exercise supplemental jurisdiction over Plaintiff's state law claim of negligence.

7. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 9), and a copy of this Order to **SQSP Physicians Griffin, Wilson and David as well as Federal Receivers Robert Sillen, Federal Receiver Sillen's SQSP Manager Jayne Russell and CDCR Secretary James E. Tilton.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

8. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the

6

waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

9. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in

7

opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

11. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion

13. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

14. Plaintiff's request for a referral to a magistrate judge for settlement proceedings

1 (docket no. 17) is GRANTED. Plaintiff's action is referred to the Pro Se Prisoner Settlement Program, as indicated above. **The Clerk of the Court shall provide a copy of the court documents that are not available electronically, including a copy of this Order, to Magistrate Judge Vadas in Eureka, California.**

15. Plaintiff's motion for a service order (docket no. 17) is GRANTED.

16. Plaintiff requests the Court to verify his pro se status in the present case as well as his two other pending actions. Plaintiff's motion for a judicial order verifying his pro se status (docket no. 19) is GRANTED in part and DENIED in part. The Court certifies that Plaintiff is proceeding pro se in the instant civil rights proceedings, and requests that officials at San Mateo County Jail's legal access program provide Plaintiff "reasonable" access to the law library so that he may comply with the Court's Orders. Plaintiff's request to verify his pro se status in his other pending actions is DENIED without prejudice to filing such a request in those two actions.

17. This Order terminates Docket nos. 12, 17 and 19.

IT IS SO ORDERED.

DATED: 3/8/10

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Goldstein5958.service&referVADAS.wpd   9

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action <u>in forma pauperis</u> in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting <u>in forma pauperis</u> and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc: Plaintiff/Petitioner
     Finance Office

P:\PRO-SE\SBA\CR.07\Goldstein5958.service&referVADAS.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRYL L. GOLDSTEIN,

       Plaintiff,

  v.

ROBERT SILLEN FEDERAL RECEIUCER et al,

       Defendant.

Case Number: CV07-05958 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein 100002
San Mateo County Jail
300 Bradford Street
Redwood City, CA 94063

Dated: March 10, 2010

                                 Richard W. Wieking, Clerk
                                 By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.07\Goldstein5958.service&referVADAS.wpd