IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DARRYL L. GOLDSTEIN,

        Plaintiff,

  v.

ROBERT SILLEN, et al.,

        Defendants.

_____/

No. C 07-05958 SBA (PR)

**ORDER GRANTING PLAINTIFF'S
SECOND REQUEST FOR EXTENSION
OF TIME TO FILE AMENDMENT TO
COMPLAINT AND ADDRESSING HIS
OTHER PENDING MOTIONS**

(Docket nos. 24, 29, 34)

      The instant case was commenced by Plaintiff Darryl L. Goldstein, who is incarcerated at the San Mateo County Jail. Before the Court is Plaintiff's second request for an extension of time to file his amendment to the complaint. Also before the Court are Plaintiff's request to grant inmate Ryan Christopher Hatcher next friend status to prosecute this action on behalf of Plaintiff, his request for an Order granting him "more broader" access to the law library, and his discovery requests.

**I.      Second Request for Extension of Time to File Amendment to the Complaint**

      Plaintiff's second request for an extension of time to file his amendment to the complaint is GRANTED. Plaintiff shall file his amendment to the complaint no later than **May 21, 2010**, as directed below.

**II.     Next Friend Request**

      Plaintiff has filed a motion entitled, "Plaintiff's Request for the Court to Acknowledge [sic] Plaintiff's Assistant in this Case," which the Court construes as a request for to grant inmate Ryan Christopher Hatcher next friend status to prosecute this action on behalf of Plaintiff.

      Federal Rule of Civil Procedure 17(c) permits a suit by a next friend for an infant or incompetent person. In order to proceed as next friend, inmate Hatcher must show that Plaintiff -- the real party in interest -- "is unable to litigate his own cause due to mental incapacity, lack of access to court, or similar disability." Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990). In addition, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and he must have some significant relationship with the real party in interest. Id.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  The person seeking next friend status holds the burden of establishing "the propriety of his status

2  and thereby justifying the jurisdiction of the court."  Id.

3        There is no evidence that inmate Hatcher has Plaintiff's best interests in mind, or that inmate

4  Hatcher has a "significant relationship" with Plaintiff.  While inmate Hatcher claims Plaintiff "has an

5  number of medical problems affect[ing[ his daily activities," there is no evidence that Plaintiff is

6  mentally incompetent or otherwise incapable of pursuing his own action.  Accordingly, the Court

7  DENIES Plaintiff's next friend request (docket no. 24).

8  **III.    Law Library Access**

9        Also before the Court is Plaintiff's "Motion Informing the Court of His Present Access to the

10  Court and Request for a More Broader Request to the San Mateo County Jail Staff," which shall be

11  construed as a request for an order directing jail officials to allow him access to the law library for

12  "at least two (2) hour . . . sessions per week" and to provide him with "pro per/pro se legal supplies

13  and legal postage."

14        In Bounds v. Smith, the Supreme Court held "that the fundamental constitutional right of

15  access to the courts requires prison authorities to assist inmates in the preparation and filing of

16  meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance

17  from persons trained in the law."  430 U.S. 817, 828 (1977).  Subsequently, the Supreme Court

18  clarified that Bounds did not establish a substantive right to law library access, but rather signaled

19  that in order for prisoners' right of access to the courts to be meaningful, they must be given

20  adequate resources to prepare.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).  The Court

21  explained:

22          Because Bounds did not create an abstract, freestanding right to a law library or legal
            assistance, an inmate cannot establish relevant actual injury simply by establishing
23          that his prison's law library or legal assistance program is subpar in some theoretical
            sense.  That would be the precise analog of the healthy inmate claiming constitutional
24          violation because of the inadequacy of the prison infirmary.  Insofar as the right
            vindicated by Bounds is concerned, "meaningful access to the courts is the
25          touchstone," and the inmate therefore must go one step further and demonstrate that
            the alleged shortcomings in the library or legal assistance program hindered his
26          efforts to pursue a legal claim.  He might show, for example, that a complaint he
            prepared was dismissed for failure to satisfy some technical requirement which,
27          because of deficiencies in the prison's legal assistance facilities, he could not have
            known.  Or that he had suffered arguably actionable harm that he wished to bring
28          before the courts, but was so stymied by inadequacies of the law library that he was
            unable even to file a complaint.

2

**United States District Court**
For the Northern District of California

1    Id. at 351.

2        In the instant case, Plaintiff has not claimed any actual harm caused by his alleged lack of

3    access to the jail's law library or to any of the other items he listed.  Furthermore, as mentioned

4    above, the Court has granted Plaintiff an extension of time to file his amendment to the complaint.

5    Accordingly, Plaintiff's request for an order directing jail officials at San Mateo County Jail to

6    provide him with "more broader" law library access and with the items listed above (docket no. 29)

7    is DENIED at this time.

