IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. GOLDSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SILLEN, Federal Receiver, et al.,<br><br>    Defendants.<br>_____ / | No. C 07-05958 SBA (PR)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST TO SERVE COMPLAINT ON DEFENDANT BOOKER WELCH; REVIEWING SUPPLEMENT TO THE COMPLAINT; AND SETTING BRIEFING SCHEDULE** |

    Plaintiff Darryl L. Goldstein, a state prisoner currently incarcerated at San Quentin State Prison (SQSP), filed the present pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that prison officials at SQSP were deliberately indifferent to his serious medical needs while he was incarcerated there from 2007 through 2008.

    The long procedural history of the case, addressed in recent orders, will not be repeated here. This Order addresses Plaintiff's request to serve the complaint on Booker Welch, another remaining unserved Defendant in this action. Plaintiff states that, "after reviewing his original complaint (filed 7/11/08) [he] found that the Court inadvertly [sic] failed to address item 16 on page 3. Associate Warden Health Care Services Booker Welch was named in the Complaint." (Pl.'s Mot. at 2.)

    The Court notes that Plaintiff's complaint does in fact name Defendant Welch as a defendant on page three of the eight-page attachment to his complaint; however, Plaintiff did not list Defendant Welch as a defendant on pages two and three of the actual complaint form. For this reason, the Court did not consider Plaintiffs claims against Defendant Welch in its previous service orders. Because Plaintiff correctly points out that Defendant Welch was in fact listed in the attachment to the complaint and named in his supervisorial capacity as "Associate Warden [of the] Health Care Section," the Court GRANTS Plaintiff's "Request for the Court to Consider Named Defendant Not Addressed in Service Orders."

    The Court will now consider Plaintiff's allegations in the complaint to determine whether he states a cognizable claim of supervisory liability against Defendant Welch. The Court will also consider the five-page attachment to Plaintiff's motion, entitled "Claims Against Booker Welch" as a

supplement to the complaint.[1]

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

Here, Plaintiff must allege that Defendant Welch, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045. In his complaint, Plaintiff claims that Defendant Welch was "the Associate Warden [of the] Health Care section at San Quentin State Prison and was charged with assuring that all inmates received adequate health care and the actions and inactions of staff under his supervision." (Compl., Attach. at 3.) In the present motion, Plaintiff claims that he "adequately informed Defendant Welch that [he] had a serious medical problem that treatment was not being provided for." (Pl.'s Mot., Attach. at 2.) Plaintiff alleges that "[d]uring the year 2007, [he] wrote numerous letters to Defendant Welch regarding his medical concerns, namely [his] foot condition." (Id. at 1.) Finally, Plaintiff claims "Defendant Welch never took any action to follow up and assure that Plaintiff be provided appropriate foot care treatment or to investigate Plaintiff's claims of deliberate indifference and negligence." (Id. at 2.) Read liberally, the aforementioned allegations in Plaintiff's supplement to the complaint state a cognizable supervisory liability claim against Defendant Welch. Therefore, this claim may proceed against Defendant Welch, who shall abide by the briefing schedule outlined below.

---

[1] The Clerk of the Court is directed to file the five-page attachment to Plaintiff's motion as his "Supplement to the Complaint," and to docket it as filed on September 7, 2010, the date it was received.

2

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's "Request for the Court to Consider Named Defendant Not Addressed in Service Orders" (docket no. 127). The Clerk is directed to file the five-page attachment to Plaintiff's motion as his "Supplement to the Complaint," and to docket it as filed on September 7, 2010, the date it was received.

2. Plaintiff's supplement to the complaint states a cognizable supervisory liability claim against Defendant Welch.

3. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 9), a copy of the amendment to the complaint and all attachments thereto (docket no. 49-53, 69), and a copy of the supplement to the complaint, as well as a copy of the Court's March 8, 2010 Order, a copy of the August 25, 2010 Order, and a copy of this Order to **SQSP Associate Warden (Health Care Division) Booker Welch.** The Clerk shall also mail a copy of the supplement to the complaint and a copy of this Order to the State Attorney General's Office in San Francisco as well as to the other Defendants' attorneys. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendant Welch is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant Welch, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant Welch had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), he will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant Welch is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If

1 service is waived after the date provided in the Notice but before Defendant Welch has been
2 personally served, the Answer shall be due **sixty (60) days** from the date on which the request for
3 waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

     5.    Defendant Welch shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

         a.    No later than **ninety (90) days** from the date the answer is due, Defendant Welch shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant Welch is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

         b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant Welch no later than **sixty (60) days** after the date on which the motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

<u>See</u> <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with

4

evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant Welch's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.     If Defendant Welch wishes to file a reply brief, he shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

       d.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

       e.     Defendants who have previously been served have been told that discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is also hereby granted to Defendant Welch to depose Plaintiff and any other necessary witnesses confined in prison.

       f.     As Plaintiff has been instructed to do so with the other served Defendants, all communications by Plaintiff with the Court must be served on Defendant Welch, or Defendant Welch's counsel once counsel has been designated, by mailing a true copy of the document to the aforementioned Defendant Welch's counsel.

      6.     This Order terminates Docket no. 127.

IT IS SO ORDERED.

DATED: 9/9/10

                                  _Saundra B Armstrong_
                                  SAUNDRA BROWN ARMSTRONG
                                  United States District Judge

G:\PRO-SE\SBA\CR.07\Goldstein5958.serveWelch.wpd 5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. GOLDSTEIN, | Case Number: CV07-05958 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBERT SILLEN, ET AL. et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
California State Prison - San Quentin
San Quentin, CA 94964

Dated: September 9, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Goldstein5958.serveWelch.wpd