IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. GOLDSTEIN,<br><br>        Plaintiff,<br><br>  v.<br><br>ROBERT SILLEN, ET AL., et al.,<br><br>        Defendants.<br>_____ / | No. C 07-05958 SBA (PR)<br><br>**NOTICE REGARDING INABILITY TO SERVE DEFENDANTS KANAN AND WELCH; AND ORDER DENYING PLAINTIFF'S RULE 56(F) MOTION**<br><br>(Docket no. 156) |

## I.    Notice Regarding Inability to Serve Defendants Kanan and Welch

Service has been ineffective on Defendants Renee Kanan[1] and Booker Welch. The Court has been informed that these Defendants no longer work at San Quentin State Prison. Litigation Coordinator Eric Messick has provided the Court with these Defendants' last known addresses; however, service at those addresses have still been ineffective. (Letter from Litigation Coordinator E. Messick dated Sept. 1, 2010 and Sept. 14, 2010.)

Plaintiff is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).

Pursuant to Fed. R. Civ. P. 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a pro se litigant must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). If the marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information or because the defendant is not where the plaintiff claims, and the plaintiff is informed, the plaintiff must seek to remedy the situation or face dismissal of the claims

---

[1] Plaintiff originally misspelled Defendant Kanan's name as "Kannon." (Letter from Litigation Coordinator E. Messick dated Sept. 1, 2010 at 1.) The Clerk of the Court is directed to correct the spelling of Defendant Kanan's name on the Court's docket.

regarding that defendant under Federal Rule of Civil Procedure 4(m). See Fed. R. Civ. P. 4(m) (If service of the summons and complaint is not made upon a defendant in 120 days after the filing of the complaint, the action must be dismissed without prejudice as to that defendant absent a showing of "good cause."); Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why claims against prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

No later than **thirty (30) days** from the date of this Order, Plaintiff must provide the Court with a current addresses for Defendants Kanan and Welch. Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the current address of these Defendants.

**If Plaintiff fails to provide the Court with the current addresses of Defendants Kanan and Welch within the thirty-day deadline, all claims against these Defendants will be dismissed without prejudice under Rule 4(m).**

### II.     Plaintiff's Request for a Continuance for Discovery Pursuant to Rule 56(f)

On August 9, 2010, Defendants Sillen and Russell filed their motion for summary judgment.

In an Order dated September 10, 2010, the Court granted Plaintiff's request for an extension of the time frame in which to engage in discovery with Defendants Wilson, Tilton, Sillen and Russell up to and including September 15, 2010.

Plaintiff's opposition to Defendants Sillen's and Russell's motion for summary judgment was due on October 8, 2010; therefore, it is currently overdue.

On October 7, 2010, Plaintiff filed the present motion, entitled "Request to Stay and or Extend the Time to File Opposition to Summary Judgment (Sillen-Russell), [Pursuant to] Rule Civil Proc. Rule 56(f)" (docket no. 156). Federal Rule of Civil Procedure 56(f), entitled "When Affidavits are Unavailable," states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a

2

> continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Rule 56(f) provides a device for litigants to avoid summary judgment when the non-movant needs to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule 56(f) provides that a court may deny a summary judgment motion to permit discovery if it appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(f). When a party moves for summary judgment before the opposing party has had a "realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." Burlington Northern & Santa Fe Ry. Co. v. The Assiniboine, 323 F.3d 767, 774 (9th Cir. 2003). Denial of an application under Rule 56(f) is especially inappropriate "where the material sought is also the subject of outstanding discovery requests." VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986). Rule 56(f) requires an affidavit which sets forth the information sought and how it would preclude summary judgment by creating a genuine issue of material fact. See Hall v. Hawaii, 791 F.2d 759, 761 (9th Cir. 1986).

Plaintiff states in his Rule 56(f) motion that Defendants have "denied his discovery request and frustrated Plaintiff's efforts otherwise." (Rule 56(f) Mot. at 2.) As the Ninth Circuit stated in Continental Maritime v. Pacific Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987), under Rule 56(f) "the party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." Id. Plaintiff has not met this burden. First of all, Plaintiff claims that "summary judgment is not appropriate based [on] credibility determinations." (Rule 56(f) Mot. at 4.) However, the Court notes that attached to their motion for summary judgment, Defendants Sillen and Russell have submitted several declarations signed under penalty of perjury. Additionally, the requested discovery made by Plaintiff are sought without explanation of what specific, material facts these discovery will likely disclose. Plaintiff does not explain in his Rule 56(f) motion what specific facts he hopes to discover that will raise an issue of material fact. Plaintiff fails to demonstrate how "additional discovery would have revealed specific facts

3

1  precluding summary judgment." See Tatum v. City and County of S.F., 441 F.3d 1090, 1101 (9th

2  Cir. 2006).  Thus, Plaintiff has not met his burden under Rule 56(f).

3        Because Plaintiff has not shown that relevant facts remain to be discovered, the denial of a

4  continuance is appropriate under the standards contained in Rule 56(f) and is not a violation of

5  Plaintiff's due process rights.  Therefore, the Court DENIES Plaintiff's request for a continuance for

6  discovery pursuant to Rule 56(f) (docket no. 156).

7        Nevertheless, the Court finds that an extension of time for Plaintiff to file his opposition to

8  Defendants Sillen's and Russell's motion for summary judgment is appropriate based on Plaintiff's

9  allegation that "[his] health, institutional lockdowns, modified programming, unavailable

10 correctional staff for escort to the law library, scheduled execution planning and uncooperative

11 Defendants have prevented [him] from bringing his motion to opposed the Sillen-Russell summary

12 judgment motion."  (Rule 56(f) Mot. at 3.)  Plaintiff must file his opposition no later than **December

13 30, 2010.**

14       This Order terminates Docket no. 156.

15       IT IS SO ORDERED.

16 DATED: 11/24/10

                        SAUNDRA BROWN ARMSTRONG
17                         United States District Judge

G:\PRO-SE\SBA\CR.07\Goldstein5958.LOCATE4Kanan&Welch&EOT-oppn.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DARRYL L. GOLDSTEIN,

        Plaintiff,

  v.

ROBERT SILLEN, ET AL. et al,

        Defendant.
                                      /

Case Number: CV07-05958 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 24, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
California State Prison - San Quentin
San Quentin, CA 94964

Dated: November 24, 2010

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Goldstein5958.LOCATE5Kanan&Welch&EOT-oppn.wpd