IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. GOLDSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SILLEN, ET AL.,<br><br>    Defendants. | No. C 07-5958 SBA (pr)<br><br>**ORDER GRANTING PLAINTIFF ANOTHER BRIEF EXTENSION OF TIME TO FILE OPPOSITIONS; DENYING HIS MOTION TO STRIKE; AND DENYING AS MOOT HIS MOTION TO COMMUNICATE CONFIDENTIALLY WITH THE COURT**<br><br>(Docket nos. 219, 220, 224) |

On February 3, 2011, Plaintiff filed another request for an extension of time in which to file his opposition to Defendants David's and Wilson's Motion for Summary Judgment (docket no. 220). Plaintiff claims that "the CDCR defendants have been extremely uncooperative and have refused to provide any requested discovery to Plaintiff." (Mot. for EOT at 2.) Plaintiff's opposition was originally due on December 23, 2010, thirty days after their motion was filed. (Sept. 23, 2010 Order at 1-2.) After the December 23, 2010 deadline had passed, the Court extended the deadline up to and including February 14, 2011, giving Plaintiff fifty-three additional days to file his opposition. (Feb. 2, 2011 Order at 7.)

In the present motion, Plaintiff only requests an extension of time to file his opposition to Defendants David's and Wilson's Motion for Summary Judgment. However, Defendants Sillen and Russell have also filed a Motion for Summary Judgment, and Plaintiff has not filed his opposition to that motion. Plaintiff has already been granted two extensions of time to file his opposition to that motion. His opposition was originally due on October 8, 2010. (Mar. 8, 2010 Order at 7.) After that date had passed, his deadline was extended to December 30, 2010, giving Plaintiff eighty-three more days to file his opposition. (Nov. 24, 2010 Order at 7.) Again, after his deadline had passed, it was extended to February 14, 2011, giving Plaintiff forty-six additional days to file his opposition. (Feb. 2, 2011 Order at 7.) Even if Plaintiff has not requested an extension of time to file his opposition to Defendants Sillen's and Russell's Motion for Summary Judgment, the Court will construe Plaintiff's February 3, 2011 motion as a request for an extension of time to file both oppositions.

Plaintiff has already received multiple extensions of time to file his oppositions. He has received previous extensions of time totaling 129 (83 plus 46) days to file his opposition to Defendants Sillen's and Russell's Motion for Summary Judgment. He has also received fifty-three additional days to file his opposition to Defendants David's and Wilson's Motion for Summary Judgment. In the present motion for extension of time, Plaintiff claims he is "seeking to demonstrate the fact that further discovery would preclude summary judgment by creating a genuine issue of material fact," (Mot. for EOT at 3.) However, in its February 2, 2011 Order, the Court has previously denied Plaintiff's request for a continuance for discovery pursuant to Federal Rule of Civil Procedure 56(d), stating:

> Despite Plaintiff's request for further discovery, Plaintiff fails to demonstrate how "additional discovery would have revealed specific facts precluding summary judgment." See Tatum v. City and County of San Francisco, 441 F.3d 1090, 1101 (9th Cir. 2006). The assertions in Plaintiff's affidavit appear to be based on nothing more than speculation. Margolis, 140 F.3d at 854. Thus, Plaintiff has not met his burden under Rule 56(d).
>
> Because Plaintiff has not shown that relevant facts remain to be discovered, the denial of a continuance is appropriate under the standards contained in Rule 56(d) and is not a violation of Plaintiff's due process rights.

(Feb. 2, 2011 Order at 3.) Accordingly, the Court finds no merit in Plaintiff's claim that an extension is warranted due to his request for further discovery. Nevertheless, because the deadlines to file these oppositions have passed, the Court GRANTS Plaintiff's request for another extension of time (docket no. 220) upon finding that one final brief extension of time is appropriate. The parties are directed to abide by the briefing schedule outlined below.

On February 11, 2011, Plaintiff filed a motion to strike (docket no. 224) the declaration of Defendants' attorney, Matthew M. Grigg, in support of Defendants David's and Wilson's Motion for Summary Judgment. Plaintiff alleges Attorney Grigg's declaration "includes unsubstantiated and inflammatory statements concerning [his] medical problems and the basis of past litigation." (Mot. to Strike at 2.) He requests this Court strike the declaration in its entirety. (Id. at 3.) Based on Plaintiff's allegations, the Court would have to find that Attorney Grigg is being untruthful about Plaintiff's medical problems and past litigation. In order to strike the declaration, the Court would then have to accept Plaintiff's version of events while rejecting Attorney Grigg's. However, the Court

2

cannot make credibility determinations in connection with a summary judgment motion.  Therefore, the Court DENIES Plaintiff's motion to strike (docket no. 224).

Finally, also before the Court is Plaintiff's "Motion for Administrative Relief: Request to Communicate Confidentially With the Court" (docket no. 219).  Plaintiff states, "The subject matter of the propped [sic] communication is the reason that the medical expert that Defendants Wilson and David have suggested can not serve as an independent medical expert."  (Mot. at 2.)  In its February 2, 2011 Order, the Court has already denied Plaintiff's motion for appointment of a medical expert.  (Feb. 2, 2011 Order at 6.)  Therefore, the Court DENIES Plaintiff's motion (docket no. 219) as MOOT.

## CONCLUSION

For the reasons outlined above,

1. Plaintiff's request for another extension of time to file his oppositions to Defendants Sillen's and Russell's as well as Defendants David's and Wilson's motions for summary judgment (docket no. 220) is GRANTED.  The time in which Plaintiff may file his oppositions will be extended up to and including **March 4, 2011.**  If Defendants Sillen and Russell as well as Defendants David and Wilson wish to file reply briefs, they shall do so no later than **March 21, 2011.  No further extensions of time will be granted in this case absent exigent circumstances.**

2. Plaintiff's "Motion to Strike the Declaration of Matthew M. Grigg in Support of Summary Judgment Motion" (docket no. 224) is DENIED.

3. Plaintiff's "Motion for Administrative Relief: Request to Communicate Confidentially With the Court" (docket no. 219) is DENIED as MOOT.

4. This Order terminates Docket nos. 219, 220 and 224.

IT IS SO ORDERED.

DATED: _2/28/11

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. GOLDSTEIN, | Case Number: CV07-05958 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBERT SILLEN, ET AL. et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl Lee Goldstein P-79097
California State Prison - Solano
2100 Peabody Rd.
P.O. Box 4000
Vacaville, CA 95696

Dated: February 28, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.07\Goldstein5958.2ndEOT-OPPN&penMOT.frm     4