IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL L. GOLDSTEIN,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SILLEN, et al.,<br><br>    Defendants. | No. C 07-5958 SBA (pr)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE ALL-ENCOMPASSING OPPOSITION; DENYING HIS MOTION TO STRIKE DEPOSITION; ADDRESSING HIS OTHER PENDING MOTIONS; AND DIRECTING DEFENDANTS TO FILE JOINT REPLY**<br><br>(Docket nos. 256, 263, 271, 284, 286, 288, 296) |

Plaintiff Darryl Lee Goldstein, a state prisoner currently incarcerated at California State Prison - Solano, filed a pro se civil rights action, pursuant to 42 U.S.C. § 1983, against multiple Defendants alleging constitutional rights violations relating to inadequate treatment for his foot problems while he was incarcerated at San Quentin State Prison (SQSP) from 2007 through 2008. The Court has previously found cognizable Plaintiff's claims that Defendants SQSP Physicians Griffith, David and Wilson were deliberately indifferent in their treatment of Plaintiff's foot problems. (Mar. 8, 2010 Order at 3.) The Court also found cognizable Plaintiff's supervisory liability claims against the following Defendants: Federal Receivers Robert Sillen and J. Clark Kelso; Federal Receiver Sillen's SQSP Manager Jayne Russell; Secretary of the California Department of Corrections and Rehabilitation (CDCR) James E. Tilton; former SQSP Warden Robert Ayers; SQSP Associate Wardens Shelia Petrikas and Booker Welch; SQSP Chief Medical Officers Elaine Tootell, Saylor and Renee Kanan.[1] (Id. at 3-4; Aug. 25, 2010 Order at 6-7; Sept. 9, 2010 Order at 1-2.) Finally, the Court exercised supplemental jurisdiction over state law negligence claims. (Mar. 8, 2010 Order at 5.)

The Court will not repeat the long procedural history of this case, which has been addressed in recent orders. Instead, the Court will include only the parts of the procedural history that are relevant

---

[1] Defendant Kanan is the only Defendant who has not yet been served in this action, and no appearance has been made on her behalf. The waiver of service of summons previously sent to Defendant Kanan has not been returned as either executed or unexecuted. However, as mentioned below, Defendant Kanan has since been located, and the Clerk has reissued service on her.

to the issues in this Order.

On August 9, 2010, Defendants Russell and Sillen filed a motion for summary judgment. On September 7, 2010, Plaintiff filed a document which was construed as his opposition to the motion for summary judgment; however, he was given an extension of time to file "a more complete opposition no later than October 8, 2010." (Sept. 23, 2010 Order at 1.) After he was granted three additional extensions of time to file his opposition, the new deadline was set on March 4, 2011 -- a nearly five-month extension. Plaintiff did not file an opposition by the deadline, and instead he requested another extension of time to do so.

On November 23, 2010, Defendants David and Wilson filed a motion for summary judgment. Plaintiff's opposition was originally due no later than December 23, 2011; however, he was granted two extensions of time -- a total of seventy-one additional days -- to file his opposition up to and including March 4, 2011. Again, Plaintiff did not file a timely opposition, and instead he requested another extension of time to do so.

On January 24, 2011, Defendant Kelso filed a motion for summary judgment. Plaintiff's opposition was due no later than March 25, 2011. As he had done in the past, instead of filing a timely opposition, Plaintiff requested an extension of time to do so.

In an Order dated March 31, 2011, the Court denied Plaintiff's request for a fourth extension of time to file his opposition and granted Defendants Russell's and Sillen's motion for summary judgment. (Mar. 31, 2011 Order at 19.) In that Order, the Court also granted Defendants David's and Wilson's motion for an extension of time to supplement their motion for summary judgment. Finally, the Court directed all remaining Defendants to file a joint motion for summary judgment no later than May 20, 2011. Plaintiff was directed to file an all-encompassing opposition -- to the joint motion for summary judgment as well as to the motions for summary judgment filed by Defendants David, Wilson and Kelso[2] -- no later than forty-five days after the date on which the joint motion for

---

[2] In total, the Court had in effect granted Plaintiff 194 additional days (71 days plus 123 days) to oppose Defendants David's and Wilson's motion for summary judgment and 102 additional days to oppose Defendant Kelso's motion for summary judgment.

2

summary judgment is filed.

On April 5, 2011, Plaintiff's deposition was taken.