8    **IV.    Discovery Requests**

9        Plaintiff has filed a motion entitled, "Plaintiff's Request for Court Orders In Order for

10   Plaintiff to Comply With Order Dated March 8, 2010," in which he seeks the production of

11   documents which he maintains are relevant to the prosecution of his claims.  The scope of discovery

12   is limited to matters "relevant to the claim or defense of any party . . . .  Relevant information need

13   not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of

14   admissible evidence."  See Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by court order

15   if "(1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some

16   other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

17   discovery has had ample opportunity by discovery in the action to obtain the information sought; or

18   (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P.

19   26(b)(2).

20       Only when the parties have a discovery dispute that they cannot resolve among themselves

21   should they ask the Court to intervene in the discovery process.  The Court does not have time or

22   resources to oversee all discovery and therefore requires that the parties present to it only their very

23   specific disagreements.  To promote this goal of addressing only very specific disagreements, federal

24   and local discovery rules require the parties to meet and confer to try to resolve their disagreements

25   before seeking court intervention.  See Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1.

26   Because Plaintiff is incarcerated he is not required to meet and confer with Defendants in person.

27   Rather, if his discovery requests are denied and he intends to seek a motion to compel he need only

28

1  send a letter to Defendants to that effect, offering them one last opportunity to provide him the

2  sought-after information.

3        Here, Plaintiff did not provide Defendants with one last opportunity to address each

4  discovery request upon which he now requests the Court to produce.  Moreover, it may be that

5  Plaintiff will obtain some sought-after discovery if Defendants file a motion for summary judgment

6  and accompanying exhibits, with which Defendants shall also serve Plaintiff.  For these reasons,

7  Plaintiff's discovery requests are DENIED as premature.  In the interests of justice, the Court sets a

8  discovery cut-off date of **thirty (30) days** from the date Plaintiff is served with Defendants'

9  dispositive motion.  If Plaintiff attempts to meet and confer with Defendants regarding requests for

10  the production of documents and is not satisfied with the result he may file a renewed discovery

11  motion.  But in no event shall he file such a motion until after he has reviewed Defendants'

12  dispositive motion.

13  <u>**CONCLUSION**</u>

14      1.     Plaintiff's second request for an extension of time to file his amendment to the

15  complaint is GRANTED.  Plaintiff shall file his amendment to the complaint no later than **May 21,**

16  **2010.**  He must clearly label the document an "Amendment to the Complaint," and write in the case

17  number for this action, Case No. C 07-5958 SBA (PR).  The failure to do so by the May 21, 2010

18  deadline will result in the dismissal of his supervisory liability claims against Defendants Kelso,

19  Ayers, Petrikas, Saylor, Kannon and Pootell without prejudice.

20      2.     The Court DENIES Plaintiff's motion entitled, "Plaintiff's Request for the Court to

21  Ackowledge [sic] Plaintiff's Assistant in this Case" (docket no. 24), which has been construed as a

22  request for to grant inmate Hatcher next friend status to prosecute this action on behalf of Plaintiff.

23      3.     The Court DENIES Plaintiff's motion, entitled "Motion Informing the Court of His

24  Present Access to the Court and Request for a More Broader Request to the San Mateo County Jail

25  Staff" (docket no. 29), which has been construed as a request for an order directing jail officials at

26  San Mateo County Jail to provide him with "more broader" law library access and with the items

27  listed above.

28

4

4.      The Court DENIES as premature Plaintiff's motion entitled, "Plaintiff's Request for Court Orders In Order for Plaintiff to Comply With Order Dated March 8, 2010" (docket no. 34), in which he seeks the production of documents which he maintains are relevant to the prosecution of his claims.

5.      This Order terminates Docket nos. 24, 29 and 34.

IT IS SO ORDERED.

DATED: 5/3/10

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

G:\PRO-SE\SBA\CR.07\Goldstein5958.2ndEOT-AC&pendMOTS.wpd       5

1

2

3   UNITED STATES DISTRICT COURT
    FOR THE
4   NORTHERN DISTRICT OF CALIFORNIA

5

    DARRYL L. GOLDSTEIN,
6
                    Plaintiff,                        Case Number: CV07-05958 SBA

7                                                     **CERTIFICATE OF SERVICE**
        v.
8
    ROBERT SILLEN FEDERAL RECEIUCER et
9   al,

10                  Defendant.
    _____/

11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

13  That on May 5, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
14  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
    located in the Clerk's office.
15

16

17  Darryl Lee Goldstein 100002
    San Mateo County Jail
18  300 Bradford Street
    Redwood City, CA 94063
19

20  Dated: May 5, 2010

21                                         Richard W. Wieking, Clerk
                                           By: LISA R CLARK, Deputy Clerk
22

23

24

25

26

27

28

United States District Court
For the Northern District of California