On April 11, 2011, Plaintiff filed a "Motion to Strike the Reply Declaration in Support of Dr. Elena Tootell In Support of Defendant Receiver J. Clark Kelso's Motion for Summary Judgment, or in the alternative Summary Adjudication" (docket no. 256), in which he claims that the declaration "clearly states that it is filed in 'Support of Defendants[] Robert Sillen['s] and Jayne Russell['s] Motion for Summary Judgment . . . .'"  (Pl.'s Motion to Strike Tootell Decl. at 1.)

On April 25, 2011, Plaintiff filed a letter to the Court, which was docketed as his "Motion for Leave to File Allow Letter Brief" (docket no. 263).  In that letter, Plaintiff requests that "the Court [o]rder the CDCR defendants to provide the location that defendant Kannon [sic] can be served at regardless of who will represent her." (Pl.'s Apr. 25, 2011 Letter at 2.)  The Court construes this filing as Plaintiff's request to reissue service on Defendant Kanan.

On May 12, 2011, Plaintiff filed a document entitled, "Request to Vacate the April 5, 2011 Deposition and or Protective Order" (docket no. 271), which the Court construes as his motion to strike his April 5, 2011 deposition from the record.

On June 6, 2011, Plaintiff filed a document entitled, "Request to Stay the Court's Ruling on Motion to Vacate Until Plaintiff Has Been Provided a Readable Copy of the April 5, 2011 Deposition" (docket no. 286).

On May 20, 2011, the remaining Defendants filed their joint motion for summary judgment, which is still pending before this Court.  Among the documents attached to their joint motion is a transcript of Plaintiff's deposition.  Plaintiff's all-encompassing opposition is due on July 5, 2011.

On June 1, 2011, Plaintiff filed a motion requesting a readable copy of the transcript of his deposition taken on April 5, 2011 and a forty-five-day extension of time within which to file his all-encompassing opposition (docket no. 284).

On June 7, 2011, Defendants filed an opposition to Plaintiff's request for a readable copy of the deposition transcript, in which they claim that they sent him a full-sized copy of his deposition

transcript on June 3, 2011.  (Opp. to Pl.'s Motion at 3.)

Also on June 7, 2011, Plaintiff filed a document entitled, "Request for Leave of Court to File Second Signed Signature Sheet for the Declaration of Darryl Lee Goldstein in Support of Plaintiff's Request to Vacate the April 5, 2011 Deposition or Protective Order" (docket no. 288).

On June 20, 2011, Plaintiff filed a document entitled, "Motion Informing the Court that Defendants Have Provided Plaintiff a Full Sized Certified Copy of the Transcript of the April 5, 2011 Deposition of Darryl Lee Goldstein/Request for Time to Reply to the Defendants['] Opposition to Plaintiff[']s Motion to Vacate the April 5, 2011 Deposition or Protective Order/Request to Stay Summary Judgment Proceedings or Extend the Time for Plaintiff to File Opposition to Defendants' Motion for Summary Judgment (docket no. 296)."

On June 28, 2011, Plaintiff submitted a document entitled, "Plaintiff's Motion Informing the Court of the Further Significant Injury to Plaintiff[']s Foot Alternatively, in Support of the Plaintiff[']s Partial Opposition to the Defendants['] Motion for Summary (Joint) or Alternatively, Partial Summary Judgment."  In support of the aforementioned document, Plaintiff has submitted two declarations -- his declaration and one from a fellow inmate named Asa Galloway.

On June 29, 2011, Court staff contacted the Office Legal Affairs of the California Prison Health Care Receivership in an effort to locate Defendant Kanan, who, as mentioned above, has not yet been served in this action.  Supervising Attorney Jered Goldman from the Office Legal Affairs has agreed to accept service on her behalf.  Therefore, the Clerk reissued service on Defendant Kanan with new copies of the Notice of Lawsuit and Request for Waiver of Service of Summons as well as all the documents outlined in the Court's August 25, 2010 Order, in which the Court originally ordered service on this Defendant.

At this time, the parties are presently before the Court on various motions filed by Plaintiff, including his request for an extension of time within which to file his all-encompassing opposition, his motion to strike from the record his deposition taken on April 5, 2011, and his other pending motions.  For the reasons below, the Court DENIES Plaintiff's request for an extension of time to file his all-encompassing opposition, DENIES Plaintiff's motion to strike his deposition, and addresses

his remaining pending motions.

## DISCUSSION

### I. Requests for a "Readable" Copy of his Deposition Transcript and for an Extension of Time to File His All-Encompassing Opposition

On June 1, 2011, Plaintiff filed a request for a readable copy of his deposition transcript. Plaintiff claims that, because of his poor eyesight, he could not read the copy of his deposition transcript attached to the joint motion for summary judgment because Defendants had condensed it by fitting four pages of the original deposition transcript onto one page. Defendants have filed an opposition to Plaintiff's request in which they claim that they sent him a full-sized copy of his deposition transcript on June 3, 2011. (Opp. to Pl.'s Motion at 3.) On June 20, 2011, Plaintiff filed a reply to Defendants' opposition, in which he confirmed that he had received the enlarged transcript on June 8, 2011; therefore, he now considers his June 1, 2011 request moot. Accordingly, the Court DENIES as moot Plaintiff's request for a readable copy of his deposition transcript (docket no. 284).

As to his request for an extension of time to file his all-encompassing opposition, the Court notes that Plaintiff has already received multiple extensions of time to file his oppositions to the motions for summary judgment filed by Defendants David, Wilson and Kelso. As mentioned above, Plaintiff has received three previous extensions of time -- a total of 194 additional days -- to file his opposition to Defendants David's and Wilson's motion for summary judgment. Plaintiff has also received a previous extension of time -- a total of 102 additional days -- to file his opposition to Defendant Kelso's motion for summary judgment. Moreover, in the Court's March 31, 2011 Order, the Court stressed the following to Plaintiff, "**Because Plaintiff has been granted numerous extensions to file his opposition to the pending dispositive motion filed by Defendants David and Wilson, there will be no further extensions that will be granted as to his all-encompassing opposition.**" (Mar. 31, 2011 Order at 25 (emphasis in original).)

Notwithstanding the several previous extensions and the Court's explicit prohibition on more extensions for Plaintiff's opposition brief, Plaintiff asks for yet another extension to file his all-encompassing opposition. The Court finds that Plaintiff has been dilatory, that he has failed to make

5

a showing of good cause and that he has failed to show any exigent circumstances exist that would warrant a grant of another extension of time. Though Plaintiff claims that he needs more time to oppose summary judgment because he had some difficulties reading the condensed version of the deposition transcript, Defendants have provided him with a full-sized copy of his deposition transcript on June 3, 2011 -- over a month before July 5, 2011 filing deadline for the opposition. Moreover, Defendants David's and Wilson's motion for summary judgment was filed nearly seven months ago -- on November 23, 2010. It is important to note that Defendants David and Wilson are the SQSP physicians whom Plaintiff alleges were deliberately indifferent to his serious medical needs. Aside from Defendant Griffith, all the remaining Defendants who filed the joint motion are alleged to be liable in their supervisory capacity. Moreover, much of the joint motion duplicates the arguments in Defendants David's and Wilson's motion for summary judgment; therefore, Plaintiff has been afforded more than ample opportunity to prepare and file his opposition, and his request for additional time is little more than a dilatory tactic.

Because Plaintiff has already been granted multiple extensions and no good cause exists for any further extensions, the Court, in its discretion, DENIES Plaintiff's request for additional time to file his all-encompassing opposition (docket nos. 284, 296). Plaintiff must file his all-encompassing opposition by the original deadline of **July 5, 2011.** If he does not submit his all-encompassing opposition by the July 5, 2011 deadline, the Court will construe his "Plaintiff's Motion Informing the Court of the Further Significant Injury to Plaintiff[']s Foot Alternatively, in Support of the Plaintiff[']s Partial Opposition to the Defendants['] Motion for Summary (Joint) or Alternatively, Partial Summary Judgment" (docket no. 298) as his all-encompassing opposition to Defendants' joint motion for summary judgment. Defendants shall file reply to Plaintiff's all-encompassing opposition no later than **July 20, 2011.**

II.     **Plaintiff's Motion to Strike His Deposition from the Record**

Plaintiff claims that when Defendants took his deposition on April 5, 2011 he was "not in any condition to make decisions, correctly remember incidents, or provide . . . correct information about . . medical care," because he was taking nineteen different medications, including two different

6

types of narcotics.  (Pl.'s Req. to Strike Deposition at 2-3.)  He alleges that, because of the effects of these medications, the testimony he gave may not accurately represent his version of events.  (Id. at 4.)  However, Plaintiff made this argument a full eight days before Defendants submitted a copy of the transcript as part of their joint motion for summary judgment and therefore well before he received a readable copy of the transcript.  His concern that his testimony might contain factual errors is entirely speculative.

Moreover, during the deposition, Plaintiff gave no indication that his medications might affect his testimony except to say that he felt "foggy" in the morning but that he had drunk "enough coffee . . . to be alert for [the deposition]."  (Decl. Grigg ¶ 3.)  Plaintiff never appeared drowsy, spoke clearly and lucidly, and showed no signs of pain or discomfort.  (Id. ¶ 4.)  Finally, the deposition lasted for almost five hours, from 9:15 a.m. to 2:10 p.m.,  during which Plaintiff made no complaints about his ability to focus or his discomfort due to pain.  (Id. ¶ 5.)

Defendants are entitled to discover Plaintiff's version of the events through a deposition in order to properly evaluate the case, the possibility of a dispositive motion and/or settlement, and their trial strategy.  The Court finds that the Plaintiff has failed to establish why the deposition should be stricken from the record and particularly what facts or events in the deposition record he believes are inaccurate.  Accordingly, the Court DENIES Plaintiff's Motion to Strike the April 5, 2011 Deposition from the Record.  Because the Court has denied Plaintiff's motion to strike, the related motions -- including his "Request to Stay the Court's Ruling on Motion to Vacate Until Plaintiff Has Been Provided a Readable Copy of the April 5, 2011 Deposition" (docket no. 286), his "Request for Leave of Court to File Second Signed Signature Sheet for the Declaration of Darryl Lee Goldstein in Support of Plaintiff's Request to Vacate the April 5, 2011 Deposition or Protective Order" (docket no. 288), and his "Request for time to Reply to the Defendants['] Opposition to Plaintiff[']s Motion to Vacate the April 5, 2011 Deposition or Protective Order" (docket no. 296) -- are DENIED as moot.

## **CONCLUSION**

For the reasons outlined below, the Court orders as follows:

1.  The Court DENIES as moot Plaintiff's request for a readable copy of his deposition

transcript (docket no. 284).

2.   The Court, in its discretion, DENIES Plaintiff's request for additional time to file his all-encompassing opposition (docket nos. 284, 296). Plaintiff must file his all-encompassing opposition by the original deadline of **July 5, 2011.**

As mentioned above, if Plaintiff does not submit his all-encompassing opposition by the July 5, 2011 deadline, the Court will construe his "Plaintiff's Motion Informing the Court of the Further Significant Injury to Plaintiff[']s Foot Alternatively, in Support of the Plaintiff[']s Partial Opposition to the Defendants['] Motion for Summary (Joint) or Alternatively, Partial Summary Judgment" and the attached declarations (docket nos. 298, 299, 300) as his all-encompassing opposition to Defendants' joint motion for summary judgment. The Court directs the Clerk to rename Plaintiff's aforementioned filings (docket nos. 298, 299, 300) as his "All-Encompassing Opposition to Defendants' Joint Motion for Summary Judgment," and "Declarations in Support of Plaintiff's All-Encompassing Opposition," if Plaintiff does not submit his all-encompassing opposition by the July 5, 2011 deadline.

Defendants shall file their reply to Plaintiff's all-encompassing opposition no later than **July 20, 2011.**

3.   The Court DENIES Plaintiff's "Request to Vacate the April 5, 2011 Deposition and or Protective Order" (docket no. 271), which has been construed as his motion to strike his April 5, 2011 deposition from the record. Because the Court has denied Plaintiff's motion to strike, the related motions -- including his "Request to Stay the Court's Ruling on Motion to Vacate Until Plaintiff Has Been Provided a Readable Copy of the April 5, 2011 Deposition" (docket no. 286), his "Request for Leave of Court to File Second Signed Signature Sheet for the Declaration of Darryl Lee Goldstein in Support of Plaintiff's Request to Vacate the April 5, 2011 Deposition or Protective Order" (docket no. 288), and his "Request for time to Reply to the Defendants['] Opposition to Plaintiff[']s Motion to Vacate the April 5, 2011 Deposition or Protective Order" (docket no. 296) -- are DENIED as moot.

4.   The Court DENIES "Motion to Strike the Reply Declaration in Support of Dr. Elena Tootell In Support of Defendant Receiver J. Clark Kelso's Motion for Summary Judgment, or in the

alternative Summary Adjudication" (docket no. 256) because it is clear that the declaration has been filed in support of Defendant Kelso's motion for summary judgment and not Defendants Russell's and Sillen's motion for summary judgment.

    5.    The Court directs the Clerk to rename Plaintiff's "Motion for Leave to File Allow Letter Brief" (docket no. 263) as his "Request to Reissue Service on Defendant Kanan." Plaintiff's request is DENIED as moot because, as mentioned earlier, the Clerk has already reissued service on Defendant Kanan.

    6.    This Order terminates Docket nos. 256, 263, 271, 284, 286, 288 and 296.

IT IS SO ORDERED.

DATED: 7-1-11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge